IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, )<br>v. )<br>CHISTOPHER ALBERTS, )<br>Defendant. ) | Crim. No. 21cr26 |

DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Comes now Defendant Christopher Alberts, by counsel, and notes his opposition to the Government's Motion for Protective Order (Doc 11).

The Government's motion and proposed order appear to envision unilateral designation of documents as "Sensitive" or "Highly Sensitive" based on their conformity to categories of information listed in the proposed order. The practical ramifications of such designations are considerable – e.g., Highly Sensitive documents cannot be viewed by a defendant without supervision by or through counsel. Defendant lives and works three hours from the Court and from undersigned's office.

More importantly, the envisioned arrangement will enable the Government unilaterally to decide and so designate large tranches of documents according to its untrammeled subjective evaluation of the subject documents. While a defendant could challenge any designation, the practical difficulties in doing so, particularly on a large scale, would be onerous.

While the Court has the discretion to restrict discovery or inspection, such discretion should be proportional and responsive to the properly demonstrated interests of justice

1

compelling same. The Government's proffered justifications are susceptible to challenge and bear little pertinence to a defendant charged only with discrete crimes, not conspiracy.

Lacking a conspiracy charge, the Government's stated concern about "anti-government militia organizations" should not apply. It bears noting that the Government lists several: Proud Boys, Oathkeepers, Three Percenters, and Cowboys for Trump, but does not specify their anti-government activities. The Government fails to mention the self identified member of Black Lives Matter who proudly described his participation in the day's events in a video aired by several media outlets. The supporting affidavit describes – without any elaboration – the day's events as an "attempted insurrection." Yet media accounts and footage suggest that many of those in the Capitol entered without any cognizable indicator that they were informed they should not and evinced no violent intent.

The avalanche of prosecutions to issue from that day will hopefully engender, at some point, an accurate rendition of what transpired. Until then, conclusory and premature characterization of the event does not aid the search for truth – particularly when it impedes a defendant's Sixth Amendment right to counsel.

The Government's stated concerns appear to spring in large part from the very volume of expected discovery. Defendant does not seek to discourage the Government's timely disclosure of the discovery to which he is entitled, but the Government's representations augur a data dump unlikely to assist a defendant not charged with conspiracy.

Defendant has no objection to reasonable restrictions for documents that call for such. The arrangement sought by the Government, however, will encourage wholesale restriction of blocs or classes of documents based on the Government's unilateral evaluation of their

sensitivity. Defendant suggests instead that restrictions be imposed on individual documents, the sensitivity of which is articulated with particularity.

          Respectfully Submitted,

          CHRISTOPHER ALBERTS
          By Counsel

          _____/s/_____
          John C. Kiyonaga

          600 Cameron Street
          Alexandria, Virginia 22314
          Telephone: (703) 739-0009
          Facsimile:  (703) 340-1642
          E-mail: john@johnckiyonagaa.com

          Counsel for the Defendant

<u>Certificate of Electronic Service</u>

    I hereby certify that on April 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

          _____/s/_____
          John C. Kiyonaga