# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,          )
                             )    Case No. 21-CR-026 (CRC)
                             )
    v.               )
                             )
CHRISTOPHER MICHAEL ALBERTS )
                             )
                             )
    Defendant.      )

## PRO HAC VICE DECLARATION OF KENNETH W. FERGUSON

I, Kenneth W. Ferguson, make the following declaration in support of Mr. Allen H. Orenberg, Esq.'s Motion For Pro Hac Vice Admission:

1.  My full name is Kenneth Wayne Ferguson.

2.  My office address is 1 East Broward Blvd. Suite #700, Fort Lauderdale, Florida 33301, with a telephone number of (954) 256 – 5646.

3.  I have been admitted to and/or practiced before the following State and Federal Bars: Florida Bar, United States Court of Appeals for the Federal Circuit, United States Court of Appeals for the Eleventh Circuit, United States District Court of the Middle District of Florida, United States District Court of the Southern District of Florida.

4.  I have had a pro hac vice revoked once before by a state court judge in

DeKalb County Georgia, in a case titled: Matthew Jones Williams (Plaintiff) v. State Farm Mutual Automobile Insurance Co. and Jim Ellis Atlanta Inc. (Defendants), Civil Action File No.: 16A58761-4.

In this case, I represented the Plaintiff, Mr. Matthew Williams, who was involved in a severe car accident – who was also one of my childhood best friends. No one would take his case on a contingency basis in Georgia, and he was up against his insurance carrier (State Farm) and one of, if not the largest automobile dealers in the Southeast (Jim Ellis). It is my belief that these two (2) goliath defendants retained large, high-powered firms[1] to represent them, who then used their influence to have the judge remove me from the case because I uncovered systemic and felonious fraud taking place at the Department of Revenue ("DOR") in Georgia and with Jim Ellis; and wrong

---

[1]

| GRAY, RUST, ST. AMAND,<br>MOFFETT & BRIESKE, LLP<br>Attorneys for Jim Ellis Atlanta, Inc.<br><br>Matthew G. Moffett<br>Georgia Bar No. 515323<br>James Merritt, Jr.<br>Georgia Bar No. 416608<br>Tynetra Evans<br>Georgia State Bar No.422171<br><br>950 East Paces Ferry Road<br>1700 Atlanta Plaza<br>Atlanta, Georgia 30326<br>Telephone: (404) 870-7390 | SWIFT, CURRY, McGHEE & HIERS, LLP<br>Attorneys for State Farm<br><br>Stephen M. Schatz<br>Georgia Bar No. 628840<br>Myrece R. Johnson<br>Georgia Bar No. 940301<br><br>1355 Peachtree Street, N.E.<br>The Peachtree, Suite 300<br>Atlanta, Georgia 30309-3231<br>Telephone: (404) 874-8800 |

doing or collusion with State Farm. Along with a robust paper record, there is also sworn, videotaped testimony from the DOR designee supporting this.

After years of abuse of process and vexatious litigation that was permitted to go unchecked with impunity, I presented my case with what I had at mediation with the intent to take it to trial. Shortly thereafter, the state court trial judge, Judge Johnny Panos, entered an order on March 07, 2019, revoking my pro hac vice status to practice in Georgia which I have included for the Court's review. I believe this was done intentionally so that I could not present my client's case to a jury of his peers; and was a coordinated effort to mask the corruption that was taking place in Georgia and unearthed through my efforts.

What the attorneys and the Court (staff included) did was wrong on many levels. Mr. Williams, was stricken with guilt after I got punished for helping him litigate his case, said there was no amount of money worth his friend (me) losing his license – especially knowing how difficult it had been for me to get it where I had come from and what I had gone through. While I was adamant Mr. Williams continue and maintained all ethical duties and obligations during this process, Mr. Williams could not stomach the idea of me being harmed for helping him. Plus, no one wanted to take his case without being paid upfront.

As I was no longer representing Mr. Williams and was instructed not to talk to him about the matter, it is my understanding that Judge Panos had a meeting with these attorneys "behind closed doors" and said that he would

revoke the March 07, 2019, order which took away my pro hac license to practice in Georgia if he had a settlement check, notice of dismissal, and a letter on his desk within the week(s) following this discussion. What Judge Panos and these attorneys did was leverage me and my client's 20-year friendship against us, knowing that Mr. Williams was a good person and would capitulate to their ransom of my livelihood. Mr. Williams was presented the Court's demands, and those items Judge Panos requested were on "his desk" shortly after. A day or so later, Judge Panos entered an order on June 11, 2019, revoking his March 07, 2019, order revoking my pro hac vice license to practice in Georgia – and a dismissal was entered (both attached for the Court's review).

Because of this, a Florida Bar investigation was triggered into my conduct, and no wrong doing was found (attached). Should the Court have any reservations about my admission after reviewing this statement and the materials attached, I am happy to answer them. I am confident that I did no wrong doing to warrant revocation, acted ethically, and represented my client and my profession very well in that case. I believe that if some investigatory agency or judicial body were to review that file in its entirety, there is ample evidence that supports among other things, systemic fraud was perpetuated upon the court.

5.  I have not been admitted pro hac vice in this Court within the last two (2) years.

<u>Jurat</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the United States of America that the foregoing is true and correct; to the best of my knowledge, understanding, and belief.

Respectfully Submitted,

<u>FERGUSON LAW, P.A.</u>
1 East Broward Blvd. Suite #700
Fort Lauderdale, Florida 33301
T – (954) 256 – 5646
F – (954) 256 – 5655
Service: Service@FergusonLawPA.com
E-Mail: Wayne@FergusonLawPA.com

Kenneth W. Ferguson, Esq.
Fla Bar No.: 98950

~Psalm 23~

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MATTHEW JONES WILLIAMS,

PLAINTIFF,

v.

JIM ELLIS ATLANTA INC; STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

DEFENDANTS.

CIVIL ACTION
FILE NO. 16A58761-4

### ORDER

This matter comes before the Court on four motions filed by Plaintiff on January 7 and 8,

2019: (1) *Plaintiff's Motion to Strike State Farms' Defense Regarding Conditions Precedent*; (2)

*Plaintiff's Motion to Strike, Deem Waiver, and/or More Definite Statement as to Jim Ellis Atlanta*

*Inc.'s Defenses*; (3) *Plaintiff's Motion to Compel or Reconsider the Court's Order as to Jim Ellis'*

*Production of Documents*; and (4) *Plaintiff's Motion to Compel Jim Ellis Atlanta Inc.'s Responses*

*to Plaintiff's Discovery and Attorney'[s] Fees and Cost for Total Failure to Respond.* Defendant

State Farm Mutual Automobile Insurance Company ("State Farm") filed its response in

opposition to the first such motion on January 28, 2019.  Defendant Jim Ellis Atlanta, Inc. ("Jim

Ellis") filed its response to the second and fourth such motions on January 30, 2019. No response

has been filed to the third such motion.  The Court has reviewed the law and evidence presented

by the Parties in their briefs, as well as the entire record in this matter.

In *Plaintiff's Motion to Strike State Farms' Defense Regarding Conditions Precedent*,

Plaintiff seeks an order striking any general denials or defenses by State Farm relating to

conditions in bringing any claims.  Plaintiff has not cited to and the Court cannot locate the

portion of the pleadings sought to be stricken.   Accordingly,

STATE COURT OF
DEKALB COUNTY, GA.
3/7/2019 2:28 PM
E-FILED
BY: Jewel Baldwin

IT IS HEREBY ORDERED that *Plaintiff's Motion to Strike State Farms' Defense Regarding Conditions Precedent* is **DENIED**.

In *Plaintiff's Motion to Strike, Deem Waiver, and/or More Definite Statement as to Jim Ellis Atlanta Inc.'s Defenses*, Plaintiff seeks an order striking any general denials or defenses by Jim Ellis relating to conditions in bringing any claims. Again, Plaintiff has not cited to and the Court cannot locate the portion of the pleadings sought to be stricken. Plaintiff further seeks an order striking or deeming waived Jim Ellis's defense relating to arbitration. In response, Jim Ellis states that any such defense is withdrawn. Finally, Plaintiff seeks a more definite statement as to the identities of the non-parties against whom Jim Ellis will seek to apportion fault. Plaintiff has cited no authority for necessitating Defendants to plead the specific identities of non-parties. Accordingly,

IT IS FURTHER ORDERED that *Plaintiff's Motion to Strike, Deem Waiver, and/or More Definite Statement as to Jim Ellis Atlanta Inc.'s Defenses* is **DENIED**.

In *Plaintiff's Motion to Compel Jim Ellis Atlanta Inc.'s Responses to Plaintiff's Discovery and Attorney'[s] Fees and Cost for Total Failure to Respond*, Plaintiff seeks an order compelling Jim Ellis to respond to *Plaintiff's Sixth Continuing Request for Production of Documents to Defendant Jim Ellis*. Jim Ellis responds that it was never served with such discovery, but has not presented evidence. Emails attached to the motion show that a conference may have occurred, but also support Jim Ellis's argument that such discovery was never served on Jim Ellis. Counsel for Plaintiff failed to sign the *Certificate of Good Faith Effort to Resolve Discovery Dispute* filed as a footer to his motion. For the foregoing reasons,

IT IS FURTHER ORDERED that *Plaintiff's Motion to Compel Jim Ellis Atlanta Inc.'s Responses to Plaintiff's Discovery and Attorney'[s] Fees and Cost for Total Failure to Respond* is

**DENIED**. As no evidence has been submitted regarding Jim Ellis's attorney's fees incurred in responding to this motion, its cross-motion for fees is **DENIED**.

In *Plaintiff's Motion to Compel or Reconsider the Court's Order as to Jim Ellis' Production of Documents*, Plaintiff seeks reconsideration of prior orders declining to compel "production of all documents, information, electronic evidence, and paperwork, relating to any sale or lease transaction on January 1, 2, 3, and 4 in the years 2013, 2014, 2015, 2016;" "all dealer sock entries for all vehicles sold by Don Bradley in November 2014, December 2014, January 2015;" and "all title-tech documents for the vehicles allegedly sold from December 23, 2014 to January 4, 2015." Plaintiff does not identify which orders he asks this Court to reconsider, but from the record it appears that this Court's March 12, 2018, *Order* on, *inter alia, Plaintiff's Motion to Compel against Jim Ellis Atlanta, Inc.*, filed December 1, 2017; and *Plaintiff's Second Motion to Compel against Jim Ellis Atlanta, Inc.,* filed December 22, 2017, addressed the specific requests for production of documents at issue.

Plaintiff argues for the first time in this motion that these requests are relevant to his claims under the Georgia Fair Business Practices Act and for punitive damages. Pursuant to Rule 6.4 (A) (2), motions to compel shall "[i]nclude the specific objection or response claimed to be insufficient." Because Jim Ellis apparently mailed its supplemental responses and objection to Plaintiff's requests for production on the same day that Plaintiff signed his first motion to compel,[1] and Plaintiff has not included Jim Ellis's responses with the instant motion, the record is not clear regarding what objections were made and what was produced in response to Plaintiff's First Requests for Production of Documents. In the exercise of this Court's discretion,

---

[1] Rule 5.2 Certificate of Serving Discovery, filed December 5, 2017.

IT IS FURTHER ORDERED that *Plaintiff's Motion to Compel or Reconsider the Court's Order as to Jim Ellis' Production of Documents* is **DENIED**. As no evidence has been submitted regarding Jim Ellis's attorney's fees incurred in responding to this motion, its cross-motion for fees is **DENIED**.

The foregoing motions are signed only by Mr. Ferguson, pro hac vice counsel for Plaintiff. Local counsel for Plaintiff does not even appear in the signature blocks of such motions. The emails submitted in support of Plaintiff's fourth motion considered above show only Mr. Ferguson and counsel for Jim Ellis as recipients, local counsel having been apparently excluded from the communications.

In this Court's October 31, 2018, *Order* on, *inter alia*, *Defendant Jim Ellis Atlanta Inc.'s Cross-Motion to Withdraw Admission Pro Hac Vice*, the Court focused upon Mr. Ferguson's professional conduct. Rule 4.4 (D) is not so narrow. Rather, "[a]dmission to appear as counsel pro hac vice in a proceeding may be revoked" where the court finds reason to believe that such admission, inter alia, "may be detrimental to the prompt, fair and efficient administration of justice." Rule 4.4 (D)(3)-(4). Mr. Ferguson's recent failure to involve local counsel in this matter is not recent, but a continuation of the pattern since the beginning of this matter. As the Court noted in that *Order*, "[l]ocal counsel for Plaintiff has not been included on emails and has failed to attend hearings, even where his co-counsel's admission status to this Court is at risk." For that reason, the Court reminded Counsel for Plaintiff that "the in-state lawyer who is co-counsel ... remains responsible to the client and responsible for the conduct of the proceeding before the court" pursuant to Rule 4.4 (C).

Review of the record shows that counsel for Plaintiff's continuing unfamiliarity with this state's law and rules of court has given rise to extraordinary delay and inefficiency, which has

been unfair to all parties in this matter, as well as non-party witnesses, and incredibly detrimental to the administration of justice.  Accordingly, in this Court's discretion, upon reconsideration of this Court's *Order* dated October 31, 2018,

IT IS FURTHER ORDERED that *Defendant Jim Ellis Atlanta Inc.'s Cross-Motion to Withdraw Admission Pro Hac Vice* is **GRANTED**.  The Pro Hac Vice admission of Kenneth W. Ferguson to this Court is **REVOKED**.

**SO ORDERED**, this ___7th___ day of March, 2019.

JOHNNY N. PANOS, JUDGE
STATE COURT OF DEKALB COUNTY

CC:    Joseph W. Weeks, Esq.
       Kenneth W. Ferguson, Esq.
       Matthew G. Moffett, Esq.
       Myrece R. Johnson
       State Bar of Georgia
       The Florida Bar

STATE COURT OF
DEKALB COUNTY, GA.
3/7/2019 2:28 PM
E-FILED
BY: Jewel Baldwin

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MATTHEW JONES WILLIAMS         :

       Plaintiff,            :       CIVIL ACTION NO:
                                  :       16A58761-4

vs.                             :

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY and,     :
JIM ELLIS ATLANTA INC.       :

                                 :

       Defendants.           :

---

### ORDER SETTING ASIDE THE MARCH 7, 2019 ORDER REVOKING KENNETH W. FERGUSON'S PRO HAC VICE ADMISSION

Upon consideration of Plaintiff's Unopposed Motion To Set Aside the March 7, 2019

Order Revoking Kenneth W. Ferguson's Pro Hac Vice Admission and the court having found

good cause to grant such request,

IT IS HEREBY ORDERED that the March 7, 2019 Order Revoking Kenneth W.

Ferguson's Pro Hac Vice Admission the above-styled case is hereby set aside.

SO ORDERED this 11th day of June , 2019.

_____
The Honorable Judge Johnny Panos
State Court of DeKalb County

cc:    Joseph W. Weeks
       Kenneth W. Ferguson
       Matthew G. Moffett
       Stephen M. Schatz
       State Bar of Georgia
       The Florida Bar

STATE COURT OF
DEKALB COUNTY, GA.

6/5/2019 2:24 PM

E-FILED

BY: Shirley Penning-Pipkins

STATE COURT OF
DEKALB COUNTY, GA.
6/12/2019 1:19 PM
E-FILED
BY: Shirley Penning-Pipkins

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MATTHEW JONES WILLIAMS          :
                                :
          Plaintiff,            :        CIVIL ACTION NO:
                                :        16A58761-4
vs.                             :
                                :
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE COMPANY and,          :
JIM ELLIS ATLANTA INC.          :
                                :
                                :
          Defendants.           :
                                :

**PLAINTIFF MATTHEW JONES WILLIAMS' DISMISSAL WITH PREJUDICE**

COMES NOW Plaintiff Matthew Jones Williams, by and through his attorney of record,

and dismisses with prejudice the above civil action. The Clerk of the State Court of DeKalb

County, Georgia is hereby notified, authorized, and required to mark the same dismissed on the

records.

This 12th day of June, 2019.

McNALLY WEEKS


/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286

## <u>CERTIFICATE OF SERVICE</u>

COMES NOW, counsel for Plaintiff, and certifies he has served a copy of the foregoing

**<u>PLAINTIFF MATTHEW JONES WILLIAMS' DISMISSAL WITH PREJUDICE</u>** upon the

parties' counsels of record by depositing same in the United States mail in an envelope with first-

class postage prepaid addressed as follows:

Matthew G. Moffett
Gray, Rust, St. Amand, Moffett & Brieske, LLP
1700 Atlanta Plaza, 950 East Paces Ferry Road
Atlanta, GA 30326

Stephen M. Schatz
Myrece R. Johnson
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, NE, Suite 300
Atlanta, GA 30309-3231

This 12th day of June, 2019.

McNALLY WEEKS

<u>/s/ Joseph W. Weeks</u>
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

125 Clairemont Avenue, Suite 450
Decatur, GA 30030-2560
Ph: 404-373-3131
Fax: 404-373-7286



# The Florida Bar

**Ft. Lauderdale Branch Office**
**Lake Shore Plaza II**
**1300 Concord Terrace, Suite 130**
**Sunrise, Florida 33323**
**(954) 835-0233**

**Joshua E. Doyle**
**Executive Director**

**850/561-5600**
**www.FLORIDABAR.org**

July 3, 2019

**VIA E-Mail to jweiss@rumberger.com**

John A. Weiss, Esq.
PO Box 10507
Tallahassee, FL 32302-2507

Re:     Complaint of The Florida Bar against Kenneth Wayne Ferguson Jr.
        The Florida Bar File No.: 2019-50,613(17G)

Dear Mr. Weiss:

Pursuant to Rule 3-7.4, this document serves as a Letter Report of No Probable Cause Finding. On July 1, 2019, the grievance committee found no probable cause for further disciplinary proceedings in this matter.

Decisions of the grievance committee are subject to review by the Designated Reviewer. Pursuant to Rule 3-7.5, Rules Regulating The Florida Bar, if the Designated Reviewer takes no action the decision of the grievance committee will be final.

This matter is now closed.  Pursuant to the Bar's records retention schedule, the computer record and file will be disposed of one year from the date of closing.

Sincerely,

Michael David Soifer
Bar Counsel

cc:     Jay Richard Beskin, Chair
        Diana Santa Maria, Designated Reviewer