**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Case No. 21-cr-26 (CRC)** |
| **CHRISTOPHER MICHAEL ALBERTS,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Motion for Modification of Conditions of Release filed on February 10, 2022 (ECF No. 41). The Defendant asks the Court to vacate the condition that he wear a GPS-monitoring device that would alert his probation officer if he were to travel to the District of Columbia from his home in northern Maryland. The Defendant asserts that the GPS device (an ankle bracelet) is "uncomfortable," interferes with his work as a tow-truck operator, and has malfunctioned (including that it "has emitted electrical shocks on a few occasions"). He also contends that his compliance thus far with the conditions of his release justifies the removal of the condition that he wear a GPS monitor.

The Defendant's probation officer in the District of Maryland stated the following to the Defendant's probation officer with Pretrial Services Agency for the District of Columbia ("PSA"): "Our position is that location monitoring is not necessary to assure the defendant's appearance in Court and the safety of the community. Because this is your case, we would ultimately defer to you and your Court." (Email from USPO John Stagg to USPO Christine Schuck, February 11, 2022). Because PSA as a general practice does not suggest or recommend lower levels of supervision, PSA is not recommending that the Court remove the GPS-monitoring condition.

The Defendant participated in a violent attack against the United States government while carrying a loaded and chambered firearm and 25 rounds of ammunition and wearing a bullet-proof vest. He now stands accused in a ten-count Superseding Indictment pending before the Court. *See* ECF No. 34. Accordingly, the government opposes the Defendant's motion to be released from the condition of GPS monitoring. That condition is necessary to deter the Defendant from violating the condition that he stay away from the District of Columbia.[1] Given the Defendant's aggressive, dangerous, and violent conduct at the United States Capitol on January 6, 2021, his terms of release tailored to prevent similar behavior are entirely appropriate.

**FACTS AND PROCEDURAL HISTORY**

At around 7:25 p.m. on January 6, 2021, a Metropolitan Police Officer observed a bulge on the Defendant's hip as officers attempted to clear the area near the U.S. Capitol Building of individuals who remained after the attack on the Capitol. The officer placed his baton against the bulge and determined that the Defendant was carrying a firearm, at which time officers apprehended Defendant. (Statement of Facts, ECF No. 1-1). The officers then recovered a 9-mm pistol with a round of ammunition in the chamber and containing a fully-loaded, large-capacity magazine from a holster on Defendant's body, and another fully-loaded large-capacity magazine in a separate holster. (Id.) In addition to the weapon and 25 rounds of ammunition, the Defendant was wearing a bullet-proof vest and carried a gas mask and a first-aid medical kit. (Id.). After his arrest that night, the Defendant was charged the next day in a single-count Complaint with possessing a firearm and ammunition on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(1)(A)(i). (Criminal Complaint, ECF No. 1). The Defendant was taken into federal

[1] The government agrees that the GPS device should function properly and not cause the Defendant pain or undue discomfort, but those issues can be resolved without eliminating the GPS-monitoring requirement. If the Defendant's current device is defective, it should be repaired or replaced.

custody and had his initial appearance in this Court on January 7, 2021. (ECF No. 3). United States Magistrate Judge G. Michael Harvey denied the government's oral motion for pretrial detention and released the Defendant on conditions, including that he stay away from the District of Columbia and, relevant to Defendant's motion, be monitored by a GPS device. (Minute Entry, Order Setting Conditions of Release, Jan. 7, 2021). The Court did not impose a curfew or otherwise restrict him to his residence. (Id.)

Following the Defendant's release, further investigation uncovered evidence revealing additional crimes committed by Defendant on January 6, 2021. Earlier that day, hours before he was arrested for illegally possessing a firearm on Capitol Grounds, the Defendant bypassed several barricades and entered restricted areas on the Capitol Grounds, including the upper west terrace steps. While on the upper west terrace steps, the Defendant brandished a wooden pallet-type object and used it as a makeshift battering ram as he stormed up the steps into the police line deployed there. When the Defendant reached the top of the upper west terrace steps, he proceeded to charge into the police line, making physical contact with the law enforcement officers stationed there, in an attempt to break through their position. His assaultive conduct also permitted other individuals to attack the officers, including by deploying chemical spray against Capitol Police Officers defending the U.S. Capitol Building. The following image from an open-source video[2] shows the Defendant charging up the Capitol steps while holding the wooden object in front of him.

2 The video can be viewed at https://www.youtube.com/watch?v=8Vh8wPeo6Jk&t=343s.


Other open-source videos capture Defendant repeatedly making threats of violence. In videos taken at or around 3:55 p.m. on January 6, 2021 on the plaza near the Senate wing of the Capitol Building, the Defendant engaged in a diatribe against a line of officers.[3] Among other things, he stated,

> We want to do what we are constitutionally allowed to do. This is in the Constitution. If the government is no longer for the people, it is your right, nigh, it is your duty to overthrow that government and reinstate a new government for the people.

The following image from that open-source video shows the Defendant yelling at line of police officers.

3 The video can be viewed at https://www.youtube.com/watch?v=z1HB82BYR88.

Other open-source video and images taken later in the day show the Defendant throwing a water bottle at law enforcement officers on the "stage" area of the West Front of the Capitol, near the Southwest stairs.

The Defendant continued to confront officers until near the time of his arrest. In a video taken after dark in the same general area of his arrest, he used a bullhorn to loudly and repeatedly admonish a line of officers. Among his statements was one later reported in an article published on January 7, 2021. The Defendant told the officers, "the people that were here today are going to come back even more, and we're not coming back peacefully, and we're not coming back unarmed." *See https://thedispatch.com/p/the-storming-of-the-capitol?utm_source=url*.

Since that time, the grand jury has indicted the Defendant for assaulting a federal officer and other offenses. (Second Superseding Indictment, ECF No. 34). He has remained on pretrial release, subject to the GPS monitoring requirement imposed by the Court in January 2021.

## ARGUMENT

Although this Court is authorized to amend the conditions of release set by the magistrate judge, 18 U.S.C. § 3145(a)(2), it should not do so for this Defendant. At the time that Judge Harvey denied the government's motion to detain and released the Defendant on conditions including GPS monitoring, the government had not yet discovered the additional video evidence of the Defendant assaulting law enforcement officers with a large wooden object. Thus, the most significant new information discovered after the Defendant was released on conditions is evidence that he committed serious felony offenses (violations of 18 U.S.C. §§ 111(a)(1) and 231(a)(3), as charged by the grand jury) using a weapon during his attack on the United States Capitol. Nor does it appear that the government was then aware of the Defendant's threats on January 6, 2021 that he and other rioters "are going to come back even more, and we're not coming back peacefully, and we're not coming back unarmed." This new information further supports the magistrate judge's decision to impose GPS monitoring as a condition of the Defendant's release, because it evinces an even greater need to deter the Defendant from returning to the locus of his dangerous crimes.

The Defendant touts his compliance with his conditions of release as a reason to modify the conditions, "[b]ut compliance—even model compliance—with the Court's requirements is not enough to warrant adjustment of [the Defendant's] pretrial release conditions. United States v. Henry, 314 F. Supp. 3d 130, 133 (D.D.C. 2018). Indeed, eliminating a condition because it works as intended is contrary to common sense.

The Defendant has demonstrated his willingness to storm the United States Capitol while heavily armed and his intent – at least as of January 6, 2021 – to come back with other armed individuals. Continuing supervision based on that conduct is entirely appropriate. The Defendant has not presented any new information that merits a change in the terms of his release. Those conditions were imposed before the government (and therefore before the Court) even knew the full extent of the Defendant's conduct and the risk of danger he poses to the community. The government therefore respectfully requests that the Court deny the Defendant's motion.

            Respectfully submitted,

            MATTHEW M. GRAVES
            United States Attorney
            DC Bar No. 481052

            */s/ Jordan A. Konig*
            JORDAN A. KONIG
            Trial Attorney, Tax Division,
            U.S. Department of Justice
            Detailed to the U.S. Attorney's Office
            For the District of Columbia
            P.O. Box 55, Washington, D.C. 20044
            202-305-7917 (v) / 202-514-5238 (f)
            Jordan.A.Konig@usdoj.gov