**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-26 (CRC)** |
| | **:** | |
| **CHRISTOPHER MICHAEL ALBERTS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this response in opposition to Defendant's Motion to Dismiss. *See* ECF No. 40. Defendant Christopher Michael Alberts ("Alberts") is charged with ten crimes in connection with his aggressive, dangerous, and violent behavior on the grounds of the U.S. Capitol Building on January 6, 2021. *See* ECF No. 34. Counts One, Two, Five, Seven, and Eight arise from his assault of officers from the Metropolitan Police Department and United States Capitol Police on the Northwest Steps to the U.S. Capitol Building. *Id.* Counts Three, Four, Six, Nine, and Ten stem from Alberts's conduct unlawfully carrying a loaded handgun and 25 rounds of ammunition – that is, a 9-mm pistol with a round of ammunition in the chamber and containing a fully-loaded, large-capacity magazine along with another fully-loaded large-capacity magazine in a separate holster – on Capitol Grounds. *Id.* Alberts now moves to dismiss all counts of the indictment.[1]

Alberts's motion should be denied. *First*, his claim that the charged firearms crimes are facially unconstitutional is foreclosed by *United States v. Class*, 930 F.3d 460 (D.C. Cir. 2019),

---

[1] Alberts cites the charges set forth in the initial four-count Indictment, returned by the Grand Jury on January 27, 2021, ECF No. 7, rather than the operative pleading, a ten-count Superseding Indictment dated November 10, 2021, ECF No. 34.

which recognizes that longstanding prohibitions like 40 U.S.C. § 5104(e) are presumptively lawful under the Second Amendment.  *Second*, the indictment provides sufficient notice of the nature of accusations against Alberts for his unauthorized entry and presence on Capitol Grounds with a deadly weapon and possession of two large-capacity ammunition feeding devices.  *Third*, this Court has rejected a similar First Amendment challenge to 18 U.S.C. § 1752(a)(1) since the statute criminalizing unauthorized entry or presence on restricted government grounds is constitutional. *See United States v. Caputo*, 201 F. Supp. 3d 65 (D.D.C. 2016).  *Fourth*, Alberts's speculative and unfounded allegations that the Grand Jury was improperly constituted, that the prosecutor committed unspecified "egregious misconduct" before the Grand Jury or withheld unidentified favorable evidence, and that the Court committed acts of "judicial malfeasance" are meritless.

## LEGAL STANDARD

As this Court recently has explained, a defendant raising a facial challenge to the constitutionality of a statute must "establish that no set of circumstances exists under which the challenged provisions would be valid or show that they lack a plainly legitimate sweep, at least as to the subset of applications covered by his limited challenge." *Mwimanzi v. Wilson*, 1:20-cv-79 (CRC), 2022 WL 683573, at *7 (D.D.C. Mar. 8, 2022) (cleaned up) (quoting *Ams. for Prosperity Found. v. Bonta*, — U.S. —, 141 S. Ct. 2373, 2387 (2021)).  The relevant circumstances for the purpose of a facial challenge are only those that "involve actual applications of the statute."  *Id.* (quoting *City of Los Angeles v. Patel*, 576 U.S. 409, 418-19 (2015)).

A defendant may move to dismiss an indictment or any count thereof for failure to state a claim prior to trial.  *See* Fed. R. Crim. P. 12(b)(3)(B)(v).  "An indictment must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged. *United States v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011).  The operative question

is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.* An indictment must contain every element of the offense charged, if any part or element is missing, the indictment is defective and must be dismissed." *See United States v. Hillie*, 227 F. Supp. 3d 57, 70 (D.D.C. 2017).

"'An indictment's main purpose is to inform the defendant of the nature of the accusation against him.'" *United States v. Andries*, No. 1:21-cr-93 (RC), 2022 WL 768684, at *2 (D.D.C. Mar. 14, 2022) (quoting *United States v. Ballestas*, 795 F. 3d 138, 148-49 (D.C. Cir. 2015)). Thus, the Federal Rules of Criminal Procedure "require only that the indictment include 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id.* (quoting FED. R. CRIM. P. 7(c)). A court's review is limited to "the four corners of the indictment," *United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009), in order to accord proper deference to the "fundamental role of the grand jury," *United States v. Mostofsky*, No. 1:21-cr-138 (JEB), 2021 WL 6049891, at *2 (D.D.C. Dec. 21, 2021) (quoting *Ballestas*, 795 F.3d at 148).

## ARGUMENT

I.    *Alberts's Second Amendment and Due Process Arguments are Meritless.*

Alberts urges the Court to declare invalid the federal and D.C. statutes that prohibit possessing a firearm on the U.S. Capitol Grounds or in any of the Capitol Buildings, carrying a concealed pistol without a license, and possessing a large-capacity ammunition feeding device that allows the shooter to fire more bullets without stopping to reload. However, the Supreme Court and the D.C. Circuit have explained that "longstanding prohibitions" like "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings" are "presumptively lawful." *Class*, 930 F.3d at 463 (quoting *District of Columbia v. Heller* ("*Heller I*")), 554 U.S. 570, 635 (2008)). Alberts's facial challenge to these laws thus should be rejected.

A.     Second Amendment

Alberts contends that the Second Amendment makes facially invalid 40 U.S.C. § 5104(e)(1)(A)(i), barring the possession of a firearm on Capitol Grounds; 22 D.C. Code § 4504(a), prohibiting carrying a concealed pistol in D.C. without a license; and 22 D.C. Code § 2506.01(b), forbidding possession of a large capacity ammunition feeding device.  He is wrong.

i.      *40 U.S.C. § 5104(e)(1)*

First, Alberts's challenge to 40 U.S.C. § 5104(e) is foreclosed under binding circuit precedent.  In *United States v. Class,* the D.C. Circuit rejected a similar challenge to § 5104(e)(1). 930 F.3d at 462.  Like Alberts, Rodney Class was indicted for possessing a firearm on Capitol Grounds.  *Id.* at 462.  Class was found to have three guns inside his locked car that was parked in a government-owned lot on Maryland Avenue SW, just north of the United States Botanic Gardens and approximately 1,000 feet from the entrance to the Capitol Building.  *Id.*  Class moved to dismiss his indictment, unsuccessfully contending that the Capitol Grounds ban set forth in 40 U.S.C. § 5104(e)(1) violated his Second Amendment right to bear arms.  *Id.*  He appealed his conviction on both constitutional and statutory grounds, including an as-applied challenge to § 5104(e)(1).

Construing and applying *Heller I*, the D.C. Circuit explained that the Second Amendment's protections are "not unlimited."  *Id.*  "The Supreme Court has been careful to note that 'longstanding prohibitions' like 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings' remain 'presumptively lawful.'"  *Id.* (quoting *Heller I*, 554 U.S. at 626, 627 n.26).  Accordingly, the D.C. Circuit found that 40 U.S.C. § 5104(e)(1) "does not impinge upon a right protected by the Second Amendment."  *Id.* (quoting *Heller v. District of Columbia* ("*Heller II*"), 670 F.3d 1244, 1252 (D.C. Cir. 2011)).  That determination is fatal to

4

Alberts's facial challenge to the Capitol Grounds ban.

A defendant may rebut the presumption of lawfulness applied to longstanding prohibitions such as § 5104(e)(2) only by showing that, as applied, the regulation has "more than a *de minimis* effect upon his right to bear arms."[2]  *Id.* (quoting *Heller II*, 670 F.3d at 1253).  But that challenge is premature in a motion to dismiss an indictment.[3]  *See, e.g., United States v. Andries,* No. 1:21-cr-93 (RC), 2022 WL 768684, at *8 (D.D.C. Mar. 14, 2022) (citing cases).

       ii.       *22 D.C. Code § 4504(a)*

Another "longstanding prohibition" that is permitted under the Second Amendment is a bar on the concealed carrying of firearms without a license.  *Wrenn v. District of Columbia,* 864 F.3d 650, 666 (D.C. Cir. 2017).  Alberts's claim that D.C.'s concealed weapon ban is unconstitutional therefore is without merit.

The District of Columbia prohibits the unlicensed and concealed carrying of a pistol outside an individual's home or place of business.  *See* 22 D.C. Code § 4504(a).  Courts interpreting *Heller I* repeatedly have found that "the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public."  *Peruta v. County of San Diego,* 824 F.3d 919, 939 (9th Cir. 2016)*, cert. denied sub nom*, *Peruta v.*

---

[2] Class was unable to show that the ban had "more than a *de minimis* effect upon his right" to bear arms.  *Id.*  465-66.  Rejecting a similar assertion of self-defense as raised by Alberts, the D.C. Circuit explained, "[t]he Maryland Avenue parking lot is just the kind of 'small pocket of the outside world' where a ban imposes only 'lightly' on the right to carry a weapon in the District of Columbia.  If Class 'wanted to carry a gun in his car but abide by the ban,' he could have done so but parked elsewhere."  *Id.* (quoting *Wrenn v. District of Columbia*, 864 F.3d 650, 662 (D.C. Cir. 2017)).

[3] An as-applied challenge would also fail.  The facts elicited at Alberts's trial would likely show that he possessed his loaded firearm just steps from the Capitol Building during a violent siege that he aided by assaulting officers from the Metropolitan Police Department and United States Capitol Police with a wooden pallet.

*California*, 137 S.Ct. 1995 (2017); *Peterson v. Martinez*, 707 F.3d 1197 (10th Cir. 2013) (right to carry concealed weapons does not fall within the Second Amendment's scope); *Woollard v. Gallagher,* 712 F.3d 865 (4th Cir.), *cert. denied*, 571 U.S. 952 (2013) (Maryland requirement that handgun permits be issued only to individuals with "good and substantial reason" to wear, carry, or transport a handgun does not violate Second Amendment); *Drake v. Filko,* 724 F.3d 426, 429-30 (3d Cir. 2013), *cert. denied sub nom, Drake v. Jerejian,* 572 U.S. 1110 (2014) (New Jersey "justifiable need" restriction on carrying handguns in public "does not burden conduct within the scope of the Second Amendment's guarantee"); *Kachalsky v. Cty. of Westchester,* 701 F.3d 81 (2d Cir. 2012), *cert denied sub nom*, *Kachalsky v. Cacace*, 569 U.S. 918 (2013) (New York "proper cause" restriction on concealed carry does not violate Second Amendment).

It is true that the D.C. Circuit has disagreed with *Peruta* and deemed unconstitutional a District of Columbia law that strictly limited the issuance of concealed-carry licenses to those with a special need for self-defense.  *See Wrenn,* 864 F.3d at 666.  However, the *Wrenn* Court explained that concealed carry licensing requirements – like the one at issue here – constitute "traditional limits" that pass muster under the Second Amendment after *Heller I.  Id.* at 667; *see also Heller II*, 370 F.3d at 1254-55 ("the basic requirement to register a handgun is longstanding in American law, accepted for a century in diverse states and cities and now applicable to more than one fourth of the Nation by population").  Accordingly, Alberts's challenge to Count Nine of the Superseding Indictment should be denied.

   ii.      *22 D.C. Code §2506.01(b)*

Alberts contends that the District of Columbia's prohibition on possessing large-capacity ammunition feeding devices violates his Second Amendment rights.[4]  This argument, too, is

---

[4] In this section of his brief, Alberts argues that his Second Amendment right to bear arms "includes

foreclosed by circuit precedent.  In *Heller II*, the D.C. Circuit considered the ban on magazines with a capacity of more than ten rounds set forth in 22 D.C. Code § 2506.01(b).  *Id.* at 1249. Observing that attacks with high-capacity devices, like the two magazines recovered from Alberts, "result in more shots fired, persons wounded, and wounds per victim than do other gun attacks," *id.* at 1263, the D.C. Circuit concluded that the ban did not violate the plaintiffs' constitutional right to keep and bear arms.  *Id.* at 1264.  Applying intermediate scrutiny to the magazine size limit, the *Heller II* court concluded, "the District has carried its burden of showing a substantial relationship between the prohibition of both semi-automatic rifles and magazines holding more than ten rounds and the objectives of protecting police officers and controlling crime."  *Id.* Accordingly, Alberts's Second Amendment challenge to the District's ban on high-capacity magazines should be rejected.

  B. <u>Due Process</u>

  Alberts also contends that two counts of the indictment, alleging violations of 40 U.S.C. § 5104(e)(1)(A)(i) (unlawful possession of a firearm on Capitol Grounds or Buildings) and 18 U.S.C. § 1752(a)(1) (entering and remaining in any restricted building), are improperly pleaded and therefore violate his Due Process rights.  However, the Superseding Indictment plainly contains all elements of the charged offenses and provides Alberts adequate notice of the crimes of which he is accused.  Moreover, to the extent that Alberts claims that the underlying statutes are unconstitutionally vague, his argument is foreclosed by circuit precedent.

  i. *40 U.S.C. § 5104(e)(1)*

  Section 5104(e)(1)(A)(i) provides that, "An individual or group of individuals – except as

---

the ammunition to shoot the firearm."  ECF No. 40 at 11.  However, Alberts was not charged with any crime related to the unlawful possession of ammunition.  ECF No. 34.

authorized by regulations prescribed by the Capitol Police Board[5] – may not carry on or have readily accessible to any individual on the Grounds or in any of the Capitol Buildings a firearm, a dangerous weapon, explosives, or an incendiary device." 40 U.S.C. § 5104(e)(1)(A)(i). And, essentially tracking the language of the statute, the Superseding Indictment charges that Alberts "did carry and have readily accessible a firearm, that is, a Taurus G2C semi-automatic handgun, on the United States Capitol Grounds and in any of the Capitol Buildings." ECF No. 34 at 4.

It is well-settled that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974). Alberts plainly has notice of the nature of the allegations against him; indeed, he challenges the constitutionality of those charges. In any case, the indictment tracks each statute's language, and "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

Alberts appears to contend that the indictment violates his Due Process rights by charging in the conjunctive ("and") rather than the statutory disjunctive ("or"). *See* ECF No. 40 at 8. His argument is meritless. "[T]he fact that an indictment may charge in the conjunctive rather than the statutory disjunctive is not only permissible but may indeed be required." *United States v.*

---

[5] Alberts briefly suggests that the indictment is deficient for failing to allege that he "was not authorized by the Capitol Police Board" to possess a firearm on Capitol Grounds. *See* ECF No. 40 at 9. That argument is baseless because lack of authorization by the Capitol Police Board to possess a firearm on Capitol Grounds is not an element of Section 5104(e)(1).

*Carter*, 917 F. Supp. 1, 3 (D.D.C. 1995) (citing *United States v. Bader*, 698 F.2d 553, 555 (1st Cir. 1983)); *accord Joyner v. United States*, 320 F.2d 798, 799 (D.C. Cir. 1963).  "[I]t is well established that if a criminal statute disjunctively lists multiple acts which constitute violations, the prosecution may in a single count ... charge several or all of such acts in the conjunctive and under such charge make proof of any one of more of the acts, proof of one alone, however, being sufficient to support a conviction."  *United States v. Mostofsky*, No. 1:21-cr-138 (JEB), 2021 WL 3168501, at *2 (D.D.C. July 27, 2021) (quoting *United States v. Brown*, 504 F.3d 99, 104 (D.C. Cir. 2007)).  The indictment thus is appropriately pleaded.

Alberts also may intend to argue that that Section 5104(e)(1)(A)(i) violates Due Process[6] because it is difficult for an ordinary individual to determine the actual contours of the Capitol Grounds due to alleged lack of precision of the statute.  *See* ECF No. 40 at 7-8.  If so, his argument is foreclosed by *Class*.  There, the defendant argued that his conviction for possessing three firearms in a parking lot on the Capitol Grounds violated his Due Process rights because a layperson would not know that the Maryland Avenue Parking Lot was part of the Capitol Grounds such that firearm possession there was unlawful.  *Class,* 930 F.3d at 466.  Rejecting that argument, the D.C. Circuit Court of Appeals explained that 40 U.S.C. § 5104(e)(1) is sufficiently clear to "give a person of ordinary intelligence a reasonable opportunity to know what is prohibited."  *Id.* at 469 (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 459, 498 (1982)).  That is, the law clearly prohibits the possession of a firearm on Capitol Grounds, and the Capitol Grounds are defined by a readily-accessible map and a specific list of intersections and streets that are part of the public law.  *Id.* at 468-69.

Accordingly, Alberts's Due Process challenge to Count Six of the Superseding Indictment

---

[6] Or, apparently, the Geneva Conventions.  *See* ECF No. 40 at 8 n.3.

should be denied.

     *ii.*       *22 U.S.C. § 5104(e)(1)*

For many of the same reasons, Alberts's Due Process challenge to Count Ten of the Superseding Indictment should be denied.  Contrary to Alberts's argument, there is no constitutional or statutory requirement that the Government specify "the quantity or capacity of the alleged magazine or 'feeding device,'" ECF No. 40 at 11, in order to prosecute under 22 D.C. Code § 2506.01(b).  Due process requires that Alberts has adequate notice of the crimes for which he has been charged.  *See, e.g., Ballestas*, 795 F. 3d at 148-49.  The Superseding Indictment charges that, on or about January 6, 2021, Alberts "did possess a large capacity ammunition feeding device."  ECF No. 34 at 5.  It identifies Section 2506.01(b) of the D.C. Code, which makes unlawful the possession, sale, or transfer of "any large capacity feeding device," which is defined as a "magazine, belt, drum, feed strip, or similar device that has a capacity of, or that can be readily restored or converted to accept, more than 10 rounds of ammunition."  22 D.C. Code § 2506.01(b).  As before, the indictment generally tracks the statutory language, and the statute itself makes clear the conduct that is prohibited – thus providing fair notice to Alberts.[7]  The actual capacity of Alberts's illegal magazine is not an element of the offense.  Accordingly, Alberts's Due Process challenge should be denied.

     *II.*       *Alberts's First Amendment Claim is Meritless.*

Alberts appears to challenge his prosecution under 18 U.S.C. § 1752(a)(1), which makes unlawful entering and remaining in the United States Capitol and on Capitol Grounds.  *See* ECF No. 49 at 10.  He urges that, as an American citizen and a military veteran, he cannot be convicted

---

[7] Alberts was first charged by a criminal complaint, the affidavit to which alleged that the two magazines he possessed on January 6, 2021 each had a capacity of twelve rounds.  *See* ECF No. 1-1 at 2.

of unlawful entry into a building that is advertised as "*a symbol of the American people and __their__*

__*government*__." *Id.* (emphasis in original).  He is, again, mistaken.

First, 18 U.S.C. § 1752(a)(1) is neither facially overbroad nor otherwise invalid under the

First Amendment.  *Caputo*, 201 F. Supp. 3d at 68. As this Court has explained when rejecting

nearly identical claims by an individual who climbed up and jumped over the White House fence,

> These arguments border on frivolous.  Section 1752(a)(1) is facially valid because
> it does not prohibit a substantial amount of protected speech.  There is, after all, no
> First Amendment right to express one's self in a nonpublic area like the White
> House.  Section 1752(a)(1) is also constitutional as applied to Caputo's actions,
> because the Government is entirely justified in prohibiting even symbolic breaches
> of White House security.  Finally, the statute is not unconstitutionally vague, as the
> unlawfulness of entering the White House grounds without permission is
> unambiguous to the average citizen.

*Id.*  Likewise, the fact that Alberts is a veteran, or that individuals generally are encouraged to visit

the U.S. Capitol, does not imbue with First Amendment protection his unlawful presence there on

January 6, 2021.  Alberts plainly did not have a "right to be in and remain" inside the U.S. Capitol

Building or on its restricted Grounds in order to violently disrupt the certification of the 2020

presidential election, and his prosecution under Section 1752(a)(1) for such conduct does not

violate the First Amendment.

Second, Count Four of the Superseding Indictment properly alleges Alberts's violation of

18 U.S.C. § 1752(a)(2) and (b)(1)(A), and therefore is not "wanting."  The United States charged

that on January 6, 2021, within the District of Columbia, Alberts,

> did knowingly, and with intent to impede and disrupt the orderly conduct of
> Government business and official functions, engage in disorderly and disruptive
> conduct in and within such proximity to, a restricted building and grounds, that is,
> any posted, cordoned-off, and otherwise restricted area within the United States
> Capitol and its grounds, where the Vice President was temporarily visiting, when
> and so that such conduct did in fact impede and disrupt the orderly conduct of
> Government business and official functions, and, during and in relation to the
> offense, did use and carry and deadly and dangerous weapon, that is, a Taurus G2C
> semi-automatic handgun.

11

ECF No. 34 at 3. These allegations generally track the language of the statute and, accordingly, provide adequate notice to Alberts of the crimes for which he has been charged. *See, e.g., Ballestas*, 795 F. 3d at 148-49.

III.     *The Court Should Reject Alberts's Baseless Claims of Prosecutorial and Judicial Misconduct.*

The balance of Alberts's motion consists of false allegations that the indictment is defective and otherwise should be dismissed due to "prosecutorial misconduct or judicial malfeasance." ECF No. 40 at 12-16. These arguments are incorrect.

First, Alberts's conclusory and unsubstantiated argument that the indictment and superseding indictments are "unconstitutional and/or did not include certain missing elements" is false. As described above, the counts that Alberts challenges are brought under statutes that have been determined to be constitutional, and the allegations in the indictment properly track the language of those statutes.

Second, as is shown on the face of the charging documents themselves, all three indictments were returned by the same Grand Jury, which was impaneled on January 8, 2021. *See* ECF No. 7 at 1; ECF No. 14 at 1; ECF No. 34 at 1. Alberts's argument to the contrary therefore is wrong.

Third, Alberts has neither alleged nor established any facts to show the "prosecutorial conduct or judicial malfeasance" that he contends justifies dismissal of the indictment. Only upon factual findings of a "quite high" level of prejudicial and "outrageous government misconduct" may a court dismiss an indictment. *United States v. Williamson*, No. 1:14-cr-151 (RMC), 2014 WL 12695537, at *5 (D.D.C. Oct. 20, 2014) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988) and *United States v. Kelly*, 707 F.2d 1460, 1476 (D.C. Cir. 1983)). Here, Alberts fails to identify *any* instances of "prosecutorial misconduct or malfeasance." For example, he does

not explain what alleged misconduct he believes occurred before the Grand Jury. His "conclusory or speculative allegations of misconduct" do not suffice to permit disclosure of grand jury proceedings, *see United States v. Wright*, 234 F. Supp. 3d 45, 47 (D.D.C. 2017) (quoting *United States v. Naegele*, 474 F. Supp. 2d 9, 10 (D.D.C. 2007)), much less the wholesale dismissal of the indictment that he requests.

Alberts also does not identify the exculpatory evidence allegedly withheld by the Government nor explain what video evidence has been shielded from him. To the contrary, the Government has provided extensive case-specific and general discovery in this case. The United States has complied with its obligations under *Brady v. Maryland* and its progeny, and any suggestion to the contrary is mistaken. Indeed, by the date that Alberts filed his motion, the Government had made available to him over 24,000 files consisting of closed-circuit video footage, body-worn camera from multiple law enforcement agencies, and Secret Service surveillance footage. ECF No. 43 at 3. That video evidence consisted of over nine terabytes of information that would take 102 days to view. *Id.* Alberts still has not identified any of the "**exceedingly** [sic] **over 400 hours' worth of video evidence** that has been unlawfully withheld from Mr. Alberts and hundreds of witnesses" of which he complains. ECF No. 40 at 14.

Alberts fails to specify any of the alleged "outrageous and egregious misconduct directed specifically against Mr. Alberts, ostensibly because he supports President Trump." ECF No. 40 at 16. He certainly has not shown that he was "inspired, incited, persuaded, and lured" into his aggressive, dangerous, and violent behavior on the grounds of the U.S. Capitol Building – while heavily armed – by Government misconduct. His claim to the contrary should be rejected.

## <u>CONCLUSION</u>

The Court should deny Alberts's motion in its entirety.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

14