UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CHRISTOPHER MICHAEL ALBERTS,<br><br>Defendant. | Criminal No. 21-CR-026 (CRC) |

DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE AND SELECTIVE PROSECUTION

**Request for Evidentiary Hearing**

COMES NOW, Defendant, CHRISTOPHER MICHAEL ALBERTS, (hereinafter, "Defendant" or "Alberts"), by and through undersigned counsel, with this Motion to dismiss for vindictive and selective prosecution.

I.   BACKGROUND

Alberts was among the first defendants arrested for Jan. 6 activities. Alberts was arrested late on the day on January 6, 2021, blocks away from the Capitol, while police were establishing a curfew and pushing visitors out of the Capitol area. Allegedly, Alberts was caught inside the expanding prohibited area along with many others who either weren't aware of the changing zone boundaries or

failed to move outward away from the Capitol.  Officers claim they searched Alberts and found a gun.[1]

Oddly, the government claims no bodycam footage or other video or imagery exists of the moments of Alberts's patdown, the search, the recovery of the firearm, or Alberts's arrest.  Instead the prosecution has turned over video taken *almost an hour later*, as Alberts was being booked for the alleged weapon.

Had Alberts assaulted officers, one would expect such an assault to be captured on bodycam video.  One would also expect officer reports of the incident to mention being assaulted or referencing Alberts assaulting officers.  One would also expect the initial booking video, recorded almost an hour later, to mention the claim.  One would also expect prosecutors to have charged Alberts with such an offense.

But the initial indictment in this case, filed on Jan. 27, 2021, contained just four (4) counts: possessing a firearm on Capitol grounds, being in a restricted area, carrying a pistol without a license, and possessing an ammo magazine exceeding legal size.

II.   CONSTANTLY ESCALATING COUNTS IN THE INDICTMENT, AS ALBERTS REFUSED TO ACCEPT GUILTY PLEA OFFERS

---

[1] Alberts anticipates filing a forthcoming motion to suppress evidence regarding this search and seizure.

Perhaps the most obviously suspicious aspect of Alberts's prosecution is the fact that prosecutors made no claim of assault at the time of Alberts's original arrest on January 6. But when Alberts indicated he planned to defend himself from the gun charge, federal prosecutors added a ten-count indictment, months later, on May 14, 2021.

Count 2 of the second (and now third) indictments contain an allegation that Alberts assaulted federal officers in violation of 18 U.S.C. §111(a)(1). Alberts faces up to 20 years in federal prison under the allegation.

Adding to questions regarding the DOJ's claims is the fact that the DOJ can't identify which officer(s) were allegedly assaulted by Alberts; or even which agency they worked for. (Most of the DOJ's *other* Section 111 indictments relating to Jan. 6 contain at least the abbreviation of the name of the victim officer.) But Alberts's most recent two indictments state merely that Alberts forcibly assaulted "officers from the United States Capitol Police and Metropolitan Police Department."

III.   DISCUSSION

In *United States v. Velsicol Chemical Corp.*, 498 F. Supp. 1255 (D.D.C. 1980), Judge Parker ordered dismissal of an indictment used as retaliation by the DOJ against a defendant where the United States threatened the defendant with

new charges if the defendant didn't plead guilty.  The defendant angered federal prosecutors by declining to plead guilty; instead pleading no contest and refusing to 'confess' to the allegations.

    Vindictiveness principles are triggered when a prosecutor without notice increases the possible sanction severity for no valid reason after the defendant has exercised a procedural right. (*See United States v. Andrews*, 633 F.2d 449 (6th Cir. 1980) (en banc); *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976); *United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974); *United States ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir. 1970), *cert. denied*, 402 U.S. 914 (1971).

    In this case, significantly, the gun charges against Alberts are presumptively unconstitutional pursuant to the Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).  Mr. Alberts's prior counsel was in the process of drafting a motion to dismiss the indictment on Second Amendment grounds when the government added the new indictments with <u>six additional counts</u> including the new mysterious 'assaulting a federal officer' accusation.  (Prior counsel, suffering from severe health issues, filed the motion to dismiss on Feb. 2, 2022 (doc. #40, still pending).  The motion as filed addressed only the allegations in the original 4-count indictment.)

For obvious reasons, there is a realistic likelihood of vindictiveness in the government's second and third indictments in this case. (*Compare North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Blackledge v. Perry*, 417 U.S. 21 (1974), *with Colten v. Kentucky*, 407 U.S. 104 (1972), and *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973). There is also the appearance of vindictiveness, at the minimum to Mr. Alberts, when mysterious new assault (and other) charges are piled onto an indictment after Alberts indicated he would challenge the allegations.

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court considered whether a person convicted upon retrial after his initial conviction was set aside on appeal could properly be given a sentence greater than the sentence received upon his initial conviction. The court concluded that an increased sentence upon reconviction would run afoul of constitutional due process requirements unless the increase was justified by an on-the-record statement by the sentencing court providing "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726.

The holding of the court in *Pearce* was not restricted to actual vindictiveness but extended to the potential chilling effect on the exercise of appellate rights created by the appearance of vindictiveness stemming from enhancement of a sentence upon retrial:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process requires also that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing court.

395 U.S. at 725 (footnote omitted).

The rule of *Pearce* was extended to vindictive conduct on the part of prosecutors five years later in *Blackledge v. Perry*, 417 U.S. 21 (1974). There, petitioners were convicted of misdemeanors after state district court trials in North Carolina. They then asserted their right to trial *de novo* in superior court. Felony charges were thereupon substituted by the prosecution, and petitioners were convicted of these charges.

After discussing *Pearce* and two subsequent cases dealing with the issue of judicial vindictiveness – *Colten v. Kentucky*, 407 U.S. 104 (1972), and *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) – the court in *Blackledge* found:

> The lesson that emerges from *Pearce*, *Colten*, and *Chaffin* is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose *a realistic likelihood* of "vindictiveness."

417 U.S. at 27 (emphasis added).

Because the mere appearance of vindictiveness may deter a defendant from challenging the lawfulness of his conviction, due process concepts prohibit the state from "upping the ante." The rule applies whenever the prosecution has knowledge of the facts essential to the more serious charge at the time of the original indictment. "Absent an adequate justification for the superseding or additional charges, vindictiveness will be presumed." *Dyer v. State*, 666 P.2d 438, 443 n.2 (Ak. 1983) (citations omitted). It is insufficient for the prosecution merely to establish the lack of actual malice; instead, a prima facie showing of vindictiveness must be rebutted by "negating the possibility of vindictiveness." *United States v. Velsicol Chemical Corp.*, 498 F. Supp. at 1265. Thus, the Court of Appeals for the Sixth Circuit, sitting en banc, has recently held:

> We emphasize that once a court has found the existence of a realistic likelihood of vindictiveness the burden of disproving it is on the government . . . . We do not think that judges should pass on subjective good faith assertions by prosecutors. Both Pearce and Blackledge went out of their way to avoid such difficult and unpleasant decision-making. At the same time, in Blackledge the court noted in a footnote that "this would clearly be a different case if the state had shown that it was impossible to proceed on the more serious charge at the outset." From this, we think that only objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness.

*United States v. Andrews*, 633 F.2d at 456 (footnote and citation omitted).

The additional charges alleged against Alberts in Alberts's second and third indictments add <u>additional potential decades</u> in prison. As the district court in

*United States v. DeMarco* so aptly stated, 'the day our constitution permits prosecutors to deter defendants from exercising any and all of their guaranteed rights by threatening them with new charges fortunately has not yet arrived.' 401 F. Supp. 505, 510 (C.D. Cal. 1975), aff'd 550 F.2d 1224 (9th Cir. 1976), cert. denied, 434 U.S. 827 (1977).

In Alberts's case there was not simply a threat to add charges upon Alberts if Alberts dared to defend himself; <u>charges were actually added</u>.  There is not just the appearance of vindictiveness: Alberts went from having a handful of gun charges to having assault, obstruction, violence, and disorderly conduct charges when he pled not guilty and signaled his intent to defend himself.

### A. ALBERTS IS BEING SELECTIVELY PROSECUTED.

Further, the U.S. Department of Justice is selectively prosecuting Alberts, a Republican and a Trump supporter; compared to other cases of alleged firearm possession by anti-Trump protestors on Jan. 6.  Just blocks away from Alberts's arrest, authorities arrested Leslie Grimes, a leftist, pro-Democrat, anti-Trump protestor, who possessed a gun during the same demonstrations.

In a scandalous story reported by the *Detroit News*, "[p]rosecutors decided for now not to proceed with charges against Leslie Grimes, one of the six Michigan people arrested during the insurrection at the Capitol . . ."  Grimes, a counterprotestor and "transgender woman who uses feminine pronouns, according

to her father," "was arrested a few blocks north of the White House, just under two miles from the Capitol building under siege. She was [temporarily] charged with carrying a pistol without a license, carrying unregistered ammunition and carrying a large capacity ammunition feeding device" —**the same charges lodged against Alberts.**  But "Leslie Grimes works on films and was in the city with her friends <u>to protest against the Trump supporters</u> and document the demonstration," and Grimes' **gun charges <u>have been dropped</u>.** Riley Beggin, "Prosecutors won't proceed with charges against Michigan woman arrested during Capitol insurrection," *The Detroit News*, Jan. 8, 2021, https://www.detroitnews.com/story/news/politics/2021/01/08/prosecutors-wont-proceed-charges-against-michigan-woman-arrested-capitol-storming/6602945002/ (accessed 8/31/2022).

  Defendant Alberts faces years in prison for allegations that are virtually identical to allegations that have been dropped against a similarly situated person who was likewise arrested on January 6 inside the curfew zone perimeter allegedly carrying a handgun.  This extreme disparity in treatment between Alberts and Grimes is not only an equal protection violation; it is selective prosecution based on political affiliation and orientation.  If Alberts was an anti-Trump, counterdemonstrator like Grimes, he would not be facing criminal prosecution.

The indictment against Mr. Alberts is vindictive and selective. Accordingly, the indictment must be dismissed.

Respectfully submitted, ,

?????