UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-cr-26 (CRC) |
| | : |
| CHRISTOPHER MICHAEL ALBERTS, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S SURREPLY TO
DEFENDANT'S MOTION TO DISMISS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this response to Defendant's reply[1] in support of his motion to dismiss. *See* ECF No. 65. In his renewed bid to dismiss all counts of the Second Superseding Indictment, defendant Christopher Michael Alberts ("Alberts") misinterprets the Supreme Court's recent decision in *New York State Rifle & Pistol Assoc. Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and offers a radical view of the First Amendment unsupported by relevant precedent. The Court should reject Alberts's meritless assertion of Constitutional protection for his violent, armed assault on the U.S. Capitol – and the officers defending it – during the certification of the vote count of the Electoral College on January 6, 2021.

    I.    *Bruen Did Not Invalidate Any Statutes of Which Alberts is Accused of Violating.*

Alberts is incorrect when he contends that *Bruen* struck down a New York law "in all essence identical to the laws invoked by the United States in Counts 9 and 10," that *Bruen* is

---

[1] Alberts notes in a parenthetical that the United States' response, ECF No. 52, was filed "3 months after the filing of the motion." ECF No. 65 at 2. As the Court is aware, the United States' response was timely filed. The Court suspended the United States' response deadline during the March 30, 2022 status conference and then directed the United States to file its response within two weeks of the subsequent May 5, 2022 status conference. *See* ECF Entry, 5/5/22.

1

"directly on point," and that *Bruen* "overruled – either directly or by implication – all of the Second Amendment decisions recited by the United States." ECF No. 65 at 2. In *Bruen*, the Court determined that New York State's handgun licensing scheme violated the Second Amendment. *Id.* at 2122. But the Supreme Court did not address – much less invalidate – the federal criminal statutes that Alberts violated by carrying a handgun, extended magazines, and 25 rounds of hollow-point ammunition on Capitol Grounds on January 6, 2021. *See* ECF No. 34. It cited none of the statutes (or similar laws in other jurisdictions) under which Alberts is charged, voiding only those laws "under which authorities have discretion to deny concealed-carry licenses even when the applicant satisfies the statutory criteria, usually because the applicant has not demonstrated cause or suitability for the relevant licenses." *Id.* at 2123-24.

*Bruen* plainly did not "overrule[] an immense tapestry of prior precedents, statutes, ordinances, and regulations[,]" ECF No. 65 at 2, as Alberts submits. Instead, it left in place the "shall issue" regulatory schemes in 43 states where authorities "must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." *Bruen*, 142 S. Ct. at 2123. It barred only then-existing concealed-carry licensing rules in New York, California, Hawaii, Maryland, Massachusetts, and New Jersey. *Id.* at 2124. And while the District of Columbia once had a similar "may issue" licensing scheme, that law was permanently enjoined by the D.C. Circuit in 2017 and was not in effect when Alberts committed his many crimes on January 6, 2021. *See id.* (citing *Wrenn v. District of Columbia,* 864 F.3d 650, 668 (D.C. Cir. 2017)) ("All of these 'proper cause' analogues have been upheld by the Courts of Appeal, *save for the District of Columbia's, which has been permanently enjoined since 2017*.") (emphasis added). Nowhere in *Bruen* did the Supreme Court state – or suggest – that only "unusually dangerous guns might be

2

restricted" such that regulations affecting "a commonly owned firearm sold at most gun stores" are unconstitutional. ECF No. 65 at 3.

In fact, *Bruen* indicates that the statutes at issue in Counts Three, Four, Six, Nine, and Ten pass muster under the Second Amendment. The Supreme Court observed that "longstanding prohibitions" on the carrying of firearms in "sensitive places" like legislative assemblies, polling places, and courthouses were consistent with the Second Amendment and that "modern regulations prohibiting the carry of firearms in new and analogous sensitive place are constitutionally permissible." *Bruen,* 142 S.Ct. at 2133 (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). *Bruen* left undisturbed the District of Columbia's interpretation of *Heller* in *United States v. Class*, 930 F.3d 460, 463-64 (D.C. Cir. 2019). As explained at length in the Government's Opposition to Defendant's Motion to Dismiss, ECF No. 52, *Class* found that the ban on possession of firearms on Capitol Grounds set forth in 40 U.S.C. § 5104(e) was constitutional. Alberts's challenge to that statute remains foreclosed by Circuit precedent.

To the extent that Alberts contends that the Supreme Court invalidated "by implication" any of the laws under which he is charged, *see* ECF No. 65 at 2, "district judges, like panels of [the D.C. Circuit], are obligated to follow controlling circuit precedent until either [the D.C. Circuit], sitting *en banc*, or the Supreme Court, overrule[s] it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997). And nothing in *Bruen* overrules, or even undermines, the D.C. Circuit's decision in *Class* regarding the constitutionality of Section 5104(e). Indeed, as just explained, *Bruen* recognized the constitutional validity of laws prohibiting firearm possession in sensitive places (further examined in *Heller*). The offenses charged by the Second Superseding Indictment cannot be dismissed simply because Alberts believes that a future Supreme Court will overrule D.C. Circuit precedent.

3

*II. Alberts's Fanciful First Amendment Claims are Meritless.*

In urging the Court to dismiss Counts One, Two, Five, Seven, and Eight of the Superseding Indictment, Alberts posits a radical theory of the First Amendment unsupported by precedent or common sense. He contends that because he intended through his actions on January 6, 2021 to convey a political viewpoint – "his perceptions of unfair election tabulation" – the charges related to his unlawful and violent conduct on Capitol Grounds are invalid and must be dismissed. *See* ECF No. 65 at 6. That argument is meritless.

No court has recognized Alberts's proposed right to unlimited presence, petitioning, demonstrating, and activism at the U.S. Capitol on the basis that "[t]he people own the Capitol – and rule over it; not the other way around." *Id.* To the contrary, the Supreme Court has explained, "[w]e cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *United States v. O'Brien*, 391 U.S. 367, 376 (1968). The conduct with which Alberts is charged—assaulting uniformed Capitol Police officers with a wooden pallet —is not protected by the First Amendment. As a judge of this Court has concluded, "[n]o matter [the rioters'] political motivations or any political message they wished to express, this alleged conduct is simply not protected by the First Amendment." *United States v. Nordean*, 579 F. Supp. 3d 28, 53 (D.D.C. 2021). Even if Alberts's charged conduct had some expressive aspect, it lost whatever First Amendment protection it may have had. *Id.* (citing *Grayned v. City of Rockford*, 408 U.S. 104, 116 (1972) ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment.")); *see also Cameron v. Johnson*, 390 U.S. 611, 617 (1968) (government may punish physical obstruction); *Cox v. Louisiana*, 370 U.S. 536, 555 (1965) (The First Amendment does not

allow a "group of demonstrators" to "insist upon the right to cordon off a street, or entrance to a public or private building, and allow no one to pass who did not agree to listen to their exhortations."); *United States v. Gregg*, 226 F.3d 253, 267-68 (3d Cir. 2000) ("Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message.").

Even if some aspect of Alberts's charged conduct warranted First Amendment protection (which it does not), applying the charged statutes to him still passes muster. "[W]hen speech and nonspeech elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." *O'Brien*, 391 U.S. at 376 (cleaned up). Under *O'Brien*, a statute is constitutional if (1) "it is within the constitutional power of the government"; (2) "it furthers an important or substantial governmental interest"; (3) "the governmental interest is unrelated to the suppression of free expression"; and (4) "the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *Id.* at 377. As a judge of this Court has recognized, the government has a "weighty interest in protecting Congress's ability to function without 'corrupt' interference, and that interest is unrelated to the suppression of free expression." *Nordean*, 579 F. Supp. 3d at 54. Moreover, applying the charged statutes to the defendant "imposes no more than an incidental limitation on First Amendment freedoms, if even that." *Id.* Finally, the charged statutes "'leave open ample alternative channels for communication of the information.'" *Id.* (quoting *Am. Libr. Ass'n v. Reno*, 33 F.3d 78, 88 (D.C. Cir. 1994)).

To the extent that Alberts specifically challenges the sufficiency of Counts One and Seven of the Second Superseding Indictment, *see* ECF No. 65 at 6, that argument also is baseless. An

indictment is only required to include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *See* Fed. R. Crim. P. 7(c). That is, "[t]he Government need only list the elements of the charged offense in an indictment, and is not required to delve into the specifics of their theories of liability." *United States v. Harris*, No. 1:19-cr-358 (RC), 2020 WL 6484311, at *3 (D.D.C. Nov. 4, 2020) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007)). Here, Counts One and Seven generally track the language of 18 U.S.C. § 231(a)(3) and 40 U.S.C. § 5104(e)(2)(D). *Compare* 18 U.S.C. § 231(a)(3) *with* ECF No. 34 at 2; *compare* 40 U.S.C. § 5104(e)(2)(D) *with* ECF No. 34 at 4. Accordingly, they are sufficient.

The unlawful conduct alleged in the Second Superseding Indictment is not emblematic of a First Amendment-protected "messy" "political fight" that must be confined to the political branches. *See* ECF No. 65 at 6. When he breached the Capitol perimeter wearing body armor and a gas mask, while armed with a handgun, two illegal magazines, and 25 rounds of hollow-point ammunition, Alberts plainly was not attempting to "discuss national legislation and the benefits, advantages, and opportunities to accrue to citizens therefrom," *id.* at 7 (quoting *Hague v. Committee for Indus. Org.*, 307 U.S. 496, 513 (1939)). Instead, the serious felonies charged in the Second Superseding Indictment reflect Alberts's armed participation in a violent civil disorder and his egregious assault on uniformed officers attempting to defend the Capitol Building from an advancing horde who were intent on obstructing the certification of the 2020 election.

## CONCLUSION

For the reasons set forth in the United States' Opposition to Defendant's Motion to Dismiss and this Surreply, the Court should deny Alberts's motion in its entirety.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov
