UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **CHRISTOPHER ALBERTS**, <br><br> Defendant. | Case No. 21-cr-26 (CRC) |

DEFENDANT ALBERT'S REPLY TO GOVERNMENT'S OPPOSITION

COMES NOW, Defendant, CHRISTOPHER MICHAEL ALBERTS, (hereinafter, "Defendant" or "Alberts"), by and through undersigned counsel, with this Reply to the Government's Opposition (CMF 76) to Alberts' motion to suppress (CMF 74).

The government states that the original grand jury transcript—indicating Officer Haynes testified he saw "bullets" on Alberts' hip—was a mistake. The government contends that the Officer actually said "bulge," which is consistent with Haynes' original statement made shortly after Alberts' arrest. The government attaches a statement from a transcriptionist saying, "Upon listening to the tapes, I have determined that the Transcriber inadvertently mis-transcribed the portion of testimony set forth in paragraph 2 . . . ."

In any event, cases where officers justify searches of persons based on seeing "bulges" in clothing mostly invalidate such searches unless there are articulable facts *in addition* to such bulges which give rise to reasonable suspicions of criminal activity. Such additional grounds might be nervous behavior, sweating or avoiding eye contact, or awkward or evasive

movements. See, e.g., United States v. Eustaquio, 198 F.3d 1068, 1069-70 (8th Cir. 1999) (involving suspect who made furtive movements to conceal bulge from officer).

In this case, the mere presence of a bulge on Alberts' hip area—without more—is alleged by the government to justify the search.

The United State raises an additional, new-fangled argument in its opposition: a claim that, "alternatively, probable cause to arrest [Alberts] [existed] for violating a curfew order (and conduct a pat-down search incident to arrest)." CMF 76, p. 1.

First, according to body camera video of the arrest, Haynes' supervising officer himself said that the curfew-arrest announcement <u>had not yet</u> been made at the time of Alberts' arrest. The United States points to various broadcasts by Twitter, text messages, or other social media that the mayor of D.C. had claimed there was a 6 p.m. curfew. But Alberts was not on Twitter and did not receive any such text message.[1] The United States is in possession of Alberts' cell phone data from Jan. 6 and does not try to claim that Alberts' phone received such a message.[2]

Secondly *Carr v. District of Columbia*, 561 F. Supp. 2d 7 (D.D.C. 2008) and many other cases, hold that police do not have probable cause to make arrests for curfew violations unless there is strict compliance with warning notices and adequate opportunities to disperse.   Even if there <u>were</u> publicized announcements of the mayor's curfew commands, officers must provide reasonable time and opportunity for subjects to disperse and comply with such announcements.

---

[1] Note that there are wide-spread claims among Jan. 6 protestors that their cell service failed near the Capitol on Jan. 6, prompting many to publicly suspect the government was interfering with their cellular communications.
[2] Alberts is prepared to testify at the forthcoming hearing that he discontinued 'Amber alert' capabilities on his cellular device around the time he purchased his phone.

In this case, Alberts was in crowds of dozens or hundreds of others similarly situated, who had not been given adequate time and opportunity to safely disperse.

None of the Jan. 6 protestors around Alberts were arrested for curfew violations. Nor could they have been; at least constitutionally.

## CONCLUSION

For all the reasons given in Defendants' motion, the semi-automatic pistol and associated accessories and ammunition should be excluded from trial in this case.

Dated: December 2nd, 2022

Respectfully submitted,

/s/ John M. Pierce
John M. Pierce
John Pierce Law, P.C.
21550 Oxnard Street,
3rd Floor, PMB 172
Woodland Hills, CA 91367
Tel: (213) 279-7846
jpierce@johnpiercelaw.com
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 2nd, 2022, this motion and the accompany declaration was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce

John M. Pierce