UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CHRISTOPHER MICHAEL ALBERTS,<br><br>Defendant. | Criminal No. 21-CR-026 (CRC) |

DEFENDANT'S MOTION TO DISMISS COUNT 2 (ASSAULT CHARGE) FOR FAILURE TO STATE A VICTIM

COMES NOW Defendant Christopher Alberts, by his counsel John Pierce, with this motion to dismiss Count 2 of the indictment, on grounds that the indictment fails to give notice and identify the victim of Albert's alleged "assault." As described below, this violates the 6th amendment, the 5th amendment due process clause, and federal law.

Imagine being charged with "assaulting, resisting, opposing, impeding, intimidating and interfering with" any one of thousands of people, within a ten mile square area, "on or about" a given date.

That is exactly what the United States is alleging against the Defendant in Count 2 of the Superceding Indictment (ECF 34):

> "<u>On or about</u> January 6, 2021, within the District of Columbia, CHRISTOPHER MICHAEL ALBERTS did forcibly, assault, resist, oppose, impede, intimidate and interfere with an officer and employee of the United States, and of <u>any member</u> of the uniformed services, and <u>any person</u> assisting such an officer and employee, that is, <u>officers from the United States Capitol Police and Metropolitan Police Department</u>, while such person was engaged in and on account of the performance of official duties."

ECF 23, Count 2, emphasis added.

How could anyone defend himself from such an allegation? The U.S. Capitol Police is comprised of more than 2,300 officers and civilian employees,[1] The Metropolitan Police Department is much larger, with approximately 3,400 officers and 600 civilian staff.[2]

The government has provided much discovery; but amidst these millions of documents and images is no information regarding precisely whom Mr. Alberts is accused of assaulting or "opposing."

Under settled principles of federal and constitutional law, Alberts is entitled to dismissal of this Count.

**Legal Standard.**

It is well established that an indictment must allege all the elements of the charged crime. *Almendarez–Torres v. United States*, 523 U.S. 224, 228 (1998); *United States v. Cook*, 17 Wall. 168, 174 (1872). But more specifically, an indictment must contain elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy as a defense to future prosecutions for the same offense. See *United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007).

In this case, Count 2 does not enable Alberts to plead double jeopardy as a defense to future prosecutions of the same offense. If Alberts were to be acquitted of Count 2 in his upcoming trial, the government could prosecute him the very next day for "assaulting, resisting, opposing or impeding" another "officer and employee of the United States, [etc.] . . ." And then

---

[1] https://www.uscp.gov/media-center/uscp-fast-facts (accessed 12/20/2022).

[2] https://en.wikipedia.org/wiki/Metropolitan_Police_Department_of_the_District_of_Columbia (accessed 12/20/2022).

another. And then another. And in each new indictment, the government could claim they *meant* another "victim" when the government drafted Count 2 of the Superceding Indictment issued on November 10, 2021.

As the Supreme Court has said many times, the Federal Rules "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." *United States v. Debrow*, 346 U.S. 374, 376 (1953). Nonetheless, the government cannot simply abandon the basic requirements of informing a defendant of the charges against him.

A valid indictment must set out "the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Pickett*, 353 F.3d 62,67 (D.C. Cir. 2004). The government must state the essential elements of the crime and allegations of "overt acts [constituting the offense] with sufficient specificity." *United States v. Childress*, 58 F.3d 693, 720 (D.C. Cir. 1995).

A criminal complaint is also meant to satisfy at least two constitutional provisions. First, it gives Sixth Amendment notice of the nature and circumstances of the alleged crime so the accused may meet the charge and defend himself. *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001); *Hamling v. United States*, 418 U.S. 87, 117 (1974). Second, a valid indictment fulfills the Fifth Amendment's edicts that citizens are not placed in jeopardy twice for the same offense. *Stirone v. United States*, 361 U.S. 212, 218 (1960); *United States v. Martinez,* 764 F.Supp.2d 166, 170 (D.D.C.2011) (quotations and citations omitted). That is, the allegations must be sufficiently clear, complete, thorough enough, non-generic, and specific to the particular Defendant to identify if the Defendant were later charged with the same offense that double jeopardy applies to bar a second prosecution of the same offense.

As stated in *Hunter v. District of Columbia* , 47 App. D.C. 406 (D.C. Cir. 1918):

> [i]t is elementary that an information or indictment must set out the ***facts*** constituting the offense, with sufficient clearness to apprise the defendant of the charge he is expected to meet, and to inform the court of their sufficiency to sustain the conviction. ... In other words, when the accused is led to the bar of justice, the information or indictment must contain the elements of the offense with which he is charged, with sufficient clearness to fully advise him of the ***exact*** crime which he is alleged to have committed.

*Id.* at 409, 410 *(emphasis added)* (internal quotation marks and citation omitted). *See also United States v. Porter,* 928 F.3d 947 (10th Cir. 2019) (upholding district Court denying substitution of neighbor's son as the victim in defendant's assault of neighbor).

An assault charge must name the victim or particularly

Over the centuries, many courts have examined the question of whether the common law requires a victim to be identified by name in a charging document alleging assault. In *Edmund v. State*, the Maryland Court of Appeals invested several pages of analysis:

> The practice in England seems to have been that persons could be identified in a charging document by name or description. [citation omitted]. In other words, a criminal cause could be initiated by a description of a person intended to be injured.
>
> In this country, Hochheimer, writing in 1904, concluded: "If it sufficiently appears from the entire context of the indictment that a <u>particular</u> person was assaulted, or was beaten, the indictment is good." Id. § 263, at 294. Seemingly, <u>the particularity can be furnished by description, without a name</u>. *State v. Crank*, 105 Utah 332, 142 P.2d 178 (1943), is instructive. . . . "If the name of the victim is known it should be alleged. If unknown, it should be alleged that the victim was a human being, or words of equal import, whose name was to the accuser unknown." . . . .
>
> "There must, however, be some facts then supplied to identify the victim, to enable the defendant to prepare his defense, and to identify the crime, for the protection of defendant, in case defendant is acquitted, or placed in jeopardy and again charged with the same offense." [Citations omitted]
>
> The first case in this Court to discuss the short form of a criminal homicide indictment was *Neusbaum v. State*, 156 Md. 149, 143 A. 872 (1928). There, this Court said:

> **"At common law it was essential that the indictment should show the name of the person charged, <u>the name of the person killed</u>, the jurisdiction within which and the time at which the homicide occurred, that it was felonious and such of the facts and circumstances incident to the crime as were <u>reasonably necessary to identify</u> it, and to enable the court to see whether a crime had been committed as charged. Wharton Cr. Proc., ch. 16."**

398 Md. 562, 572-77 921 A.2d 264, 270-72 (Md. 2007).

In Alberts' case, the indictment does not even try to describe the individual (or individuals) whom Alberts is accused of assaulting, resisting or opposing. Alberts is accused of simply assaulting "an officer and employee of the United States, and of <u>any member</u> of the uniformed services, and <u>any person</u> assisting such an officer and employee, that is, <u>officers from the United States Capitol Police and Metropolitan Police Department</u>." The government's Statement of Facts indicates Alberts was among many hundreds, if not thousands, of people on January 6, 2021. "On or around January 6" can indicate a 72 hour period. "Within the District of Columbia" designates thousands of acres, with thousands of buildings, facilities, and public grounds.

Count 2 does not properly accuse Alberts of a crime.

## CONCLUSION

In Count 2, Defendant Alberts stands accused of forcibly assaulting and opposing any number of thousands of officers inside the ten-mile-square District of Columbia on or about January 6, 2021. Under Rule 12(3)(B)(v) of the Federal Rules of Criminal Procedure as well as every other test of sufficiency of a criminal indictment, Count 2 must be dismissed for failure to state a claim.

Dated:  December 21, 2022         RESPECTFULLY SUBMITTED,
                                  CHRISTOPHER ALBERTS, *By Counsel*

                                  */s/ John M. Pierce*

                                  John Pierce Law Firm
                                  21550 Oxnard Street
                                  3rd Floor, PMB #172
                                  Woodland Hills, CA 91367
                                  Tel: (213) 400-0725
                                  Email: *jpierce@johnpiercelaw.com*
                                  Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

/s/ John M. Pierce