UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:21-cr-26 (CRC) |
| | : |
| CHRISTOPHER MICHAEL ALBERTS, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S THIRD MOTION TO DISMISS**

The United States of America opposes Defendant Christopher Michael Alberts's Motion to Dismiss Count 2 (Assault Charge) For Failure to State a Victim, *see* ECF No. 83. In his third attack on the sufficiency of his indictment, Alberts contends that the Second Superseding Indictment's failure to identify the victims of his alleged assault on law enforcement officers at the U.S. Capitol on January 6, 2021 violates his Fifth and Sixth Amendment rights and unspecified "federal law." His motion is without merit and should be denied.

As this Court already has explained, pretrial dismissal of an indictment is disfavored and granted only in unusual circumstances; an indictment is sufficient if, as here, it tracks the underlying statutes and specifies the time and place of the offense. *See* ECF No. 77 at 11. Moreover, another session of this Court rejected essentially identical arguments raised in a motion to dismiss by an individual similarly charged with assaulting, impeding, or resisting officers during the attack on the U.S. Capitol on January 6, 2021. *See United States v. Sargent*, No. 1:21-cr-258 (TFH), 2022 WL 1124817, at *6-*8 (D.D.C. Apr. 14, 2022).

### FACTUAL BACKGROUND

Alberts is charged with nine crimes in connection with his aggressive, dangerous, and violent behavior on U.S. Capitol grounds on January 6, 2021. *See* ECF Nos. 34, 80. At issue here

1

is Count Two, which charges Alberts with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1). The grand jury alleged that,

> On or about January 6, 2021, within the District of Columbia, CHRISTOPHER MICHAEL ALBERTS, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, officers from the United States Capitol Police and Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

ECF No. 34 at 2.

After his first two motions to dismiss were denied, *see* ECF No. 77, Alberts filed this challenge to Count Two of the Second Superseding Indictment on December 21, 2022, *see* ECF No. 83.

## ARGUMENT

### *Alberts's Challenge to Count Two is Meritless.*

Alberts urges that his constitutional and statutory rights have been violated because the indictment fails to specify "precisely whom Mr. Alberts is accused of assaulting or 'opposing[,]'" thus, it allegedly "does not properly accuse Alberts of a crime." *Id.* at 2, 5. He appears to fault the indictment for failing to state a claim, provide notice of the crime of which he is accused, or protect against double jeopardy. However, as the Court has previously explained, an indictment is sufficient if it tracks the language of the statute while also specifying the time and place of the offense. The Second Superseding Indictment does that. The identity of Alberts's alleged victims is not an element of the offense of assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1). Moreover, the indictment informs Alberts of the charge against which he must defend and sufficiently protects against double jeopardy. Accordingly, Alberts's most recent motion to dismiss should be denied.

### A. Legal Framework

A defendant may move to dismiss an indictment or any count thereof for failure to state a claim. *See* FED. R. CRIM. P. 12(b)(3)(B)(v); ECF No. 77 at 10. "To properly state a claim, an indictment must 'contain a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id.* at 10-11 (quoting *United States v. Puma*, No. 1:21-CR-454 (PLF), 2022 WL 823079, at *4 (D.D.C. Mar. 19, 2022)). As the Court explained,

> An indictment is generally sufficient if it "echoes the operative statutory text while also specifying the time and place of the offense." *United States v. Nassif*, No. 1:21-CR-421 (JDB), 2022 WL 4130841, at *7 (D.D.C. Sept. 12, 2022) (quoting *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018)). Dismissal is generally only granted in unusual circumstances—if courts dismiss a charge, they "directly encroach[] upon the fundamental role of the grand jury." *United States v. McHugh*, No. 1:21-CR-453 (JDB), 2022 WL 1302880, at *2 (D.D.C. May 2, 2022) (quoting *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015)).

*Id.* at 11. Denying Alberts's motion to dismiss Count Six and Count Ten of the Second Superseding Indictment, the Court found that, "Because the indictment's description of the two challenged counts closely tracks the underlying statutes and specifies the time and place of the offense, it provides Alberts sufficient notice of the elements of the offenses charged." *Id.*

### B. Analysis

Count Two of the Second Superseding Indictment mirrors the text of 18 U.S.C. § 111(a)(1) and specifically alleges that Alberts's conduct occurred on or about January 6, 2021 and within the District of Columbia. By adopting the language of the statute, Count Two properly states a claim because it sets forth every element of 18 U.S.C. § 111(a)(1). *Sargent*, 2022 WL 1124817, at *7 (citing *United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976)). Despite Alberts's suggestion, the identity of those he allegedly assaulted is not an element of the offense of assaulting, resisting, or impeding certain officers. *Id.*

Alberts's argument that the common law requires a victim to be identified by name in a

charging document alleging assault is misplaced. "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007).

By mirroring the statutory language, Count Two also contains all facts necessary for a jury to find that Alberts violated 18 U.S.C. § 111(a)(1), therefore sufficiently informing him of the charge against him. *Sargent*, 2022 WL 1124817, at *7. As Judge Hogan recently explained,

> Similar to the how the identity of the individual "law enforcement officer" plays no role in Count One's sufficiency, the individual identity of the "officer or employee" in Count Two has no bearing on the defendant's potential to be found guilty. Mr. Sargent's guilt hinges on whether the person the defendant allegedly "assault[ed]..." *is* an officer or employee of the United States, not the identity of that individual officer or employee. Because the Court assumes the truth of the allegations in the indictment, the Superseding Indictment's recitation of the statutory language is sufficient.

*Id.* (emphasis in original) (citations omitted). In any case, to the extent that Alberts required more information about the identity of the officers who he is accused of assaulting, he could have sought a bill of particulars.[1] *See United States v. Saffarinia*, 422 F. Supp. 3d 269, 273 (D.D.C. 2019) (citing *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)); *cf. United States v. Mostofsky*, No. 1:21-CR-138 (JEB), 2021 WL 3168501, at *4 (D.D.C. July 27, 2021).

Moreover, because Count Two adopts the language of the statute and states the date and place of the alleged offense, the Second Superseding Indictment enables Alberts to plead acquittal or conviction in bar of future prosecutions of the same offense. *Id.* at *8. "To protect against double jeopardy, 'an indictment need do little more than track the language of the statute charged and

---

[1] It is not clear how the identity of the officers allegedly assaulted by Alberts would allow him to better understand the charges, prepare a defense, or be protected against retrial.

state the time and place (in approximate terms) of the alleged crime.'" *Id.* at *6 (quoting *Haldeman*, 559 F.2d at 124 n.262). Because Count Two sets forth the essential elements of the offense and fairly informs the defendant of the charge against which he must defend, it is sufficient for purposes of double jeopardy.

## CONCLUSION

Alberts has failed to establish that Count Two is insufficient under the federal criminal rules, statutes, or the Constitution. Accordingly, the Court should deny his motion.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

    */s/ Jordan A. Konig*
    JORDAN A. KONIG
    Supervisory Trial Attorney, Tax Division,
    U.S. Department of Justice
    Detailed to the U.S. Attorney's Office
    For the District of Columbia
    P.O. Box 55, Washington, D.C.  20044
    202-305-7917 (v) / 202-514-5238 (f)
    Jordan.A.Konig@usdoj.gov