## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-26 (CRC)** |
| | **:** | |
| **CHRISTOPHER MICHAEL ALBERTS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE

The United States of America opposes Defendant Christopher Alberts's motion *in limine* to preclude the United States from introducing various trial "arguments, evidence or claims" which the Defendant contends would be prejudicial and not probative.  *See* ECF No. 85 at 1, 2, 10-18. The Defendant's arguments regarding supposed "conjecture," "speculation," "mind-reading," and "guilt by association," *id.* at 10-13, are based upon a challenge to the sufficiency of the Second Superseding Indictment that has been rejected by the Court.  And his claims that the Government should be limited in the means and manner of its evidence of the restricted perimeter at the Capitol on January 6, 2021, and in proving the Defendant's knowing entrance and presence within that perimeter, *id.* at 13-18, are without merit.  Thus, Alberts's motion should be entirely denied.

### FACTUAL BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election.  While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building.  As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and

ensure the safety of elected officials.

That day, Alberts arrived on the restricted Capitol grounds prepared for battle.  He wore a bulletproof vest containing metal plates and camouflage fatigues and carried a gas mask, tactical radio, and holsters containing a fully loaded firearm and magazines with 25 rounds of hollow-point ammunition.  Alberts brandished a wooden pallet-type object and used it as a makeshift battering ram as he stormed up the Northwest Steps at 1:54 p.m., charging the police line, making physical contact with the outnumbered officers, and attempting to break through their position.  *See* ECF No. 69 at 3.  Minutes later, rioters eventually rushed past those officers and forced entry into the Capitol; others remained outside attacking officers and attempting to breach the building elsewhere.  *Id.*  Alberts remained on restricted Capitol grounds throughout the afternoon, yelling at officers that the Constitution permitted the rioters to "overthrow [the] government and reinstate a new government for the people," throwing a water bottle at officers, and later threatening that the assembled mob "are going to come back even more, and we're not coming back peacefully, and we're not coming back unarmed."  Still present near the Capitol after a citywide curfew had gone into effect, Alberts was found in possession of a firearm and arrested at around 7:25 p.m.

Based on his actions on January 6, 2021, the defendant is charged with nine crimes: (1) civil disorder; (2) assaulting, resisting, or impeding certain officers; (3) entering and remaining on restricted grounds with a deadly weapon; (4) disorderly or disruptive conduct within Capitol grounds with a deadly weapon; (5) engaging in physical violence in restricted grounds; (6) unlawful possession of a firearm on Capitol grounds; (7) disorderly conduct within Capitol grounds; (8) physical violence within Capitol grounds; and (9) carrying a pistol without a license. These offenses arise from his assault of officers from the U.S. Capitol Police on the Northwest Steps to the Capitol Building and unlawfully carrying a loaded handgun and 25 rounds of

ammunition on Capitol grounds.  ECF No. 34.[1]

## LEGAL STANDARD

Motions *in limine* serve the limited purpose of narrowing evidentiary issues for trial and eliminating unnecessary trial interruptions.  *Walker v. District of Columbia,* No. 15-CV-00055 (CKK), 2018 WL 11428655, at *2 (D.D.C. Nov. 9, 2018) (citing *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011)); *see also United States v. ex rel. El-Amin v. George Wash. Univ.,* 533 F. Supp. 2d 12, 19 (D.D.C. 2008) ("A key purpose of motions *in limine* is to resolve specific evidentiary issues in advance of trial").   "In short, motions *in limine* are a means for arguing why 'evidence should or should not, *for evidentiary reasons,* be introduced at trial.'"  *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *Id.*  While "evidence should be admitted if relevant," Rule 403 provides that, "relevant evidence may be excluded if unfairly prejudicial."  *United States v. Rogers*, 918 F.2d 207, 209 (D.C. Cir. 1990) (citing *Huddleston v. United States*, 485 U.S. 681, 687 (1988).  Nevertheless, evidence is not "unfairly prejudicial" merely because it reflects poorly on the Defendant, is damaging to the defense, or implicates the Defendant in criminal activity, charged or uncharged.  "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.  Virtually all evidence is prejudicial or it isn't material.  The prejudice must be unfair."  *United States v. Cassell*, 292 F.3d 788, 796 (D.C.

---

[1] The Defendant incorrectly contends that "the operative indictment under which Alberts is scheduled to go on trial only six (6) weeks old."  ECF No. 85 at 1.  The Second Superseding Indictment was returned by the Grand Jury on November 10, 2021.

Cir. 2002); *see also United States v. Gartman*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of *unfair* prejudice.'") (emphasis in original).

## ARGUMENT

It is not unfairly prejudicial to use images and videos of the Defendant's actions, and his own words, as evidence of the charged crimes.  Alberts's words and conduct on January 6, 2021 – in addition to contextual testimony and exhibits of the events at the Capitol while the Defendant was on the restricted Capitol grounds and at the vanguard of the mob that overtook the Capitol – are clearly relevant to establishing his conduct and intent on January 6.  Alberts has failed to show that any evidence or argument he challenges should be barred at trial.

*A.  The Defendant's pretrial objections to "imagined" conjecture, speculation, mind reading, and guilt by association should be overruled.*

Alberts's attempt to limit the evidence and arguments the Government utilizes to establish his guilt largely arises from his contention, which was rejected by this Court, that the Second Superseding Indictment is legally insufficient.  He contends that, because the Government purportedly "has alleged no facts of any such crime[s]," ECF No. 85 at 10-12, it will improperly resort to "conjecture," "speculation," "mind reading," and "guilt by association."  These claims are built on a faulty premise, unsupported, and, as Alberts concedes, based on the anticipated presentation of evidence and arguments that he admits "can only be imagined."  *Id.*

As the Court has previously explained, the Second Superseding Indictment utilizes language that mirrors the text of the relevant statutory provisions and, when required as an element of the offenses, alleges that Alberts's conduct occurred on the United States Capitol Grounds and in any of the Capitol Buildings.  ECF No. 77 at 11-12.  Accordingly, those allegations are legally sufficient.  *Id.* at 11-13.  Contrary to the Defendant's unfounded suspicions, the Government's

evidence at trial and closing argument will be directed at establishing Alberts's guilt of each of the elements of the nine crimes of which he is accused. The evidence will be based on the Defendant's own words, along with images and videos of the Defendant's egregious conduct on January 6, 2021. Context for the Defendant's actions, and the civil disorder in which he is accused of participating, will be provided through the testimony of law enforcement officers, including anticipated witnesses from the U.S. Capitol Police, Metropolitan Police Department, U.S. Secret Service, and/or Federal Bureau of Investigation. Certain witnesses will have first-hand knowledge of Alberts's conduct and the riot that took place at the Capitol Building and its grounds on January 6; others will authenticate evidence of the Defendant's role in the riot and the proceedings at the Capitol that are necessary elements of the Government's case-in-chief.

Moreover, overview exhibits and testimony – already used at the dozens of January 6th trials – will be presented for context and to help demonstrate that the Defendant's conduct occurred during a civil disorder (Count 1), within restricted grounds (Counts 3-5), on Capitol grounds (Counts 6-8), and with intent to impede or disrupt government business and Congress (Counts 4 and 7). Any objections regarding still-"imagined" speculative or irrelevant questions or evidence can be raised and dealt with at trial, when the Court's decision "'can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole.'" *Barnes*, 924 F. Supp. 2d at 79 (quoting *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011)).

To the extent that Alberts seeks to bar evidence and closing argument regarding his knowledge or intent on January 6, 2021, that request is meritless. Evidence of the Defendant's intent – largely premised on his own words, conduct, and battle-gear, along with the surrounding events – is a necessary element of the Government's burden to prove Alberts's criminal attempt to

obstruct and interfere with officers and to impede and disrupt government business, among other crimes. Similarly, evidence of the events and conduct of others surrounding the Defendant is not "guilt by association," but probative of both the civil disorder in which Alberts allegedly participated and Alberts's and their combined attempt to impede or disrupt government business and Congress. The Defendant's motion *in limine* therefore should be denied as premature and lacking in both foundation and merit.

B. *The Defendant's attempts to exclude evidence regarding the Restricted Area and his knowledge should be denied.*

The Court also should overrule Alberts's attempt to control or restrict the Government's presentation of evidence about his unlawful presence on restricted grounds under 18 U.S.C. § 1752, alleged in Counts Three, Four, and Five of the Second Superseding Indictment.

Initially, there is no basis for Defendant's attempt to dictate the manner of the Government's presentation of his alleged violations of 18 U.S.C. § 1752. The Government is aware of no precedent that would oblige a litigant to describe the law governing a particular allegation whenever evidence related to that allegation is introduced. This is especially true where, as here, Alberts seeks to have the Court compel the Government to make misstatements of law in order to introduce evidence. *See* ECF No. 85 at 13-14 (requesting that Government be required to inform jury – incorrectly – that "any notice provided to the public of a temporary restriction must be especially clear and explicit to make the public understand that the status quo has changed"). As in every case before a jury, the Court will prepare instructions of law that will guide the jury's analysis of the evidence in the case and, eventually, its determination whether the Government has established Alberts's guilt of each offense beyond a reasonable doubt. At that time, and not compelled as part of the Government's case-in-chief, will the jury be informed of the proper definition of "restricted area," the elements of each offense, and the scienter required to be

6

convicted under Section 1752.[2]

As relevant here, a "restricted building or grounds" under Section 1752 refers to "any posted, cordoned off, or otherwise restricted area … of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."  18 U.S.C. § 1752(c)(1)(B).  To meet its burden of proof at trial, the Government intends to introduce evidence, through witnesses from the Secret Service and Capitol Police, that at the time of the Capitol breach on January 6, 2021, Secret Service agents were on duty to protect then-Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol.  These witnesses will further testify about the restricted area in place around the Capitol on January 6, 2021 due to the visit of then-Vice President Pence.  The testimony and exhibits will describe and show the restricted area, along with the barricades, signs and officers demarcating the restricted boundary.  No basis exists to preclude the use of this evidence, which has been presented and admitted at every previous Capitol Breach trial alleging violations of Section 1752.

C.  *The Restricted Area Map is properly admissible at trial.*

Alberts's attempt to bar use of an exhibit admitted into evidence in numerous prior January 6 cases is premature and without merit.  As it has in prior Capitol Breach trials, the Government intends in its case-in-chief to introduce the following map of the restricted perimeter in place on January 6, 2021, in conjunction with the testimony from witnesses from the U.S. Capitol Police and U.S. Secret Service about the restricted area and security measures on that day:

---

[2] There is no basis for Alberts's false claim that "the Government has persistently misrepresented 18 U.S.C. 1752(a)(1) beyond the acceptable bounds of advocacy."  ECF No. 85 at 5.



The Government anticipates that the witnesses, who have personal knowledge of the restricted area and security measures in place on January 6, 2021, will testify that the red line superimposed on the map is a fair and accurate representation of the restricted area in place around the Capitol on January 6 due to the visit of Vice President Pence. These witnesses will explain the use of bike rack barricades, "area closed" signs, and officers to set and secure the security perimeter. This anticipated testimony satisfies the authentication and admissibility standards, and the exhibit is admissible. Indeed, a version of the exhibit has been – properly – admitted in numerous trials in which defendants were accused of unlawful presence on restricted Capitol grounds on January 6, 2021.

The Defendant's arguments that no red line actually was painted on the ground, and that this particular exhibit was not publicly posted at the Capitol grounds on January 6, are irrelevant to the exhibit's admissibility. The exhibit fairly and accurately represents the restricted area around the Capitol on January 6, 2021, and the red line demarcates the security perimeter that was in place and that was violated by Christopher Alberts and his fellow rioters. The public posting of such a picture is not a prerequisite to establishing a restricted building or grounds under 18 U.S.C.

§ 1752.  The Defendant's arguments about the red line added to the aerial photograph of the Capitol grounds, and the fact that the exhibit was not publicly posted on January 6, 2021, are grounds for cross-examination and argument, not exclusion.

Alberts's request to bar the use of this exhibit and his other demands for exclusion therefore are meritless and should be denied.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court deny the Defendant's motion *in limine*, ECF No. 85.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant U.S. Attorney
Middle District of Pennsylvania
Detailed to the U.S. Attorney's Office
For the District of Columbia
228 Walnut Street, Suite 220
Harrisburg, PA 17101
717-515-4095
Samuel.S.Dalke@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On this 5th day of January 2023, a copy of the foregoing Opposition to Defendant's Motion *in Limine* to Preclude Evidence was served upon all parties listed on the Electronic Case Filing (ECF) System.


By:     */s/ Jordan A. Konig*
        JORDAN A. KONIG
        Supervisory Trial Attorney, Tax Division,
        U.S. Department of Justice
        Detailed to the U.S. Attorney's Office
        For the District of Columbia
        P.O. Box 55, Washington, D.C.  20044
        202-305-7917 (v) / 202-514-5238 (f)
        Jordan.A.Konig@usdoj.gov