UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CHRISTOPHER MICHAEL ALBERTS,<br><br>Defendant. | Criminal No. 21-CR-026 (CRC) |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSTION TO MOTION IN LIMINE TO PRECLUDE EVIDENCE**

Defendant makes this response to the Government's opposition to the motion in limine to exclude evidence that is unfairly prejudicial, would lead to confusion of the issues, and mislead the jury. The Government claims that the defense's argument is without merit, yet they fail to prove how the probative value has substantially outweighed the danger that would result to the Defendant if the evidence is admitted. If there is any chance that the prejudice, confusion, and potential to mislead is greater than the probative value then the evidence should be precluded. This is the Defendant's freedom that is on the line and he deserves to have a fair trial, one that is not clouded or overshadowed with bias or prejudice. Thus Albert's motion should be granted and the Prosecution's request should be denied.

**LEGAL STANDARD**

A motion in limine is one that acts as a "protective order against prejudicial questions and statements... and to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial. *See Redding v. Ferguson*, Tex.Civ.App. [1973], 501 S.W.2d 717, 724. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice... confusion of the issues and misleading the jury." Although any evidence that is relevant and a "fact of consequence" to the action should be

admitted, Rule 403 specifies that, "relevant evidence may be excluded if unfairly prejudicial." *See Huddleston v. United States*, 485 U.S. 681, 687 (1988). Relevant evidence properly admitted over a Rule 404(b) objection always poses the risk of unfair prejudice to some degree, for a jury considering the evidence might draw the inference from character barred under the rule's first sentence. *See United States v. Rogers*, 287 U.S. App. D.C. 1, 918 F.2d 207, 211 (1990). At the same time, "the evidence might also prejudice a defendant if the jury thinks his act particularly repugnant", shocking, or offensive. In either case, Rule 403 protects defendants by requiring that a judge evaluate the risks of harm that would result to the Defendant (unfair prejudice, confusion, misleading) and to balance them against the probative value of the evidence, taking into account, "the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 advisory committee's note. *Id.* citing E. Imwinkelried, *Uncharged Misconduct Evidence* §§ 8:23 to 8:28 (1990)).

      Unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). Evidence is "unfairly prejudicial" when it "tends to suggest a decision on an improper basis." *See United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016). Evidence is also considered prejudicial if it "creates a risk that invites an irrational emotional response from the jury." *See United States v. Seals*, 813 F.3d 1038, 1043 (7th Cir. 2016). The inquiry then rests upon whether the undue prejudicial effect of the evidence substantially outweighs its probative value. The function of Rule 403 is to exclude only evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *See United States v. McRae*, 593 F.2d 700 at 707 (1979).

## ARGUMENT

Here, the Government cannot show any evidence of the crime they are charging the Defendant without resorting to evidence that is intending to cause the jury anger or an emotional response to the Defendant's action rather than to the crime he is actually being charged with. The sole purpose of the Government's evidence is to invoke images in the jury's mind that would lead to an emotional response and negativity towards the Defendant and would lead to confusion and misleading them to a guilty verdict based on Defendant's character or generalized act rather than the elements of the crimes he is actually charged with. As such, the Government cannot offer such evidence as it's prejudicial value certainly outweighs any counterbalancing interests.

The Government has not provided any actual evidence besides using language such as "likely" and "may" in order to purposely cause the jury to view the Defendant in a negative light solely for being present on the grounds of the Capitol, rather than on the crime he is actually being charged with. The Government cannot admit pieces of items into evidence or state their arguments in a matter of mere "conjecture" the failure of the Government to provide actual evidence instead of relying on hearsay and assumptions proves that their goal in admitting this evidence is solely to cause an emotional response in the jury and distract that from the actual crime the Defendant is being accused of. They refer to social media statements made by the Defendant solely for the jury to convict the Defendant based on the repugnant nature of his social media activity and not on obstruction of a proceeding that was no longer in session.

In addition, The Government referencing and presenting evidence to convict the Defendant based on the guilt of other people and the acts of others that the Defendant had no control over is extremely prejudicial towards the Defendant and tries to prove his guilt solely by association of people he did not know. The Government is attempting to charge the Defendant

with a crime solely by his presence and vicinity near others and they are attempting to do the this by providing evidence that have a probative value but in comparison to the damage that could be caused to the Defendant is outweighed by its prejudicial nature. The Defendant is not seeking to exclude evidence simply because it is negative towards him, he is seeking to exclude evidence that would cause the jury to decide the case on emotional responses and ignore the law, which would rob him of any chance to defend himself and deprive him of the right to a fair trial.

Defendant respectfully requests the Court to rule in favor of the Defendant regarding the motion in limine and deny the Government's request. Fed Evid. R. 403 purports that prejudicial information that could unfairly injure and/or prejudice the Defendant should be left out. The Defendant is entitled to a fair trial as his constitutionally given right and any reference to presumptions, speculations, or evidence that does not provide value besides to cause bias in the minds of the jury is highly prejudicial and should be excluded pursuant to Fed Evid. R. 403. As such, Defendant respectfully requests the Court to grant this motion in limine and disallow any reference to the above referenced evidence until this evidence can be properly ruled upon.

## CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine should be granted.

Dated: January 12, 2023

Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 12, 2023, this reply was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce