UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-26 (CRC) |
| | : | |
| **CHRISTOPHER ALBERTS,** | : | |
| | : | |
| Defendant. | : | |

**Joint Proposed Statement of the Case and Joint Proposed *Voir Dire***

**A.     Statement of the Case to Read to Prospective Jurors**

The United States has charged the defendant Christopher Alberts with nine crimes in connection with events that occurred at the United States Capitol on January 6, 2021. Count One charges the defendant with obstructing, impeding, or interfering with a law enforcement officer while that law enforcement officer was engaged in the lawful performance of his official duties during a civil disorder. Count Two charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with law enforcement officers. Count Three charges the defendant with entering or remaining on restricted grounds with a deadly or dangerous weapon, specifically a Taurus G2C semi-automatic handgun. Count Four charges the defendant with disorderly or disruptive conduct on restricted grounds with a deadly or dangerous weapon, specifically the same Taurus G2C semi-automatic handgun. Count Five charges the defendant with engaging in physical violence on restricted grounds.  Count Six charges the defendant with unlawful possession of a firearm on Capitol grounds.  Count Seven charges the defendant with disorderly and disruptive conduct on Capitol grounds with intent to impede, disrupt and disturb the orderly conduct of Congress.  Count Eight charges the defendant with

1

physical violence within Capitol grounds. Count Nine charges the defendant with carrying a pistol within the District of Columbia without a license.

The defendant has pleaded not guilty to all charges.

### B. Proposed Group *Voir Dire* Questions

**General Questions**

1. Do you have any difficulty speaking, reading, writing, or understanding the English language?

2. Do you have any trouble seeing or hearing?

3. Do you have difficulty sitting and focusing for several hours at a time?

4. Do you have any other physical or mental issue that would make it difficult for you to serve as a juror?

**Knowledge of the Participants**

5. The government is represented in this case by Department of Justice Supervisory Trial Attorney Jordan Konig and Assistant United States Attorney Samuel Dalke, along with paralegal Brittany Sheff. (Please have them stand and introduce themselves.) Do you know Mr. Konig, Mr. Dalke, or Ms. Sheff?

6. Christopher Alberts is represented in this case by attorney John Pierce. (Please have them stand and introduce themselves.) Do you know Mr. Alberts or Mr. Pierce?

7. Does anyone have any opinions about prosecutors or defense attorneys that might affect your ability to serve as a fair and impartial juror?

8. (Introduce courtroom personnel.) Do you know or are you acquainted with me or any of these individuals?

9. The following individuals may be called as witnesses or mentioned by name in this case. Do you recognize any of the following names? (Read both parties' witness lists.)

10. There are many people on this jury panel. Do you recognize another member of the panel as being a relative, close friend, or associate?

**Publicity and Predisposition Due to the Nature of the Case**

11. Have you seen, heard, or read anything in the news or elsewhere about Mr. Alberts?

12. If your answer to the previous question was "yes," have you formed any opinions about the guilt or innocence of Mr. Alberts?

13. Do you live or work at or near the U.S. Capitol building or its grounds? Did you on January 6, 2021?

14. Have you <u>closely</u> followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

15. Did you watch any of the January 6 Select Committee hearings?

16. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

17. Were you, your family, or your close friends affected by the events at the U.S. Capitol on January 6, 2021, or the response to those events?

18. Some people have strong feelings – either positive or negative – about the events that occurred on January 6, 2021. Do you have strong positive or negative feelings about those events that impact your ability to be a fair and impartial juror in a case in which a defendant is charged with crimes relating to the events that occurred on that day?

19. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the criminal cases arising from the events at the U.S. Capitol on January 6, 2021, that would make it hard for you to be a fair and impartial juror in this case?

20. Have you seen, heard, or followed anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

21. Have you ever seen a photograph or read a news article about a man arrested with a firearm on Capitol grounds on January 6, 2021? If so, from what source?

22. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that they would impact your ability to be fair and impartial in this case?

23. Do you believe the 2020 presidential election was stolen, corrupt, or fraudulent?[1]

24. Do you have an opinion about people who believe that the 2020 presidential election was stolen, corrupt, or fraudulent that would impact your ability to be fair and impartial in this case?

**Legal Concepts**

25. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. The defendant is presumed innocent unless the government meets that burden, and he has no obligation to offer his own defense. Do you believe that simply because Mr. Alberts was charged in a criminal case, he is probably guilty?

26. Would you have any difficulty or hesitation holding the Government to its burden of proof at this trial?

27. All defendants have a constitutional right to not testify. There are many reasons why a criminal defendant may choose to not testify, and if Mr. Alberts decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

28. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others. Even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow the rules that I provide. Will you have any difficulty following my legal instructions, whatever they may be?

29. If you are selected as a juror in this case, I will instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

30. Under certain circumstances, the government can obtain authorization from a judge to search cellphones and electronic media to obtain evidence including

---

[1] This question is proposed by the government only. The defense objects to this question as irrelevant to the case and designed to give the government an easy list of potential jurors to strike. The defense instead proposes: "Do you believe the 2020 presidential election was free of errors and improprieties?"

emails, text messages, video recordings, letters, financial information and other materials or information. I will instruct you that any evidence that was obtained through a search warrant that is presented to you at trial was obtained legally and you can consider it. Do you have concerns about your ability to follow this instruction?

**Familiarity with Firearms**

31. This case involves allegations about the possession of a Taurus G2C semi-automatic handgun, along with magazines and ammunition. Does anyone have such strong feelings or opinions about firearms that you cannot put them aside and serve as a fair and impartial juror in this case?

32. Do you own or have you ever used firearms, including a Taurus G2C semi-automatic handgun?

33. Do you currently maintain, or have you ever applied for, a license to carry a firearm?

34. Do you have any special knowledge or expertise about firearms?

**Relationship with the Government and the Criminal Justice System**

35. Do you work for any law enforcement agency or do you have any close friends or family that work in law enforcement? This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, the U.S. Capitol Police, and the National Guard. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

36. Have you, a family member, or close friend ever served in the military?

37. I will instruct the jury at the end of the trial that they should give neither greater nor lesser weight to the testimony of a witness simply because that witness is a law enforcement officer. Do you have such strong feelings or opinions about law enforcement officers, either positive or negative, that it would be difficult for you to be an impartial juror in a case involving testimony from law enforcement officers?

38. Do you, a family member, or close friend work for the legislative branch of the United States?

39. Has anyone in this group ever attended law school, worked as a lawyer, worked as a paralegal, or otherwise worked in a law office or had legal training? Have any members of your immediate family or close personal friends done so?

40. Has anyone in this group ever been arrested for, charged with, or convicted of a crime, other than traffic violations? Have any members of your immediate family or close personal friends?

41. If yes, do you believe the justice system treated you (or your family member or friend) fairly?

42. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

43. Has anyone in this group ever been the victim of or witness to a crime? Have any members of your immediate family or close personal friends?

44. If yes, do you believe the justice system treated you (or your family member or friend) unfairly?

45. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

**Prior Jury Service or Appearance as a Witness, Plaintiff, or Defendant**

46. Have you ever served as a grand juror in either state or federal court?

47. If yes, was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

48. Have you ever served as a trial juror in a criminal or civil case?

49. If so, did the jury reach a verdict? Were you the foreperson?

50. Was there anything about the experience of being a juror that you believe makes you unable to be fair and impartial as a juror in this case?

51. Have you ever appeared as a witness in either state or federal court?

52. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

53. Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in state or federal court?

54. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

**Role of the Court and Final Questions**

55. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge – and my job alone – to determine the punishment. The law does not

      permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or prison sentence that I may impose?

56. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing, if any.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

57. Do you have a health or physical problem that would make it difficult to serve on this jury?

58. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case?

59. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

60. Today is Monday, February 6. We expect the presentation of evidence in this case to conclude late this week or early next week. You will likely hear evidence in the case every day except Friday this week, from 9:30 am to 5:00 pm each day, with a lunch break from 12:30 pm to 1:45 pm each day. After the close of evidence, the jury will deliberate until it reaches a decision. Once you begin deliberating, I do not know how long your deliberations will last. That is up to the jurors. But you will not meet past 5:00 pm, and you will not meet on weekends. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

61. My final question is a catch-all question. Is there any other reason that I have not asked about that would make you unable to sit fairly, impartially, and attentively as a juror in this case?

## C. Individual *Voir Dire* by the Court

After the Court reads the above questions to the full venire, the United States respectfully requests that the Court conduct individual *voir dire* for two purposes: (1) to follow up on any "yes"

answers by a juror, and (2) to obtain a limited amount of background information about every juror, including those who did not answer "yes" to any of the above questions. The United States requests that the Court ask each juror the background questions detailed below and generally follow up on any "yes" responses to the group *voir dire* questions in Section B as necessary to determine whether the juror could be fair and impartial in this case.

**Background Questions for All Jurors**

1. What is the highest level of school you completed?

2. How long have you lived in the District of Columbia?

3. What is your current occupation, if any?

    i. How long have you been at this job?

    ii. What are your job responsibilities?

    iii. Are you responsible for hiring, firing, or supervising anyone?

4. Are you married or do you otherwise have a long-term partner?

5. If yes, what is your spouse or partner's occupation?

6. Do you have children or step-children? If so, how many and what are their ages?

7. If any of your children or step-children are adults, what are their occupations?


**D.     Attorney Conducted Follow-Up Questions**

The United States respectfully requests that, following the Court's individual *voir dire*, each party be permitted to ask additional pertinent follow-up questions of the prospective juror.

Respectfully submitted,

| FOR THE DEFENDANT | FOR THE UNITED STATES |
|---|---|
| CHRISTOPHER ALBERTS | MATTHEW M. GRAVES |
| | United States Attorney |
| | D.C. Bar No. 481052 |
| | |
| */s/ John M. Pierce* (with permission) | */s/ Jordan A. Konig* |
| JOHN M. PIERCE | JORDAN A. KONIG |
| John Pierce Law, P.C. | Supervisory Trial Attorney |
| 21550 Oxnard Street, | U.S. Department of Justice |
| 3rd Floor, PMB 172 | Detailed to the U.S. Attorney's Office |
| Woodland Hills, CA  91367 | For the District of Columbia |
| 213-279-7846 | P.O. Box 55, Ben Franklin Station |
| jpierce@johnpiercelaw.com | Washington, DC  20001 |
| | 202-305-7917 |
| | jordan.a.konig@usdoj.gov |
| | |
| | */s/ Samuel S. Dalke* |
| | SAMUEL S. DALKE |
| | Assistant U.S. Attorney |
| | Middle District of Pennsylvania |
| | Detailed to the U.S. Attorney's Office for the District of Columbia |
| | 228 Walnut Street, Suite 220 |
| | Harrisburg, PA 17101 |
| | 717-515-4095 |
| | Samuel.S.Dalke@usdoj.gov |