UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| v. | : Case No. 21-cr-26 (CRC) |
| | : |
| **CHRISTOPHER MICHAEL ALBERTS,** | : |
| | : |
| **Defendant.** | : |

## JURY INSTRUCTIONS PROPOSED BY THE GOVERNMENT

Pursuant to the Court's September 30, 2022, Pre-Trial Order (ECF No. 71), the United States of America proposes the following jury instructions, subject to issues that arise during trial:

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100
2. Function of the Court, Redbook 2.101
3. Function of the Jury, Redbook 2.102
4. Jury's Recollection Controls, Redbook 2.103
5. Notetaking by Jurors, Redbook 1.105
6. Evidence in the Case, Redbook 2.104
7. Statements of Counsel, Redbook 2.105
8. Indictment Not Evidence, Redbook 2.106
9. Burden of Proof, Redbook 2.107
10. Reasonable Doubt, Redbook 2.108
11. Direct and Circumstantial Evidence, Redbook 2.109
12. Nature of Charges Not to Be Considered, Redbook 2.110
13. Number of Witnesses, Redbook 2.111
14. Credibility of Witnesses, Redbook 2.200
15. Law Enforcement Officer Testimony, Redbook 2.207

16. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

17. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

18. Transcripts of Tape Recordings, Redbook 2.310

19. Count One, 18 U.S.C. § 231(a)(3)

20. Count Two, 18 U.S.C. § 111(a)(1)

21. Count Three, 18 U.S.C. § 1752(a)(1) and (b)(1)(A)

22. Count Four, 18 U.S.C. § 1752(a)(2) and (b)(1)(A)

23. Count Five, 18 U.S.C. § 1752(a)(4)

24. Count Six, 40 U.S.C. § 5104(e)(1)(A)(i)

25. Count Seven, 40 U.S.C. § 5104(e)(2)(D)

26. Count Eight, 18 U.S.C. § 5104(e)(2)(F)

27. Count Nine, D.C. Code § 22-4504(a)

28. Proof of State of Mind, Redbook 3.101

29. Multiple Counts- One Defendant, Redbook 2.402

30. Unanimity—General, Redbook 2.405

31. Verdict Form Explanation, Redbook 2.407

32. Exhibits During Deliberations, Redbook 2.501

33. Redacted Exhibits, Redbook 2.500

34. Selection of Foreperson, Redbook 2.502

35. Possible Punishment Not Relevant, Redbook 2.505

36. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

37. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

38. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

39. Excusing Alternate Jurors, Redbook 2.511

40. Delivering the Verdict

## ELEMENTS OF THE CHARGED OFFENSES

I will now instruct you on the specific offenses charged in the indictment. The indictment in this case contains nine counts:

1. Civil Disorder;

2. Assaulting, Resisting or Impeding Certain Officers;

3. Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm;

4. Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm;

5. Engaging in Physical Violence in a Restricted Building or Grounds;

6. Unlawful Possession of a Firearm on Capitol Grounds or Buildings;

7. Disorderly Conduct in a Capitol Building or Grounds;

8. Act of Physical Violence in the Capitol Grounds or Building; and,

9. Carrying a Pistol Without a License Outside Home or Place of Business

**Instruction No. 19: Count One – Civil Disorder**
(18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101))

Count One charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions
(18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967; *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101))

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce

wholly within the District of Columbia.[1]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

For the U.S. Capitol Police and the Metropolitan Police Department, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

**Instruction No. 20:  Count Two – Assaulting, Resisting or Impeding Certain Officers**
(18 U.S.C. § 111(a)(1); O'Malley, Grenig, and Lee, Federal Practice and Instructions § 24:03 (6th ed.); *United States v. Feola*, 420 U.S. 671, 684 (1975); *United States v. Arrington*, 309 F.3d 40, 44-45 (D.C. Cir. 2002))

Count Two charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

Elements

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then

---

[1] Modified definition of 18 U.S.C. § 232(2) from jury instructions *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021). *See United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 16).

engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Brett Sorrell, and Inspector Amy Hyman, or another officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or any person assisting such an officer or employee in the performance of that officer's duties.

Fifth, the defendant made physical contact with and assaulted a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

## Definitions

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against an officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to

6

inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Brett Sorrell, and Inspector Amy Hyman are officers of the United States Capitol Police and that it was a part of the official duty of such officers to protect the U.S. Capitol complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex.  It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

**Instruction No. 21:  Count Three – Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm**
(18 U.S.C. §§ 1752(a)(1) and (b)(1)(A), 3056; *United States v. Jabr*, 4 F. 4th 97, 101 (D.C. Cir. 2021)**;**
*United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 20)

Count Three of the indictment charges the defendant with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon or firearm, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of entering or remaining in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant did so knowingly.

In order to find the defendant guilty of entering or remaining in a restricted building or grounds with a deadly or dangerous weapon or firearm, you also must find that the government proved the following element beyond a reasonable doubt:

That during or in relation to the commission of the offense, the defendant used or carried a deadly or dangerous weapon or a firearm.

<u>Definitions</u>

(18 U.S.C. §§ 1752(c), 921(a)(3); *United States v. Webster*, No. 21-cr-208 (APM), (ECF No. 101); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 20); Seventh Cir. Pattern Criminal Jury Instructions; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005)).

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building or grounds, you may consider all of the evidence, including what the defendant did or said.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

An object is a "deadly or dangerous weapon" if it is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.  In determining whether the object is a deadly or dangerous weapon you may consider both physical capabilities of the object used and the manner in which the object is used.

A "firearm" is defined as any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device.

**Instruction No. 22:  Count Four – Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm**
(18 U.S.C. § 1752(a)(2) and (b)(1)(A); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 21); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 23))

Count Four of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon or firearm, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

9

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon or firearm, you also must find that the government proved the following element beyond a reasonable doubt:

That during or in relation to the commission of the offense, the defendant used or carried a deadly or dangerous weapon or a firearm.

## Definitions

(Redbook 6.643; 18 U.S.C. § 921(a)(3); *United States v. Webster*, No. 21-cr-208 (APM), ECF No. 101 *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 23))

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building or grounds" has the same meaning as described in the instructions for Count Three.

The term "knowingly" has the same meanings as described in the instructions for Count One.

The term "deadly or dangerous weapon" has the same meaning as described in in the instructions for Count Three.

The term "firearm" has the same meaning as described in the instructions for Count Three.

10

**Instruction No. 23:  Count Five – Engaging in Physical Violence in a Restricted Building or Grounds**

(18 U.S.C. § 1752(a)(4) and (b)(1)(A))

Count Five of the indictment charges the defendant with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon or firearm, which is a violation of federal law.

Elements

In order to find the defendant guilty of engaging in physical violence in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in any act of physical violence against any person or property in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly.

Definitions

(Redbook 6.643; 18 U.S.C. § 921(a)(3); *United States v. Webster*, No. 21-cr-208 (APM), ECF No. 101)

The term "act of physical violence" means any act involving an assault or other infliction or threat of death or bodily harm on an individual; or damage to, or destruction of, real of personal property.

The term "restricted building or grounds" has the same meaning as described in Count Three.

The term "knowingly" has the same meanings as described in the instructions for Count One.

**Instruction No. 24:  Count Six – Unlawful Possession of a Firearm on Capitol Grounds or Buildings**
(40 U.S.C. § 5104(e)(1)(A); *United States v. Bryan*, 524 U.S. 184, 190 (1998))

Count Six of the indictment charges the defendant with unlawful possession of a firearm on Capitol Grounds or Buildings, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant carried in any of the United States Capitol Buildings or Grounds a firearm, dangerous weapon, explosives, or an incendiary device.

Second, that acted willfully and knowingly.

Definitions<br>(40 U.S.C. §§ 5101, 5102; Pub. L. 96-432 (1980))

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia.  The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.  The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

**Instruction No. 25: Count Seven – Disorderly Conduct in a Capitol Building or Grounds**
(40 U.S.C. § 5104(e)(2)(D); *United States v. Bryan*, 524 U.S. 184, 190 (1998))

Count Seven of the indictment charges the defendant with disorderly conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

Definitions
(40 U.S.C. §§ 5101, 5102; Pub. L. 96-432 (1980))

The term "United States Capitol Buildings" has the same meaning as described in Count Six.

The term "Capitol Grounds" has the same meaning as described in the instructions for Count Six.

The term "disorderly or disruptive conduct" has the same meaning as described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

The term "willfully" has the same meaning as described in the instructions for Count Six.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

13

**Instruction No. 26: Count Eight – Act of Physical Violence in the Capitol Grounds or Building**
(40 U.S.C. § 5104(e)(2)(F); *United States v. Bryan*, 524 U.S. 184, 190 (1998))

Count Eight of the indictment charges the defendant with an act of physical violence in the Capitol Grounds or Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence in any of the United States Capitol Buildings or Grounds.

Second, that the defendant acted willfully and knowingly.

<u>Definitions</u>
(40 U.S.C. §§ 5101, 5102; Pub. L. 96-432 (1980))

The term "United States Capitol Buildings" has the same meaning as described in Count Six.

The term "Capitol Grounds" has the same meaning as described in the instructions for Count Six.

The term "act of physical violence" has the same meaning as described in the instructions for Count Five.

The term "willfully" has the same meaning as described in the instructions for Count Six.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

14

**Instruction No. 27: Count Nine – Carrying a Pistol Without a License Outside Home or Place of Business**

(D.C. Code § 22-4504(a))

Count Nine of the indictment charges the defendant with carrying a pistol without a license, which is a violation of D.C. law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant carried within the District of Columbia, either openly or concealed on or about his person, a pistol; and,

Second, that the defendant did not have a valid license issued pursuant to District of Columbia law.

Definitions
(D.C. Code § 22-4501; D.C. Code § 7-2501.01)

The term "pistol" means any firearm originally designed to be fired by use of a single hand or with a barrel less than 12 inches in length.

The term "firearm" means any weapon, regardless of operability, which will, or is designed or redesigned, made or remade, readily converted, restored, or repaired, or is intended to, expel a projectile or projectiles by the action of an explosive; the frame or receiver of any such device; or any firearm muffler or silencer.

The term "valid license issued pursuant to District of Columbia law" means a license to carry a concealed pistol issued to an applicant pursuant to D.C. Code § 22-4506, as modified by *Wrenn v. District of Columbia,* 864 F.3d 650 (D.C. Cir. 2017) and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

**Instruction No. 40: Delivering the Verdict**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you. You may now retire to begin your deliberations.

Dated: January 31, 2023

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C. 20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant U.S. Attorney
Middle District of Pennsylvania
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C. 20044
717-515-4095
Samuel.S.Dalke@usdoj.gov