UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-26 (CRC) |
| : | |
| CHRISTOPHER MICHAEL ALBERTS, : | |
| : | |
| Defendant. : | |

### UNITED STATES' MOTION IN LIMINE TO PRECLUDE
### CERTAIN ARGUMENTS AND EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding Christopher Alberts from presenting arguments or evidence during the trial of this action that are misleading, unduly prejudicial, or irrelevant in determining Alberts's guilt of the nine offenses charged in the Second Superseding Indictment, as described below.

Counsel for the United States requested Defendant's consent for the relief sought in this motion by email correspondence on February 22, 2023, but counsel for Defendant has not indicated whether he assents to, or opposes, the relief sought herein.

**1. The Court Should Preclude Defendant From Arguing or Presenting Evidence Regarding Non-Testifying Officers' Conduct, Law Enforcement Policies or Procedures, and Legal Issues Not Properly Before the Jury.**

The Defendant has made numerous public statements and submitted proposed exhibits that suggest his intent to introduce arguments and evidence challenging his treatment upon arrest and during his prosecution, and alleging that law enforcement officers on January 6, 2021 did not comply with standard police policies and procedures and committed acts of wrongdoing with regard to other individuals who were on Capitol Grounds. For example, Alberts lists as defense exhibits law enforcement policies and procedures and items with titles including, "Open Source

Footage of Officer misconduct," "Photo of protestor injury," "Officers Shooting at Protestors from Above," "CAPITOL POLICE FIRED EXLODING FLASH GRENADE INTO CROWD on Jan. 6 of Men, Women, Children," "January 6_ Black Bloc Enters Capitol First," "THE TRUTH – Rally-goers walk into the Capitol – Capitol Police open the doors," "NEWSMAX_Feds Caught, On Video, Attacking Capitol on J6," "Bloody guy.mp4," and "rumble.com/vcjxnp-shocking-new-video-capitol-police-appear-to-just-let-protesters-into-buildi.html." He also identifies dozens of police body-worn camera, surveillance, and open-source videos that would show the actions of non-testifying individuals whose conduct was not directly observed by Defendant and who were not in close proximity to him on January 6, 2021.

Based on these exhibit titles and the public statements recently made by Alberts, *see, e.g.*, https://rumble.com/v285g76-j6-chris-alberts-shane-jenkins-love-wins-dc-gulag-justice-in-jeopardy-day-7.html, he apparently intends to introduce argument and evidence claiming that officers did not provide timely care to two individuals who were in medical distress near the West Plaza at approximately 1:40 p.m.; improperly deployed chemical spray; unjustifiably pushed a rioter from the outside railing of the Northwest Steps; used chemical spray without excuse or in contravention of police policies, including the use against "women and children"; unlawfully caused the death of an individual near the House floor and another individual inside a tunnel entrance to the Capitol Building; and engaged in excessive force in his own arrest. Defendant also apparently seeks to introduce arguments and evidence related to the prosecution of this action, many already raised in pretrial motions, including arguments related to the constitutionality of the crimes at issue in this case, the alleged bias of the D.C. jury pool, vindictive or selective prosecution, and the compliance of the United States with its discovery obligations in this and other "January 6 cases."

Each of these topics parrot theories that have gained online notoriety by those seeking to minimize their own criminal conduct and that of others on January 6, 2021. And each can be refuted on its own merits. But they are entirely irrelevant to Alberts's guilt of the nine offenses for which he stands trial, and their airing would carry the substantial risk of confusing the issues and misleading the jury. Whether officers engaged in misconduct with regard to other individuals or violated policies, procedures, or rules has no bearing on Defendant's guilt for his violent assault on officers on January 6, his active participation in a civil disturbance, and his armed and unlawful presence on restricted Capitol Grounds during the certification of the 2020 Electoral College vote. Numerous proposed defense exhibits depict conduct in areas of the Capitol Building and Grounds far from Alberts, and therefore those incidents cannot be relevant to his state of mind, intent, or any other trial issue. His own treatment upon arrest and during his prosecution is not an issue for the jury's consideration. None of these matters have a "tendency to make the existence of any fact that is of consequence to the determination" of the trial "more or less probable[.]" Fed. R. Evid. 401. They also substantially risk confusing the issues and misleading the jury. Fed. R. Evid. 403. Accordingly, they should be barred.

2. **This Court Should Preclude the Defendant from Arguing That Alleged Action or Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal.**

Alberts should be prohibited from introducing argument and evidence that points to the alleged action or inaction of law enforcement officers as a justification or defense. As Chief Judge Beryl A. Howell explained in *United States v. Crestman*, it is beyond the power of the President to unilaterally abrogate criminal laws to shield a subgroup of his most vehement supporters from liability for their actions. 525 F. Supp. 3d 14, 32-33. The analysis that animates the Court's opinion in *Chrestman* also compels that any purported conduct or inaction by police officers

cannot make legal the crimes charged in the Second Superseding Indictment.

The Government concedes the possibility that the conduct of law enforcement officers *contemporaneously observed by Alberts* is relevant to the Defendant's state of mind on January 6, 2021, and may evidence his *mens rea*. However, the Defendant should be barred from introducing evidence or arguing in a manner suggesting that any alleged action or inaction on the part of the police made his conduct legal by estoppel. That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her conduct. *See Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by himself engaging in misconduct or neglecting to enforce the law. Alberts also should be prohibited from introducing officers' alleged actions or inaction that he did not observe, since that conduct cannot be relevant to his state of mind on January 6, 2021.

Accordingly, Alberts should be prevented from introducing evidence or arguing that his alleged conduct was lawful because police officers allegedly failed to prevent it or censure it when it occurred, committed their own purported wrongdoing, or purportedly ratified others' conduct.

**3. The Court Should Preclude the Defendant from Arguing Self Defense or Defense of Others**

Alberts has not formally raised a claim of self-defense or defense-of-others. If he does, such arguments and evidence should be precluded. To establish a prima facie case of self-defense, the Defendant must make an offer of proof of "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present

4

evidence in support of that defense at trial." *United States v. Cramer*, 532 F. App'x 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

There is no reasonable argument that self-defense or defense-of-others are valid excuses for the eight offenses alleged under 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a), 40 U.S.C. § 5104(e), and D.C. Code § 22-4504(a). However, a defendant like Alberts who is charged under 18 U.S.C. § 111(a) may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

This defense contains two important limitations. First, Congress enacted Section 111 "to protect both federal officers and federal functions." *United States v. Feola*, 420 U.S. 671, 679 (1975). As a result, "[a]n individual is not justified in using force for the purpose of resisting arrest or other performance of duty by a law enforcement officer within the scope of his official duties." *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011); *see also United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996) ("[Self-defense] principles must accommodate a citizen's duty to accede to lawful government power and the special protection due federal officials discharging official duties."). Second, even in circumstance where an individual might be justified in using some force to resist a federal officer, that resistance must be reasonable under the circumstances. *See Abrams v. United States*, 237 F.2d 42, 43 (D.C. Cir. 1956) (observing that "the use of 'reasonable force' only would have been open to defendants"); *see also United States v. Wallace*, 368 F.2d 537, 538 (4th Cir. 1966) (explaining that Section 111 permits "reasonable force employed in a justifiable belief that it is exerted in self-defense");

5

*United States v. Perkins*, 488 F.2d 652, 655 (1st Cir. 1973) (defendant may be convicted under Section 111 where "he used more force than was necessary to protect the person or property of himself or others").

Both limitations apply here. The video and picture evidence contained in the Government's Exhibits 2.1, 3.2 – 3.8, and 4.8 – 4.19 shows that Alberts and other rioters were illegally present in a restricted area of the U.S. Capitol and, prior to Alberts's assault on the officers, he and other individuals had violently entered the restricted Capitol Grounds and were advancing up the Northwest Steps of the Capitol Building during a civil disorder. He was therefore breaking the law and subject to arrest. The evidence further shows that Alberts was the initial aggressor, moving up the stairs with a wooden pallet and rushing the law enforcement officers despite their warnings to him and others. His assault does not appear to have been targeted at any particular officer but instead committed in order that the rioters could advance to the Capitol Building. "A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g., United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

Even accepting that Alberts had a right to resist the officers for deploying pepper spray – which he did not – the evidence shows that the Defendant escalated the encounter into a violent attack on the victim-officers. *See Waters v. Lockett*, 896 F.3d 559, 570 (D.C. Cir. 2018) (self-

6

defense not applicable "if [the defendant] and his co-conspirators used excessive force to repel Hargrove's attack"). Alberts's violent conduct was not necessary to defend himself or others, as he simply could have returned home instead of continuing his unlawful presence on restricted Capitol Grounds. The force he used was unreasonable and, accordingly, disqualifies him from any claim of self-defense.

Alberts's anticipated attempt to argue or submit evidence that his assaultive conduct was in defense of the individual who allegedly was pushed from the outside railing of the Northwest Steps also should be barred. CCTV footage establishes that Alberts's assault on USCP officers took place at 1:54 p.m. The incident with the other rioter occurred between 2:01 p.m. and 2:02 p.m. – around eight minutes after Alberts assaulted the officers. CCTV footage also appears to show that Alberts was not contemporaneously aware of the incident, since he did not express any reaction when the rioter fell off of the railing. Because it is impossible that Alberts's assault on the USCP officers was related to an incident that occurred over six minutes later, any claim of justification should be prohibited.

    **4. This Court Should Preclude the Defendant from Arguing in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial.**

Alberts also should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*,

135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The Defendant may again claim that he has been unfairly singled out for prosecution because of his political views, that others with different political views have been treated differently, or that—at the very least—his conduct does not merit felony charges. But a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). The Court already has rejected Alberts's motion to dismiss that alleged selective prosecution. *See* ECF No. 77 at 14-16. And allegations of discrimination based on political views have no place in a jury trial. *See United States v. King*, No. CR-08-002-E-BLW, 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009) ("The Court will therefore exclude any evidence or argument as to selective prosecution at trial."); *United States v. Kott*, No. 3:07-CR-056 JWS, 2007 WL 2670028, at *1 (D. Alaska Sept. 10, 2007) (where defendant, in response to government's expressed concern that defendant might use challenged evidence to claim selective prosecution at trial, the defendant "abjured any effort to" to make such a claim, "[t]he court will enforce that promise").

The Defendant may face significant prison time were he to be found guilty in this case. The government will request that the Court give a commonplace instruction that the jury should not concern itself with a possible sentence in the event of a conviction. *See United States v. Feuer*, 403 F. App'x 538, 540 (2d Cir. 2010) (unpublished). Defendant should not be permitted to arouse the jury's sympathy by introducing any evidence or attempting to argue about the possible sentence in this case. These circumstances have no bearing on the Defendant's guilt

and invite jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C. 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

Alberts also should be barred from providing evidence or argument to establish that his conviction would undermine the United States Constitution or dishonor him as a veteran of its military. Alberts recently stated on a podcast,

> I've told everybody that If I'm found guilty, you don't have a bill of rights and you don't have a Constitution … My trial is the fight for America. If an army veteran cannot peacefully assemble, peacefully address his government for grievances, and peacefully practice his Second Amendment while politicians can, then we, like I said, we are way, way farther lost than I thought.

https://rumble.com/v285g76-j6-chris-alberts-shane-jenkins-love-wins-dc-gulag-justice-in-jeopardy-day-7.html at 50:41 – 51:13.

Such information is an improper attempt at jury nullification and plainly is not relevant to his guilt of the offenses charged in the Second Superseding Indictment.

Finally, Alberts should be prohibited from providing evidence or argument related to his purported attempt to assist a USCP officer, B.S., whom he has repeatedly raised in public statements over the past two years. Alberts has falsely stated that the officer's "fellow officers let him die" while Alberts purportedly was "pleading with them to give him medical aid" in a Capitol parking lot. *Id*. at 22:38 – 23:30. Such statements are false – that USCP officer was not in the Capitol parking lot with Alberts.[1] And in addition to being false, such information is irrelevant to Alberts's guilt and should not be raised at trial.

---

[1] The individual whom Alberts likely observed being provided water because he was feeling dizzy was a Metropolitan Police Department officer.

9

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court preclude improper argument or evidence.

Dated:   March 2, 2023                              Respectfully Submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            DC Bar No. 481052

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

*/s/ Samuel S. Dalke*
SAMUEL S. DALKE
Assistant U.S. Attorney
Middle District of Pennsylvania
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C.  20044
717-515-4095
Samuel.S.Dalke@usdoj.gov