UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No.:  21-CR-026 (CRC)

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                          Case No.  21-cr-026 (CRC)

CHRISTOPHER MICHAEL ALBERTS
    Defendant.
_____/

## ALBERTS PROPOSED JURY FIRST AMENDMENT AND SECOND AMENDMENT INSTRUCTIONS

COMES NOW, Defendant, CHRISTOPHER MICHAEL ALBERTS, (hereinafter, "Defendant" or "Alberts"), by and through undersigned counsel, with these proposed First Amendment and Second Amendment jury instructions.

**Proposed Instruction No. __**
**First Amendment Rights**

Every person has the right to petition his or her government, and express ideas and bring their concerns to their legislators. Citizens also have the right to peaceably assemble with others to petition their government. And under the First Amendment, a person has a constitutional right to make violent or antigovernment statements and threats and may call upon others to act violently, except in rare circumstances where the speaker knows such violent threats have an immediate likelihood of getting others to immediately carry out such violence and reasonably knows that others have the ability and are likely to carry out such threats.

These First Amendment rights apply to every count in the indictment. You may not use the defendant's protected speech, petitioning, advocacy or expression as support for the government's allegations.  If you find that the defendant's conduct was First Amendment protected speech, expression, or advocacy, you must find the defendant not guilty.

The United States Capitol is one of America's largest public buildings. It is the

headquarters of the Legislative Branch of government, where the American people have broad rights to petition, advocate, protest, and meet with members of Congress and staff in order to promote or prevent the advancement of legislation or other congressional acts.

**Proposed Instruction No. __**
**Second Amendment Rights**

The Second Amendment protects an individual's right to carry a handgun for self-defense outside the home.[1] An individual may be restricted from carrying a handgun in sensitive places, however.  But public walkways, steps, or buffer zones are not sensitive places. The law allows for carry bans "in" sensitive places—not bans "around" or "near" sensitive places.[2]   If you find beyond a reasonable doubt that the defendant carried a handgun in a sensitive place inside the U.S. Capitol on January 6, 2021, you may find the defendant guilty of a firearm possession crime.

RESPECTFULLY SUBMITTED
/s/ Roger Roots, esq.
Cocounsel for Alberts

CERTIFICATE OF SERVICE
I hereby certify and attest that on April 17, 2023, I caused this document to be uploaded into this Court's electronic filing system, thereby serving it upon all parties of record.
/s/ Roger Roots

---

[1] *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).
[2] Bruen, 142 S.Ct. 2111, 2133, 2134 (2022).See D. Kopel & J. Greenlee, The "Sensitive Places" Doctrine, 13 Charleston L. Rev. 205, 288 (2018).