**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Case No: 21-cr-26 (CRC)** |
| **v.** | : | |
| | : | |
| **CHRISTOPHER MICHAEL ALBERTS,** | : | |
| | : | |
| **Defendant.** | : | |

## FINAL JURY INSTRUCTIONS

Ladies and gentlemen, you have now heard all of the evidence in the case.   Before you begin your deliberations, I am going to instruct you on the law.   I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case.   Some of these rules will repeat what I told you in my preliminary instructions.

### Instruction No. 1: Furnishing Jury with Copy of Instructions

I will provide each of you with a copy of my instructions.   During your deliberations, you may, if you want, refer to these instructions.   While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.   If you have any questions about the instructions, you should feel free to send me a note.   Please leave your instructions in the jury room when you conclude your deliberations.

### Instruction No. 2: Function of the Court

As I said, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.   It is your duty to accept the law as I instruct you.   You should consider all the instructions as a whole.   You may not ignore or refuse to follow any of them.

1

**Instruction No. 3: Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case.   You are the sole judges of the facts.   While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.   You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.   You should not be improperly influenced by anyone's race, ethnic origin, or gender.   Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done during the trial as indicating how I think you should decide this case.   If you believe that I have expressed or indicated any such opinion, you should ignore it.   The verdict in this case is your responsibility alone.

**Instruction No. 4: Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction No. 5: Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial.   The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, any reasonable inferences that you feel are justified in light of your experience.   You should give any evidence the weight that you think it is fairly entitled to receive.

**Instruction No. 6: Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes.   You may take your notebooks with you to the jury room and use them during your deliberations if you wish.   As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence.   The notes are intended to be for the notetaker's own personal use.

**Instruction No. 7: Statements of Counsel**

The statements and arguments of the lawyers are not evidence.   They are only intended to assist you in understanding the evidence.   Likewise, the questions of the lawyers are not evidence.

**Instruction No. 8: Indictment Not Evidence**

As I've explained, the Defendant was charged in this case via an indictment.   An indictment is merely the formal way of accusing a person of a crime.   You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Alberts's guilt or draw any inference of guilt from it.

**Instruction No. 9: Burden of Proof**

Every defendant in a criminal case is presumed to be innocent.   This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.   This burden never shifts throughout the trial. The law does not require Mr. Alberts to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of an offense with which Mr. Alberts is charged, it is your duty to find him guilty of that offense.   On

the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find Mr. Alberts not guilty of that offense.

### Instruction No. 10: Reasonable Doubt

The government has the burden of proving Mr. Alberts guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where it is only necessary to prove that a fact is more likely true than not true, or, in some cases, that its truth is highly probable.   In criminal cases such as this one, the government's proof must be more powerful than that.   It must be beyond a reasonable doubt.   Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based on the evidence or lack of evidence in the case.   If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.   It is not an imaginary doubt, however, nor a doubt based on speculation or guesswork; it is a doubt based on reason.   The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.   Its burden is to prove guilt beyond a reasonable doubt.

### Instruction No. 11: Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.   When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.   On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.   Assume a person looked out a window and saw that snow was falling.   If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.   But now assume that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground the following morning.   His testimony about what he had seen would be circumstantial evidence that it had snowed overnight.

The law says that both direct and circumstantial evidence are acceptable means of proving a fact.   The law does not favor one form over another.   It is for you to decide how much weight to give to any particular evidence, whether direct or circumstantial.   You are permitted to give equal weight to both.   Circumstantial evidence does not require a greater degree of certainty than direct evidence.   In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Instruction No. 12: Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict.   I asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### Instruction No. 13: Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.   Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.   You may find that the testimony of a smaller

number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other, or you might find the opposite.

## Instruction No. 14: Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.   You alone determine whether to believe any witness and the extent to which a witness should be believed.   Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which he or she testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or any friendship or hostility toward other people involved in the case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or disparities in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.   Two or more persons witnessing an incident or transaction may see it or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience.   In weighing the effects of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.   You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Instruction No. 15: Law Enforcement Officer Testimony

You have heard testimony from officers of the United States Capitol Police, the Metropolitan Police Department, the Federal Bureau of Investigation, and the United States Secret Service.   A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.   In evaluating an officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.   In no event should you give either

greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

### Instruction No. 16: Evaluation of Prior Inconsistent Statement of a Witness

You have heard evidence that one or more witnesses made a statement on an earlier occasion and that this statement may be inconsistent with his or her testimony here at trial.   It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.   If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

### Instruction No. 17: Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.   You must not hold such objections against the lawyer who made them or the party he represents.   It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.   If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.   Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

### Instruction No. 18: Defendant as Witness

A defendant has a right to testify on his own behalf.   His testimony should not be disbelieved merely because he is the defendant.   In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of the case.   As with the

testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

### Instruction No. 19: Character of Defendant

Mr. Alberts has introduced testimony that he has a good reputation in his community for following the law, for peacefulness, and for truthfulness.   Such evidence may indicate to you that it is unlikely that a law-abiding, non-violent person would commit the crimes charged or it may not.   You may consider this evidence along with other evidence in the case including evidence that contradicts Mr. Alberts's character evidence and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. Alberts is guilty of the crimes charged, it is your duty to find him guilty.   On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

### Instruction No. 20

### Count One – Civil Disorder

Count One of the indictment charges the defendant with committing an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

- First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

- Second, at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

- Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.  It does not include Congress's certification of the Electoral College vote.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

For the U.S. Capitol Police and the Metropolitan Police Department, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

### Instruction No. 21

### Count Two – Assaulting, Resisting or Impeding Certain Officers

Count Two charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

- First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Stephen Sherman, Officer Brett Sorrell, or another officer from the United States Capitol Police.

- Second, the defendant did such acts forcibly.

- Third, the defendant did such acts voluntarily and intentionally.

- Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then

engaged in the performance of his official duties, or any person assisting such an officer or employee in the performance of that officer's duties.

- Fifth, the defendant made physical contact with a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties, or acted with the intent to commit another felony.   For purposes of this element, "another felony" refers to the offenses charged in Counts One, Three, and Four.

### Definitions

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against an officer.   A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.   A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.   In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that Officer Shauni Kerkhoff, Sergeant Adam DesCamp, Sergeant Matthew Flood, Officer Eugene Goodman, Officer Stephen Sherman, and Officer Brett Sorrell are officers of the United States Capitol Police and that it was a part of the official duty of such officers to protect the U.S. Capitol complex on January 6, 2021.   It is not necessary to show that the

defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

**Instruction No. 22**

**Count Three – Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm**

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon or a firearm, which is a violation of federal law.    I am going to instruct you on this charge and also on the lesser included offense of entering or remaining in a restricted building or grounds.   After I give you the elements of these crimes, I will tell you in what order you should consider them.

In order to find the defendant guilty of entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon or firearm, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

- Second, that the defendant did so knowingly.

- Third, that the defendant carried a deadly or dangerous weapon or a firearm during and in relation to the offense.

In order to find the defendant guilty of entering or remaining in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous weapon

element—you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

- Second, that the defendant did so knowingly.

Now I am going to instruct you as to the order in which you should consider these offenses.   You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon or firearm.   If you find the defendant guilty, do not go on to consider if the defendant is guilty of the lesser included offense of entering or remaining in a restricted building or grounds.   If you find the defendant not guilty of entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon or firearm, go on to consider whether the defendant is guilty of the lesser included offense of entering or remaining in a restricted building or grounds.   And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon or firearm, you are not able to do so, you are allowed to consider the other entering or remaining charge.

This order will be reflected in the verdict form that I will be giving you.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning as that described for Count One.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly.   Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carries it with the intent that it be used in a manner capable of causing serious bodily injury.   The defendant need not have actually used the object in that manner.

A "firearm" is defined as any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device.

### Instruction No. 23

### Count Four – Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm

Count Four of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while carrying a dangerous or deadly weapon or firearm, which is a violation of federal law.   I am going to instruct you on this charge and also on the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds.   After I give you the elements of these crimes, I will tell you in what order you should consider them.

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, while carrying a dangerous or deadly weapon or firearm, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in disorderly or disruptive conduct in any restricted building or grounds.

- Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

- Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

- Fourth, that the defendant carried a deadly or dangerous weapon or firearm during and in relation to the offense.

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in disorderly or disruptive conduct in any restricted building or grounds.

- Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

- Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds, while carrying a dangerous or deadly weapon or firearm.   If you find the defendant guilty, do not go on to consider if the defendant is guilty of the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds.   If you find the defendant not guilty, go on to consider whether the defendant is guilty of the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds.   And if, after

16

making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon or firearm, you are not able to do so, you are allowed to consider the other disorderly or disruptive conduct charge.

This order will be reflected in the verdict form that I will be giving you.

### Definitions

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building or grounds" has the same meaning as described in Count Three.

The term "knowingly" has the same meanings as described in the instructions for Count One.

The term "deadly or dangerous weapon" has the same meaning as described in the instructions for Count Three.

The term "firearm" has the same meaning as described in the instructions for Count Three.

### Instruction No. 24

### Count Five – Engaging in Physical Violence in a Restricted Building or Grounds

Count Five of the indictment charges the defendant with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of engaging in physical violence in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in any act of physical violence against any person or property in any restricted building or grounds.

- Second, that the defendant did so knowingly.

**Definitions**

The term "act of physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual; or damage to, or destruction of, real of personal property.

The term "restricted building or grounds" has the same meaning as described in Count Three.

The term "knowingly" has the same meanings as described in the instructions for Count One.

**Instruction No. 25**

**Count Six – Unlawful Possession of a Firearm on Capitol Grounds or Buildings**

Count Six of the indictment charges the defendant with unlawful possession of a firearm on Capitol Grounds or Buildings, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- That the defendant knowingly carried in any of the United States Capitol Buildings or Grounds a firearm, dangerous weapon, explosives, or an incendiary device.

**Definitions**

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia.   The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.   The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

### Instruction No. 26

### Count Seven – Disorderly Conduct in a Capitol Building or Grounds

Count Seven of the indictment charges the defendant with disorderly conduct in a Capitol building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol buildings or grounds.

- Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

- Third, that the defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol buildings" has the same meaning described in the instructions for Count Six.

The term "Capitol Grounds" has the same meaning described in the instructions for Count Six.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

## Instruction No. 27

### Count Eight – Act of Physical Violence in the Capitol Grounds or Building

Count Eight of the indictment charges the defendant with an act of physical violence in the Capitol Grounds or Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in an act of physical violence in any of the United States Capitol Buildings or Grounds.

- Second, that the defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol Buildings" has the same meaning as described in Count Six.

The term "Capitol Grounds" has the same meaning as described in the instructions for Count Six.

The term "act of physical violence" has the same meaning as described in the instructions for Count Five.

20

The term "willfully" has the same meaning as described in the instructions for Count Seven.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

**Instruction No. 28**

**Count Nine – Carrying a Pistol Without a License Outside Home or Place of Business**

Count Nine of the indictment charges the defendant with carrying a pistol without a license, which is a violation of D.C. law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant carried a pistol on or about his person within the District of Columbia.

- Second, he did so voluntarily and on purpose, and not by mistake or accident.

- Third, the defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia.

- Fourth, he carried the pistol in a place other than his home, place or business, or land or premises controlled by him.

**Definitions**

The term "pistol" means a firearm that has a barrel less than 12 inches in length or that was originally designed to be fired with a single hand.   The term "firearm" means a weapon, regardless of operability which will or is intended to expel a bullet by the action of an explosive.

A person carries a pistol on or about his person if it was on his person or if it was conveniently accessible to him and within his reach.

**Instruction No. 29: Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.   You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.   You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction No. 30: Multiple Counts—One Defendant**

Each count of the indictment charges a separate offense.   You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count.   The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

CONCLUDING INSTRUCTIONS

**Instruction No. 31: Unanimity—General**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.   In other words, your verdicts must be unanimous.

**Instruction No. 32: Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations.   The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.   Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.   Please follow the instructions closely.

**Instruction No. 33: Exhibits During Deliberation**

I will be sending into the jury room with you the exhibits that have been admitted into evidence.   You may examine any or all of them as you consider your verdict.   Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction No. 34: Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio.   There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.   As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted.   You should not guess as to what has been taken out or why, and you should not hold it against either party.   You are to decide the facts only from the evidence that is before you.

**Instruction No. 35: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.   There are no specific rules regarding how you should select a foreperson.   That is up to you.   However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 36: Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.   The duty of imposing a sentence in the event of a conviction rests exclusively with me.   Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction No. 37: Cautionary Instruction on Publicity, Communications, Research**

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case.   If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.   You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.   If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.   Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.   During deliberations, you may not communicate with anyone not on the jury about this case.   This includes any electronic communication such as email or text or any blogging about the case.   In addition, you may not conduct any independent investigation during deliberations.   This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction No. 38: Communications Between Court and Jury During Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Jenkins or one of the marshals, signed by your foreperson or by one or more members of the jury.   No member of the jury should try to communicate with me about the case except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not Ms. Jenkins, the marshal, or me—how jurors are voting until after you have reached a unanimous verdict.   This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion— whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 39: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.   It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.   When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.   Furthermore,

many juries find it useful to avoid an initial vote upon retiring to the jury room.   Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.   Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

### Instruction No. 40: Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.   As I told you before, the selection of an alternate was an entirely random process; it's nothing personal.   We selected two seats to be the alternate seats before any of you entered the courtroom.   Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats four and six.

Before you leave, I am going to ask you to make sure Ms. Jenkins has all of your current information.   I do this because it is possible that we will need to summon you back to rejoin the jury in case something happens to a regular juror.   Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.   My earlier instruction on use of the internet still applies; do not research this case or communicate about it on the internet. If you are not needed, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, a chance that we will need to bring you back on to the jury.   Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

### Instruction No. 41: Delivering the Verdict

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should

fill out and sign the verdict form that will be provided.   I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you.   You may now retire to begin your deliberations.


   April 18, 2023                                                  _____