UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No.: 21-CR-026 (CRC)

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                        Case No. 21-cr-026 (CRC)

CHRISTOPHER MICHAEL ALBERTS
        Defendant.
_____/

### ALBERTS REPLY TO UNITED STATES OPPOSITION TO MOTION FOR ACQUITTAL AND/OR NEW TRIAL

COMES NOW, Defendant, CHRISTOPHER MICHAEL ALBERTS, (hereinafter, "Defendant" or "Alberts"), by and through undersigned counsel, with this reply to the United States' Opposition (ECF #161) to Alberts' Motion for Acquittal and/or New Trial.

    First, the United States offers a version of facts which is decidedly different from the evidence at trial. "To reach that location," writes the government, "Alberts passed through various obstacles including snow fencing, bike rack barricades, the Olmstead wall, and lines of officers. At around 1:10 p.m., he told other rioters who were interfering with USCP officers, "We'll get them soon."

"Alberts donned his gas mask at around 1:20 p.m., waved to the crowd, and confronted riot police, yelling, "you've got the wrong motherfucker, you see that right there?" (while pointing to military patches on his body armor)."

Every one of these assertions is either exaggerated, misstated, inaccurate, out of context, or plainly false. At no time did the government introduce any video evidence of Alberts "passing through" "snow fencing" or bike rack barricades, the "Olmstead wall." All the government showed was that such obstacles were erected at certain places at certain times. Alberts never broke through or passed over such barricades.

Nor does the government admit the exculpatory context of Alberts' statements. When Alberts' said "you've got the wrong motherfucker, you see that right there?" (pointing to military patches)," Alberts was informing riot officers that he was an <u>upstanding, law-abiding former combat veteran, on the same side as the officers</u>. Alberts contests several additional factual statements offered by the government. Alberts was not "the first rioter to go hands-on with officers on the Steps" at 1:54 p.m. Any such statements would have been false testimony, and Alberts invites an evidentiary hearing on the question if there is any doubt. By 1:54 there had already been several <u>detentions</u> of demonstrators for physical contact with officers on steps or scaffolding. (Again, we invite an evidentiary hearing if the Court doubts this.)

Alberts also contests that he ever used a pallet as a "makeshift battering ram" and no officer was ever harmed, bowled over, or "battered" by such a "battering ram."

Nor did Alberts indicate any present intention to "overthrow the government and reinstate a new government." Alberts merely repeated those well-worn, well-recognized aphorisms regarding the duties of Americans. Of course, prosecutors know these principles are embedded in America's founding documents, which Alberts was quoting. It quite simply **is** the duty of American citizens to overthrow the government and reinstate a new government for the people, as a matter of law, in certain circumstances.

## UNDER THE SECOND AMENDMENT, ALBERTS IS ENTITLED TO ACQUITTAL ON ALL THE FIREARM POSSESSION COUNTS

As already described in Alberts' motion, Alberts merely possessed a firearm for his own protection on Jan. 6. He did not use, draw, reveal, expose, or brandish, any firearm. He did not commit any crimes with his 9-millimeter pistol. Alberts' possession of the pistol was protected by the Second Amendment.

Alberts resubmits that 18 U.S.C. § 1752(b)(1)(A) is unconstitutional under Bruen, in that the statute enhances the punishment of an individual who merely carries a deadly or dangerous weapon or firearm" in a public non-sensitive forum. The same goes with 40 U.S.C. § 5104(e)(1)(A)(i) (requiring that a person "may not carry on or have readily accessible … on the Grounds or in any of the Capitol Buildings, a firearm, a dangerous weapon, explosives, or an incendiary device" as applied to the facts in Alberts' case.

The *Bruen* decision plainly struck down all laws which infringe on the mere carrying of firearms in nonsensitive public areas for one's own defense. Thus, Alberts is entitled to judgment of acquittal as a matter of law. And Alberts was deprived of his right to have the jury, and not the judge, make the determination that the outer public steps of the Capitol are not a sensitive space.

As the Supreme Court has explained, "[n]o one doubts that one who bears arms on his person 'carries a weapon.'" *Muscarello v. United States*, 524 U.S. 125, 131 (1998). Considering the meaning of the word "carry" in the context of 18 U.S.C. § 924(c) (using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime), the Court found that "the 'generally accepted contemporary meaning' of the word 'carry' includes the carrying of a firearm in a vehicle" as well. Id. at 139.

Under *Bruen*, Alberts' convictions on Counts Three, Four, Six, and Nine violate the Constitution. Alberts was not even allowed to argue his innocence to the jury under *Bruen* or the Second Amendment. This was a miscarriage of justice, warranting a new trial pursuant to Rule 33.

## LEGAL STANDARD

Under Rule 29 of the Federal Rules of Criminal Procedure, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient

to sustain a conviction." Fed. R. Crim. P. 29(a). Rule 33(a) "permits a court to 'vacate any judgment and grant a new trial if the interest of justice so requires.'"

Alberts was wrongly convicted of the firearm possession counts in his trial because the jury was not informed of the Second Amendment's application to his case. And Alberts was also wrongly convicted of the assault and civil-disorder counts because the jury was not allowed to consider Alberts' justified use of force.

Alberts was also denied his right to assert a First Amendment defense. The jury should have been instructed that jurors may not use a defendant's protected speech, petitioning, advocacy or expression as support for the government's allegations.

## CONCLUSION

For all the reasons described here and in Alberts' motion, Alberts is entitled to acquittal. In the alternative, Alberts requests a new trial.

RESPECTFULLY SUBMITTED,

/s/ Roger I. Roots, esq.

CERTIFICATE OF SERVICE

I certify that on July 11, 2023 I uploaded this document to the Court's electronic ECF filing system, which constitutes service upon all parties of record.

/s/ Roger I. Roots, esq.