**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


UNITED STATES OF AMERICA,

                Plaintiff,

    v.                               Case No.  1:21-cr-026 (CRC)

CHRISTOPHER MICHAEL ALBERTS
                Defendant.
_____/


<u>CHRISTOPHER ALBERTS' SUPPLEMENT TO DEFENDANT'S
SENTENCING MEMORANDUM WITH MEDICAL CONDITION,
MOTION TO FILE MEDICAL INFORMATION UNDER SEAL,
AND RENEWED MOTION FOR CONTINUANCE</u>


      Christopher Alberts, by counsel, hereby moves to supplement his Sentencing

Memorandum with details of his medical conditions and diagnoses, moves to file said

information under seal, and renews his motion to continue his sentencing hearing in whole or in

part.  Counsel suggests that the Court may need to hear from Alberts' doctor from the VA

Medical Center in Maryland by zoom

      Although Alberts has saved several lives through his medical assistance, the Court should

be aware of his own burdens and impairments as well.



Alberts saved the life of a heart attack victim at a casino on his birthday in 2020.

Alberts came to the aid of a fellow protestor on January 6 whose lip was blown off by an illegal less-lethal round to the face.  The government objected to this evidence at trial, and the Court sustained the objection, leaving the jury with no knowledge of Alberts' life-saving care and assistance.  The Court ruled that this was "irrelevant" because it occurred after Alberts' assault episode.  But this emergency care by Alberts was actually quite relevant because it showed (1) further evidence of Alberts' assistance and protectiveness on Jan. 6, (2) illegal use of excessive force by law enforcement on Jan. 6, and (3) yells and shouts by the crowd indicating explicitly that law enforcement was the aggressor—which would have supported Alberts' self-defense-or-defense-of-others defense.



This video may be viewed at

**https://twitter.com/fordfischer/status/1400848556278403075?s=12&t=9IkaL_AN5q2dmBL dLYLoyg**





**"You're fucking aggressors"** Trump supporter told cops as they tended to an injured person sitting on the ground and bleeding from the face.

**"You blew his fucking lip off,"** said a Trump supporter

Another ID'ed himself as a physician's assistant and said "he's too weak to walk."

12:14 PM · Jun 4, 2021

### ADDITIONALLY, ALBERTS ALERTS THE COURT TO CERTAIN MEDICAL AND MENTAL HEALTH RECORDS.

Counsel insists that the Government is once again flagrantly violating Rule 106 of the Federal Rules of Evidence ("Doctrine of Completeness").  As a result, the Government presents a completely false impression of Defendant Alberts' statements on recordings, which do not

mean what the Government suggests.  A complete review of the recordings indicates very different meanings than the Government would like to create.  A complete review further makes clear that the expression of purely political views and the exercise of free speech – regardless of the Government's attempt to shoe-horn them into evidence about the charges – is being censored and attacked in the Government's narrative.

Nevertheless, the medical information submitted documents very significant impairment issues in existence prior to January 6, 2021, including injuries that would directly affect the linear nature of his thought process and expressions.  Alberts quoted from ANTIFA, left-wing rioters and anarchist rioters about their attacks on police (such as "ACAB" – the frequent graffiti "All Cops are Bastards" spread everywhere by ANTIFA).  The Government seeks to portray Defendant Albert's recitation of what ANTIFA is saying while smearing police and not being prosecuted as being Albert's own opinions.  Alberts' explanations are at times not perfectly clear but are plain enough when viewed in their entirety as being complaints that the police spent six years not arresting ANTIFA rioters despite ANTIFA's attacks on police but were instead hassling patriots.

The U.S. Sentencing Guideline §5H1.3. Mental and Emotional Conditions (Policy Statement) explains:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. See also Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).

> In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. See §5C1.1, Application Note 7.

> Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release; e.g., participation in a

5

mental health program (see §§5B1.3(d)(5) and 5D1.3(d)(5)).

And the U.S. Sentencing Guideline Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction (Policy Statement) explains:

> Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

> Drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime. Due to this increased risk, it is highly recommended that a defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program (see §5D1.3(d)(4)). If participation in a substance abuse program is required, the length of supervised release should take into account the length of time necessary for the probation office to judge the success of the program.

> In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. See §5C1.1, Application Note 7.

> In a case in which a defendant who is a substance abuser is sentenced to probation, it is strongly recommended that the conditions of probation contain a requirement that the defendant participate in an appropriate substance abuse program (see §5B1.3(d)(4)).

> Addiction to gambling is not a reason for a downward departure.

**CONCLUSION**

The Defendant simultaneously files medical information under seal and asks for the Court's approval for filing under seal.

The Defendant asks the Court to receive and consider this supplement as an addition to his Sentencing Memorandum with allowance of equal treatment for both sides.

Dated:  July 17, 2023      RESPECTFULLY SUBMITTED
              **CHRISTOPHER MCHAEL ALBERTS,**
              *By Counsel*

             _____/s/\_\_John M. Pierce_____
             John M. Pierce, Esq.
             John Pierce Law Firm
             21550 Oxnard Street
             3rd Floor, PMB #172
             Woodland Hills, CA 91367
             Tel: (213) 400-0725
             Email: ***jpierce@johnpiercelaw.com***
             Attorney for Defendant

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document is being filed on this July 17, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system, which will send an electronic copy of to the following CM/ECF participants.  From my review of the PACER account for this case the following attorneys are enrolled to receive notice and a copy through the ECF system.

        MATTHEW M. GRAVES
        United States Attorney

        Shalin Nohria, Esq.
        Assistant U.S. Attorney
        United States Attorney's Office
        For the District of Columbia
        601 D. Street, NW
        Washington, DC 20530
        Telephone:  (202) 252-7215
        E-mail:  **Shalin.Nohria@usdoj.gov**

        Jordan Konig, Esq.
        Trial Attorney
        U.S. Department of Justice
        **Jordan.A.Konig@usdoj.gov**

          _____/s/\_\_ Roger Roots_____
           Roger Roots, Esq.