APPEAL,CAP,CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00026−CRC</u>−1

Case title: USA v. ALBERTS

Magistrate judge case number:  1:21−mj−00010−GMH

Date Filed: 01/27/2021

Assigned to: Judge Christopher R. Cooper

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **CHRISTOPHER ALBERTS**<br>*also known as*<br>CHRISTOPHER MICHAEL ALBERTS | represented by | **John M. Pierce**<br>JOHN PIERCE LAW P.C.<br>21550 Oxnard Street<br>Suite 3rd Floor OMB #172<br>Woodland Hills, CA 91367<br>213−400−0725<br>Email: jpierce@johnpiercelaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Roger Roots**<br>10 Dorrance Street<br>Suite 700 #649<br>Providence, RI 02903<br>775−764−9347<br>Email: rroots@johnpiercelaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Allen Howard Orenberg**<br>THE ORENBERG LAW FIRM, P.C.<br>12505 Park Potomac Avenue<br>6th Floor<br>Potomac, MD 20854<br>(301) 984−8005<br>Fax: (301) 984−8008<br>Email: aorenberg@orenberglaw.com<br>*TERMINATED: 08/15/2022*<br>*Designation: CJA Appointment* |
| | | **John C. Kiyonaga**<br>JOHN C. KIYONAGA LAW OFFICE<br>600 Cameron Street |

1

Alexandria, VA 22314
(703) 739–0009
Fax: (703) 549–2988
Email: jkiyonaga@earthlink.net
*TERMINATED: 08/11/2021*
*Designation: Retained*

**Kenneth Ferguson**
FERGUSON LAW PA
1 East Broward Boulevard
Suite #700
Fort Lauderdale, FL 33301
904–613–9811
Email: wayne@fergusonlawpa.com
*TERMINATED: 06/24/2022*
*PRO HAC VICE*
*Designation: Retained*

**Tony W. Miles**
MILES LAW PLLC
1717 K Street, NW
Suite 900
Washington, DC 20006
202–717–6733
Email: tonymiles@mileslawpllc.com
*TERMINATED: 01/21/2021*
*Designation: Public Defender or Community
Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 40:5104(e)(1)(A)(i); FEDERAL STATUTES, OTHER; Unlawful Possession of a Firearm on Capitol Grounds or Buildings. (1) | DISMISSED |
| 18:231(a)(3); CIVIL DISORDER; Civil Disorder (1s) | DISMISSED |
| 18:231(a)(3); CIVIL DISORDER; Civil Disorder (1ss) | Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant |

|  |  |
|---|---|
|  | shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution. |
| 18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in any Restricted Building. (2) | DISMISSED |
| 18:111(a)(1); ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES; Assaulting, Resisting, or Impeding Certain Officers (2s) | DISMISSED |
| 18:111(a)(1); ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES; Assaulting, Resisting, or Impeding Certain Officers (2ss) | Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution. |
| 22 DC Code 4504(a) (2001 ed.); FIREARMS; Carrying a Pistol without a License [Outside Home or Place of Business]. (3) | DISMISSED |
| 18:1752(a)(1) and (b)(1)(A); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (3s) | DISMISSED |
| 18:1752(a)(1) and (b)(1)(A); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (3ss) | Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts |

7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution.

22 DC Code 2506.01(b) (2001 ed.); FEDERAL STATUTES, OTHER; Possession of a Large Capacity Ammunition Feeding Device. (4)

DISMISSED

18:1752(a)(2) and (b)(1)(A); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (4s)

DISMISSED

18:1752(a)(2) and (b)(1)(A); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (4ss)

Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution.

18:1752(a)(4); TEMPORARY RESIDENCE OF THE PRESIDENT; Engaging in Physical Violence in a Restricted Building or Grounds (5s)

DISMISSED

18:1752(a)(4); TEMPORARY RESIDENCE OF THE PRESIDENT; Engaging in Physical Violence in a Restricted Building or Grounds (5ss)

Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months

as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution.

40:5104(e)(1)(A)(i); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Unlawful Possession of a Firearm on Capitol Grounds or Buildings
(6s)

DISMISSED

40:5104(e)(1)(A)(i); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Unlawful Possession of a Firearm on Capitol Grounds or Buildings
(6ss)

Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution.

40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building
(7s)

DISMISSED

40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building
(7ss)

Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts

1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution.

40:5104(e)(2)(F); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Act of Physical Violence in the Capitol Grounds or Buildings
(8s)

DISMISSED

Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution.

40:5104(e)(2)(F); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Act of Physical Violence in the Capitol Grounds or Buildings
(8ss)

22 DC Code 4504(a) (2001 ed.); FIREARMS; Carrying a Pistol without a License [Outside Home or Place of Business]
(9s)

DISMISSED

22 DC Code 4504(a)(2001 ed.); FIREARMS; Carrying a Pistol without a License [Outside Home or Place of Business]
(9ss)

Defendant committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss and 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5;

|  |  |
|---|---|
|  | and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution. |
| 22 DC Code 2506.01(b) (2001 ed.); FEDERAL STATUTES, OTHER; Possession of a Large Capacity Ammunition Feeding Device (10s) | DISMISSED |
| 22 DC Code 2506.01(b) (2001 ed.); FEDERAL STATUTES, OTHER; Possession of a Large Capacity Ammunition Feeding Device (10ss) | DISMISSED BY GOVERNMENT MOTION [34] – GRANTED BY THE COURT |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 40:5104(e)(1)(A)(I) | |

---

**Interested Party**

| | | |
|---|---|---|
| **PRESS COALITION** | represented by | **Charles D. Tobin** BALLARD SPAHR LLP 1909 K Street, NW 12th Floor Washington, DC 20006 202–661–2218 Fax: 202–661–2299 Email: tobinc@ballardspahr.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Retained* |
| | | **Lauren Russell** BALLARD SPAHR LLP 1909 K Street, NW 12th Floor Washington, DC 20006 202–661–2200 |

Fax: 202–661–2299
Email: russelll@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maxwell S. Mishkin**
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
(202) 508–1140
Fax: (202) 661–2299
Email: mishkinm@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**                               represented by   **Jordan Andrew Konig**
U.S. DEPARTMENT OF JUSTICE
Civil Trial Section – Northern Region
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
(202) 305–7917
Email: jordan.a.konig@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Brandon K. Regan**
DOJ–USAO
Federal Major Crimes
555 4th St NW
Washington, DC 20530
202–252–7759
Email: brandon.regan@usdoj.gov
*TERMINATED: 06/23/2022*
*Designation: Assistant U.S. Attorney*

**Kyle Moran McWaters**
USAO
United States Attorney's Office
601 D Street NW
Washington, DC 20001
918–902–5977
Email: kyle.mcwaters@usdoj.gov
*TERMINATED: 11/23/2022*
*Designation: Assistant U.S. Attorney*

**Samuel Dalke**
DOJ–USAO
228 Walnut Street
Suite 220
Harrisburg, PA 17101
(717) 221–4453
Email: samuel.s.dalke@usdoj.gov
*TERMINATED: 06/16/2023*
*Designation: Assistant U.S. Attorney*

**Shalin Nohria**
United States Attorney's Office
601 D Street NW
Suite Office 6.713
Washington, DC 20001
(202) 344–5763
Email: shalin.nohria@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/07/2021 | 1 | SEALED COMPLAINT as to CHRISTOPHER MICHAEL ALBERTS (1). (Attachments: # 1 Statement of Facts) (zstd) [1:21–mj–00010–GMH] (Entered: 01/07/2021) |
| 01/07/2021 | | Case unsealed as to CHRISTOPHER MICHAEL ALBERTS (zstd) [1:21–mj–00010–GMH] (Entered: 01/07/2021) |
| 01/07/2021 | | Arrest of CHRISTOPHER MICHAEL ALBERTS. (zpt) [1:21–mj–00010–GMH] (Entered: 01/08/2021) |
| 01/07/2021 | 3 | Arrest Warrant Returned Executed on 1/7/2021 as to CHRISTOPHER MICHAEL ALBERTS. (zpt) [1:21–mj–00010–GMH] (Entered: 01/08/2021) |
| 01/07/2021 | | MINUTE ORDER As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge G. Michael Harvey on 1/7/2021. (zpt) [1:21–mj–00010–GMH] (Entered: 01/08/2021) |
| 01/07/2021 | | ORAL MOTION to Appoint Counsel by CHRISTOPHER MICHAEL ALBERTS. (zpt) [1:21–mj–00010–GMH] (Entered: 01/08/2021) |
| 01/07/2021 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to CHRISTOPHER MICHAEL ALBERTS. (zpt) [1:21–mj–00010–GMH] (Entered: 01/08/2021) |
| 01/07/2021 | | ORAL MOTION for Release from Custody by CHRISTOPHER MICHAEL ALBERTS. (zpt) [1:21–mj–00010–GMH] (Entered: 01/08/2021) |
| 01/07/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephonic Initial Appearance/Detention Hearing as to CHRISTOPHER MICHAEL |

| | | |
|---|---|---|
| | | ALBERTS (1) held on 1/7/2021. Oral Motion to Appoint Counsel by CHRISTOPHER MICHAEL ALBERTS (1) Heard and Granted. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to CHRISTOPHER MICHAEL ALBERTS (1) Heard and Denied. Oral Motion for Release from Custody by CHRISTOPHER MICHAEL ALBERTS (1) Heard and Granted. Preliminary Hearing set for 1/28/2021 at 02:00 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Released on Personal Recognizance/Release Order Issued; Court Reporter: Nancy Meyer Defense Attorney: Tony Miles; US Attorney: Kelly Smith; Pretrial Officer: Masharia Holman; (zpt) [1:21−mj−00010−GMH] (Entered: 01/08/2021) |
| 01/21/2021 | 5 | NOTICE OF ATTORNEY APPEARANCE: John C. Kiyonaga appearing for CHRISTOPHER MICHAEL ALBERTS (Kiyonaga, John) [1:21−mj−00010−GMH] (Entered: 01/21/2021) |
| 01/27/2021 | 7 | INDICTMENT as to CHRISTOPHER ALBERTS (1) count(s) 1, 2, 3, 4. (zhsj) (zhsj). (Entered: 01/28/2021) |
| 02/19/2021 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: The parties are to appear for an Arraignment set for 2/25/2021 at 1:00 PM by VTC before Judge Christopher R. Cooper. The hearing will proceed by videoconferencing for the parties and by telephone for members of the public. Pursuant to Standing Order 20−20 (BAH), the Court will provide public access to the hearing. It is hereby ORDERED that the participants using the public access telephone line shall adhere to the rules set forth in Standing Order 20−20 (BAH), available on the Court's website. Toll Free Number: 888−204−5984; Access Code: 8981531. SO ORDERED by Judge Christopher R. Cooper on 2/19/2021.(lsj) (Entered: 02/19/2021) |
| 02/25/2021 | | Minute Entry for video Arraignment held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 2/25/2021. Defendant consents to appear by video and sworn. Defendant arraigned and waives the formal reading of the Indictment and enters a Plea entered of Not Guilty on all counts (1−4). Status Conference set for 4/28/2021 at 10:00 AM in by VTC before Judge Christopher R. Cooper. The Court finds it in the interest of justice, to toll the speedy trial clock from 2/25/21 through 4/28/21. Defendant advised to continue to adhere to the conditions of release previously set forth. Bond Status of Defendant: remains on supervised release. Court Reporter: Lisa Moreira. Defense Attorney: John C. Kiyonaga; Assistant U.S. Attorney: Brandon K. Regan. (Modified by lsj) (Entered: 02/25/2021) |
| 03/22/2021 | 9 | Unopposed Motion to Continue and to Exclude Time Under the Speedy Trial Act , MOTION to Continue by USA as to CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Regan, Brandon) Modified relief on 3/26/2021 (znmw). (Entered: 03/22/2021) |
| 03/23/2021 | | MINUTE ORDER: Upon consideration of 9 the Government's Unopposed Motion to Continue and to Exclude Time Under the Speedy Trial Act, the Status Conference previously scheduled for April 28, 2021 is hereby vacated and reset for May 25, 2021, at 10:00 AM by videoconference. It is further ordered that, in the interests of justice, and hearing no objection from the defense, the time between April 28, 2021 and May 25, 2021 is excluded from the otherwise applicable Speedy Trial Act calculations to allow the Government to organize and produce the voluminous discovery anticipated in this case and related cases. Signed by Judge Christopher R. Cooper on 03/23/2021. (lccrc3) (Entered: 03/23/2021) |

| 04/27/2021 | 10 | MOTION for Protective Order by USA as to CHRISTOPHER ALBERTS. (Attachments: # 1 Affidavit, # 2 Supplement)(Regan, Brandon) (Entered: 04/27/2021) |
|---|---|---|
| 04/28/2021 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: It appears that no proposed order was filed with the Government's 10 Motion for Protective Order. The Government shall promptly file the proposed protective order on the docket. It is further ordered that Defendant shall file any response to the Motion on or before May 3, 2021, and the Government shall file any reply by May 6, 2021. Signed by Judge Christopher R. Cooper on 04/28/2021. (lccrc3) (Entered: 04/28/2021) |
| 04/28/2021 | | Set/Reset Deadlines as to CHRISTOPHER ALBERTS: Responses due by 5/3/2021 and Replies due by 5/6/2021. (lsj) (Entered: 04/28/2021) |
| 04/29/2021 | 11 | Supplemental MOTION for Protective Order by USA as to CHRISTOPHER ALBERTS. (Regan, Brandon) (Entered: 04/29/2021) |
| 04/30/2021 | 12 | RESPONSE by CHRISTOPHER ALBERTS re 10 MOTION for Protective Order , 11 Supplemental MOTION for Protective Order (Kiyonaga, John) (Entered: 04/30/2021) |
| 05/12/2021 | 13 | ORDER granting 11 Motion for Protective Order as to CHRISTOPHER ALBERTS (1). See full Order for details. Signed by Judge Christopher R. Cooper on 05/12/2021. (lccrc3) (Entered: 05/12/2021) |
| 05/14/2021 | 14 | SUPERSEDING INDICTMENT as to CHRISTOPHER ALBERTS (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s. (zstd) (Entered: 05/17/2021) |
| 05/17/2021 | 16 | Unopposed MOTION for Disclosure *of 6e and Sealed Materials*, MOTION for Order Disclosure of 6e and Sealed Materials by USA as to CHRISTOPHER ALBERTS. (Regan, Brandon) (Entered: 05/17/2021) |
| 05/18/2021 | | MINUTE ORDER as to CHRISTOPHER ALBERTS (1): The Government's 16 Unopposed Motion for Order to Disclose Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials is hereby granted. The Government may provide in discovery materials protected by Federal Rule of Criminal Procedure 6(e). The Government may provide in discovery sealed materials, pursuant to the previously entered protective order. Signed by Judge Christopher R. Cooper on 05/18/2021. (lccrc3) (Entered: 05/18/2021) |
| 05/25/2021 | | Minute Entry for video Status Conference held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 5/25/2021. Further Status Conference set for 6/29/2021 at 10:00 AM by VTC before Judge Christopher R. Cooper. Defendant arraigned on superseding indictment and waives formal reading of Indictment and enters a Plea of Not Guilty on Counts 1s,2s,3s,4s,5s,6s,7s,8s,9s and 10s. The Court finds it in the interest of justice to toll the speedy trial clock from 5/25/2021 through 6/29/2021. Bond Status of Defendant: personal recognizance; Court Reporter: Lisa Moreira; Defense Attorney: John C. Kiyonaga; US Attorney: Brandon K. Regan. (lsj) (Entered: 05/25/2021) |
| 06/29/2021 | | Minute Entry for video Status Conference held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 6/29/2021. Further Status Conference set for 9/8/2021 at 11:00 AM by before Judge Christopher R. Cooper. The Court finds it in the interest of justice to toll the speedy trial clock from 6/29/2021 through 9/8/2021. Bond Status of Defendant: remains on personal recognizance; Court Reporter: |

| | | |
|---|---|---|
| | | Elizabeth Saint–Loth; Defense Attorney: John C. Kiyonaga; US Attorney: Brandon K. Regan. (lsj) (Entered: 06/29/2021) |
| 07/12/2021 | 19 | ENTERED IN ERROR..... MOTION United States Memorandum Regarding Status of Discovery , MOTION for Discovery by USA as to CHRISTOPHER ALBERTS. (Regan, Brandon) Modified on 7/12/2021 (zstd). (Entered: 07/12/2021) |
| 07/12/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to CHRISTOPHER ALBERTS re 19 MOTION United States Memorandum Regarding Status of Discovery MOTION for Discovery was entered in error and counsel was instructed to refile said pleading using the event Notices (Other). (zstd) (Entered: 07/12/2021) |
| 07/14/2021 | 20 | Consent MOTION to Withdraw as Attorney *for Christopher Alberts* by John C. Kiyonaga. by CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Kiyonaga, John) (Entered: 07/14/2021) |
| 07/16/2021 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: The 20 Motion to Withdraw as Attorney and Appoint Replacement Counsel is hereby denied without prejudice. To enable the Court to determine the defendant's eligibility for appointed counsel, defendant should complete and submit a Financial Affidavit on CJA Form 23, available at https://www.uscourts.gov/sites/default/files/cja23.pdf. After receiving a completed Financial Affidavit, the Court will entertain a renewed motion to withdraw and appoint replacement counsel. Signed by Judge Christopher R. Cooper on 07/16/2021. (lccrc3) (Entered: 07/16/2021) |
| 07/23/2021 | 21 | Amended MOTION to Withdraw as Attorney by John C. Kiyonaga. by CHRISTOPHER ALBERTS. (Attachments: # 1 Exhibit Proposed Order)(Kiyonaga, John) (Entered: 07/23/2021) |
| 07/26/2021 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: While the Court is willing to grant Defendant's Motion for Withdrawal of Counsel, it hesitates to do so before replacement counsel is either appointed or retained. See Local Crim. R. 44.5(d) (the Court may deny a motion to withdraw as counsel if withdrawal would "be unfairly prejudicial to any party, or otherwise not be in the interests of justice"). Accordingly, the Defendant, through counsel, is directed to notify the Court by July 30, 2021 whether he requests appointment of counsel (in which case he shall submit an accompanying financial affidavit) or intends to retain replacement counsel. Signed by Judge Christopher R. Cooper on 07/26/2021. (lccrc3) (Entered: 07/26/2021) |
| 07/27/2021 | | Set/Reset Deadlines as to CHRISTOPHER ALBERTS: Status Report due by 7/30/2021 (lsj) (Entered: 07/27/2021) |
| 07/30/2021 | 22 | STATUS REPORT *Consent Motion to Withdraw as Attorney (Doc 20) and Amendment to Same (Doc 21)* by CHRISTOPHER ALBERTS (Kiyonaga, John) (Entered: 07/30/2021) |
| 08/01/2021 | | MINUTE ORDER: In light of the 22 Status Report, the deadline for Defendant to notify the Court whether he intends to retain replacement counsel or seek appointment of counsel is hereby extended to August 6, 2021. Signed by Judge Christopher R. Cooper on 08/01/2021. (lccrc3) (Entered: 08/01/2021) |
| 08/06/2021 | 23 | Supplemental STATUS REPORT *Regarding Defendant's Motion for Withdrawal of Counsel* by CHRISTOPHER ALBERTS (Attachments: # 1 Exhibit)(Kiyonaga, John) (Entered: 08/06/2021) |
| 08/11/2021 | 24 | |

| | | |
|---|---|---|
| | | SUPPLEMENT by CHRISTOPHER ALBERTS re 20 Consent MOTION to Withdraw as Attorney *for Christopher Alberts* by John C. Kiyonaga. (Attachments: # 1 Affidavit)(Kiyonaga, John) (Attachment 1 printed to PDF and replaced on 8/11/2021) (zstd). (Entered: 08/11/2021) |
| 08/11/2021 | | MINUTE ORDER: It is hereby ORDERED that Mr. Kiyonaga's 21 Amended Motion to Withdraw as Attorney be GRANTED; it is further ORDERED that Mr. Alberts be assigned substitute counsel pursuant to the Criminal Justice Act. Signed by Judge Christopher R. Cooper on 08/11/2021. (lccrc3) (Entered: 08/11/2021) |
| 09/07/2021 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: The Court notes that the Defendant remains unrepresented by counsel and has made contact with the Office of the Federal Public Defender. To allow for additional time for appointment of counsel, the Status Conference set for 9/7/2021 is vacated and reset for 9/21/2021 at 3:00 PM by VTC before Judge Christopher R. Cooper. SO ORDERED by Judge Christopher R. Cooper on 9/7/21. (lsj) (Entered: 09/07/2021) |
| 09/08/2021 | 26 | NOTICE OF ATTORNEY APPEARANCE: Allen Howard Orenberg appearing for CHRISTOPHER ALBERTS (Orenberg, Allen) (Entered: 09/08/2021) |
| 09/16/2021 | 27 | NOTICE *Of Filing Discovery Request Letter* by CHRISTOPHER ALBERTS (Attachments: # 1 Exhibit Letter to AUSA Brandon K. Regan)(Orenberg, Allen) (Entered: 09/16/2021) |
| 09/21/2021 | | Minute Entry for video Status Conference before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 9/21/2021. Further Status Conference set for 11/10/2021 at 10:00 AM by VTC before Judge Christopher R. Cooper. The Court finds it in the interest of justice to toll the speedy trial clock from 9/21/2021 through 11/10/2021. Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorney: Allen Howard Orenberg; US Attorney: Brandon K. Regan. (lsj) (Entered: 09/21/2021) |
| 09/22/2021 | | NOTICE OF AMENDED HEARING as to CHRISTOPHER ALBERTS: In light of counsel's availability, the Status Conference is reset for 11/10/2021 at 11:00 AM by VTC before Judge Christopher R. Cooper. (lsj) (Entered: 09/22/2021) |
| 10/12/2021 | 28 | NOTICE OF ATTORNEY APPEARANCE Jordan Andrew Konig appearing for USA. (Konig, Jordan) (Entered: 10/12/2021) |
| 10/12/2021 | 29 | NOTICE *of Filing* by USA as to CHRISTOPHER ALBERTS (Attachments: # 1 Memorandum Regarding Status of Discovery as of July 12, 2021, # 2 Exhibit A – Additional Examples of Defense Discovery Requests, # 3 Memorandum Regarding Status of Discovery as of August 23, 2021, # 4 Memorandum Regarding Status of Discovery as of September 14, 2021)(Konig, Jordan) Modified text on 10/13/2021 (zstd). (Entered: 10/12/2021) |
| 10/25/2021 | 30 | NOTICE – *United States' Memorandum Regarding Status of Discovery as of October 21, 2021* by USA as to CHRISTOPHER ALBERTS (Konig, Jordan) (Entered: 10/25/2021) |
| 11/02/2021 | 31 | Joint MOTION to Continue *and Status Report* by USA as to CHRISTOPHER ALBERTS. (Regan, Brandon) (Entered: 11/02/2021) |
| 11/02/2021 | 32 | Joint STATUS REPORT by USA as to CHRISTOPHER ALBERTS. (See docket entry 31 to view document). (zstd) (Entered: 11/02/2021) |

| 11/05/2021 | | MINUTE ORDER: The Court grants the 31 Joint Motion to Continue as to CHRISTOPHER ALBERTS. The Status Conference set for 11/10/2021 is vacated and reset for 1/25/2022 at 10:00 AM by VTC before Judge Christopher R. Cooper. The Court finds it in the interest of justice to toll the speedy trial clock from 11/10/2021 through 1/25/2022. Signed by Judge Christopher R. Cooper on 11/5/2021. (lccrc3) (Entered: 11/05/2021) |
|---|---|---|
| 11/05/2021 | 33 | NOTICE – *United States' Memorandum Regarding Status of Discovery as of November 5, 2021* by USA as to CHRISTOPHER ALBERTS (Konig, Jordan) (Entered: 11/05/2021) |
| 11/05/2021 | | Set/Reset Hearings as to CHRISTOPHER ALBERTS:Status Conference reset for 1/25/2022 at 10:00 AM by VTC before Judge Christopher R. Cooper. (lsj) (Entered: 11/05/2021) |
| 11/10/2021 | 34 | SECOND SUPERSEDING INDICTMENT as to CHRISTOPHER ALBERTS (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss. (zstd) (Entered: 11/11/2021) |
| 01/25/2022 | | Minute Entry for video Status Conference held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 1/25/2022. Further Status Conference set for 3/30/2022 at 10:00 AM by VTC before Judge Christopher R. Cooper. The Court finds it in the interest of justice toll the speedy trial clock from 1/25/2022 through 3/30/2022. Forthcoming Pretrial Order. Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorney: Allen Howard Orenberg; US Attorneys: Brandon K. Regan and Jordan Andrew Konig. (lsj) (Entered: 01/25/2022) |
| 01/25/2022 | | MINUTE ORDER: As discussed at today's status conference, the parties are hereby directed to file a Joint Status Report in advance of the next status conference. The parties shall file that Joint Status Report on or before March 25, 2022. Signed by Judge Christopher R. Cooper on 1/25/2022. (lccrc3) (Entered: 01/25/2022) |
| 02/02/2022 | 37 | PRETRIAL ORDER as to CHRISTOPHER ALBERTS. See full Order for details. Signed by Judge Christopher R. Cooper on 2/2/2022. (lccrc3) (Entered: 02/02/2022) |
| 02/07/2022 | 38 | MOTION for Leave to Appear Pro Hac Vice Kenneth Wayne Ferguson Filing fee $ 100, receipt number ADCDC–9026469. Fee Status: Fee Paid. by CHRISTOPHER ALBERTS. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Orenberg, Allen) (Entered: 02/07/2022) |
| 02/08/2022 | | MINUTE ORDER: The Court grants Defendant's 38 Motion for Leave to Appear Pro Hac Vice as to Kenneth W. Ferguson. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a). Click for Instructions**. Signed by Judge Christopher R. Cooper on 2/8/2022. (lccrc3) (Entered: 02/08/2022) |
| 02/10/2022 | 39 | NOTICE of Appearance by Kenneth Ferguson on behalf of CHRISTOPHER ALBERTS (Ferguson, Kenneth) Modified text on 2/10/2022 (zstd). (Entered: 02/10/2022) |
| 02/10/2022 | 40 | MOTION to Dismiss Count *one, two, three, and four* by CHRISTOPHER ALBERTS. (Ferguson, Kenneth) (Entered: 02/10/2022) |
| 02/10/2022 | 41 | MOTION to Modify Conditions of Release by CHRISTOPHER ALBERTS. (Ferguson, Kenneth) (Entered: 02/10/2022) |

| 02/10/2022 | 42 | MOTION to Withdraw as Attorney by Allen H. Orenberg. by CHRISTOPHER ALBERTS. (Attachments: # 1 Supplement)(Orenberg, Allen) (Entered: 02/10/2022) |
|---|---|---|
| 02/13/2022 | 43 | NOTICE – *United States' Memorandum Regarding Status of Discovery as of February 9, 2022* by USA as to CHRISTOPHER ALBERTS (Konig, Jordan) (Entered: 02/13/2022) |
| 02/15/2022 | | MINUTE ORDER: The parties are hereby directed to appear for a status conference to discuss defense counsel's 42 Motion to Withdraw, on February 16, 2022 at 2:00 p.m. by VTC before Judge Christopher R. Cooper. Video connection information will be provided separately. In preparation for the status conference, the Court draws the parties attention to Local Criminal Rule 44.1(c) regarding the filing of papers by non–members of the bar of this Court. Signed by Judge Christopher R. Cooper on 2/15/2022. (lccrc3) (Entered: 02/15/2022) |
| 02/16/2022 | | Minute Entry for video Motion Hearing held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 2/16/2022. For the reasons discussed at the hearing, Defendant's Motion 42 to Withdraw as Attorney is denied without prejudice. Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorneys: Allen Howard Orenberg and Kenneth Ferguson; US Attorney: Jordan Andrew Konig; Pretrial Officer: Christine Schuck. (lsj) (Entered: 02/17/2022) |
| 02/23/2022 | 44 | RESPONSE by USA as to CHRISTOPHER ALBERTS re 41 MOTION to Modify Conditions of Release (Konig, Jordan) (Entered: 02/23/2022) |
| 02/23/2022 | 45 | ENTERED IN ERROR.....Consent MOTION to Vacate *(1) Vacate Trial Date, (2) Suspend Briefing Schedule as to Defendants Motion to Dismiss (3) to Vacate the March 30, 2022 Status Hearing and the Filing of a Joint Status Report on March 25, 2022.* by CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Orenberg, Allen) Modified on 2/24/2022 (zstd). (Entered: 02/23/2022) |
| 02/23/2022 | 46 | Consent MOTION to Vacate *Corrected Consent Motion To: (1) Vacate Trial Date, (2) Suspend Briefing Schedule as to Defendants Motion to Dismiss (3) to Vacate the March 30, 2022 Status Hearing and the Filing of a Joint Status Report on March 25, 2022* by CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Orenberg, Allen) (Entered: 02/23/2022) |
| 02/23/2022 | | NOTICE OF CORRECTED DOCKET ENTRY: as to CHRISTOPHER ALBERTS re 45 Consent MOTION to Vacate *(1) Vacate Trial Date, (2) Suspend Briefing Schedule as to Defendants Motion to Dismiss (3) to Vacate the March 30, 2022 Status Hearing and the Filing of a Joint Status Report on March 25, 2022.* was entered in error and counsel refiled said pleading. The correct filing is DE #46. (zstd) (Entered: 02/24/2022) |
| 02/24/2022 | | MINUTE ORDER: The Court hereby grants in part and denies in part the 46 Motion to Vacate the Trial Date and Other Deadlines. The motion to vacate the July 25, 2022 trial date is DENIED without prejudice. The motion does not specify the nature of Mr. Ferguson's accident or injuries, states only that he "may" face a "lengthy convalescence," and is based on second–hand information from an acquaintance of Mr. Ferguson who has not appeared before the Court. See Mot. at 1. The Court therefore has no grounds to vacate a trial date set for five months from now.<br><br>The request to suspend the briefing schedule is GRANTED in part. The Government's opposition to the 40 Motion to Dismiss shall be due by April 13, 2022, |

| | | |
|---|---|---|
| | | and any reply shall be due by April 20, 2022. The request to vacate the March 30, 2022 status conference is DENIED. The defense is requested to update the Court on Mr. Ferguson's condition in advance of the conference and, if necessary, may renew its motion to extend deadlines or continue further proceedings at that time. Any such motion shall be accompanied by competent evidence concerning Mr. Ferguson's medical condition and availability. Signed by Judge Christopher R. Cooper on 2/24/2022. (lccrc3) (Entered: 02/24/2022) |
| 02/25/2022 | | NOTICE OF HEARING as to CHRISTOPHER ALBERTS: Status Conference set for 3/30/2022 at 10:00 AM by VTC before Judge Christopher R. Cooper. (lsj) (Entered: 02/25/2022) |
| 02/25/2022 | | NOTICE OF AMENDED HEARING as to CHRISTOPHER ALBERTS: Due to a scheduling conflict, the Status Conference set for 3/30/2022 at 3:00 PM by VTC before Judge Christopher R. Cooper. (lsj) (Entered: 02/25/2022) |
| 03/01/2022 | 47 | Consent MOTION to Modify Conditions of Release *TO TEMPORARILY REMOVE DEFENDANTS GPS MONITORING DEVICE* by CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Orenberg, Allen) (Entered: 03/01/2022) |
| 03/01/2022 | | MINUTE ORDER: Having considered the arguments in the parties' filings, the Court hereby DENIES defendant's 41 Motion for Modification of Conditions of Release. An adjustment of defendant's release conditions would be warranted "if there ha[d] been a development... that would affect the Court's assessment of the 'least restrictive' conditions of release that 'will reasonably assure... the safety of any other person and the community.'" See United States v. Henry, 314 F. Supp. 3d 130, 133 (D.D.C. 2018) (citing 18 U.S.C. § 3142(c)). The Court does not find anything to indicate that modification is warranted here. Defendant specifically challenges the requirement that he wear a GPS ankle bracelet. In the time since defendant was released on certain conditions, there have been developments, as the government points out, that further justify the need for the conditions imposed. These developments include evidence proffered by the government that defendant assaulted law enforcement officers with a wooden object, resulting in superseding indictments that added felony offenses; and evidence indicating that, on January 6, 2021, defendant threatened that he and other rioters "are going to come back even more, and we're not going to come back peacefully, and we're not going to come back unarmed." See Gov't Opp'n at 6. Given these developments and the nature of the charges, the Court finds that the conditions of release imposed on defendant remain warranted to assure the safety of the community. Although the Court appreciates defendant's compliance with his conditions of release, and encourages his continued compliance, that "is not enough to warrant adjustment of [his] pretrial release conditions." See Henry, 314 F. Supp. 3d at 133. Defendant also alludes to occasional malfunctions of the GPS ankle monitor. Defendant should raise any such issues with his pre–trial services officer. So Ordered by Judge Christopher R. Cooper on 3/1/2022. (lccrc3) (Entered: 03/01/2022) |
| 03/01/2022 | | MINUTE ORDER: The Court hereby GRANTS the 47 Consent Motion to Temporarily Remove Defendant's GPS Monitoring Device. In light of Mr. Alberts's MRI procedure that will occur on March 8, 2022, the United States Probation Office shall temporarily remove Defendant's GPS Monitoring Device on March 8, 2022, at 8:00 a.m. The GPS Monitoring Device shall be put back in place, if possible, immediately following the procedure but by no later than 4:00 p.m. on March 9, 2022. All other conditions of release remain in full force and effect. Signed by Judge Christopher R. Cooper on 3/1/2022. (lccrc3) (Entered: 03/01/2022) |

| 03/08/2022 | 48 | Consent MOTION to Vacate *(1) VACATE TRIAL DATE (JULY 25, 2022), (2) VACATE THE MARCH 30, 2022, STATUS HEARING, (3) PROPOSED FILING OF A JOINT STATUS REPORT ON MAY 9, 2022.* by CHRISTOPHER ALBERTS. (Attachments: # 1 Exhibit Letter from Shelby Atkinson, MSW, # 2 Text of Proposed Order)(Orenberg, Allen) (Entered: 03/08/2022) |
|---|---|---|
| 03/10/2022 |  | MINUTE ORDER: The 48 Motion to Vacate is hereby denied without prejudice. However, the Court appreciates the update as to Mr. Ferguson's medical condition. The parties shall come prepared to provide a further update on counsel's condition and to discuss how this case might proceed at the March 30 status conference. Signed by Judge Christopher R. Cooper on 3/10/2022. (lccrc3) (Entered: 03/10/2022) |
| 03/30/2022 | 50 | NOTICE OF ATTORNEY APPEARANCE Samuel Dalke appearing for USA. (Dalke, Samuel) (Entered: 03/30/2022) |
| 03/30/2022 |  | Minute Entry for video Status Conference held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 3/30/2022. Further Status Conference set for 5/10/2022 at 10:00 AM by VTC before Judge Christopher R. Cooper. The Court finds it in the interest of justice to toll the speedy trial clock from 3/30/2022 through 5/10/2022.Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorney: Allen Howard Orenberg; US Attorneys: Jordan Andrew Konig and Sam Dalke. (lsj) (Entered: 03/30/2022) |
| 03/30/2022 |  | NOTICE OF CORRECTED HEARING as to CHRISTOPHER ALBERTS: Status Conference set for 5/5/2022 at 10:00 AM by VTC before Judge Christopher R. Cooper. (lsj) (Entered: 03/30/2022) |
| 05/05/2022 |  | Minute Entry for video proceedings held before Judge Christopher R. Cooper: Status Conference as to CHRISTOPHER ALBERTS held on 5/5/2022. The defendant agreed to proceed via video for today's hearing. Arraignment on Second Superseding Indictment filed 11/10/2021 will occur at next court date. Revised Scheduling Order forthcoming from chambers. Government's oral motion to toll speedy trial from today until next court date; Heard and GRANTED. The Court finds it in the interest of justice (XT) to toll the speedy trial clock from 5/5/2022 through 7/18/2022. Pretrial Conference/Arraignment set for 7/18/2022 at 10:00 AM in Telephonic/VTC before Judge Christopher R. Cooper. Bond Status of Defendant: Remains on PR bond/Appeared via video; Court Reporter: Lisa Moreira; Defense Attorney: Kenneth Ferguson & Allen Orenberg; US Attorney: Jordan Konig & Samuel Dalke. (zacr) (Entered: 05/05/2022) |
| 05/05/2022 |  | MINUTE ORDER: In light of today's status conference, the Court hereby amends the briefing schedule set in the 37 Pretrial Order and sets the following deadlines. The government shall file its Opposition to the 40 Motion to Dismiss on or before May 19, 2022. Defendant shall file his Reply in support of the Motion to Dismiss on or before May 26, 2022.<br><br>All other pretrial motions or motions to suppress shall be filed on or before June 2, 2022. Oppositions and replies shall be due within 14 and 7 days, respectively.<br><br>Further, the Court amends the deadlines for Witness Lists and Proposed Jury Instructions as follows: The parties shall provide an initial list of witnesses they anticipate may be called at trial on or before July 15, 2022. The parties shall file proposed jury instructions and a proposed verdict form, jointly to the extent possible, on or before July 18, 2022. |

| | | So Ordered by Judge Christopher R. Cooper on 5/5/2022. (lccrc3) (Entered: 05/05/2022) |
|---|---|---|
| 05/19/2022 | 52 | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re 40 MOTION to Dismiss Count *one, two, three, and four* (Konig, Jordan) (Entered: 05/19/2022) |
| 05/24/2022 | 53 | Unopposed MOTION for Extension of Time to File Response/Reply as to 40 MOTION to Dismiss Count *one, two, three, and four* by CHRISTOPHER ALBERTS. (Ferguson, Kenneth) (Entered: 05/24/2022) |
| 05/26/2022 | | MINUTE ORDER: The Court grants the 53 Motion for Extension of Time to Submit a Reply. Defendant shall file his reply in support of his motion to dismiss on or before June 2, 2022. Signed by Judge Christopher R. Cooper on 5/26/2022. (lccrc3) (Entered: 05/26/2022) |
| 06/02/2022 | 54 | MOTION in Limine *regarding cross−examination of U.S. Secret Service Witness* by USA as to CHRISTOPHER ALBERTS. (Dalke, Samuel) (Entered: 06/02/2022) |
| 06/06/2022 | 55 | Second MOTION for Extension of Time to File Response/Reply as to 40 MOTION to Dismiss Count *one, two, three, and four*, 53 Unopposed MOTION for Extension of Time to File Response/Reply as to 40 MOTION to Dismiss Count *one, two, three, and four* by CHRISTOPHER ALBERTS. (Ferguson, Kenneth) (Entered: 06/06/2022) |
| 06/07/2022 | | MINUTE ORDER: The Court grants the 55 Motion for Extension of Time to Submit a Reply. Defendant shall file his reply in support of his motion to dismiss on or before June 13, 2022. Signed by Judge Christopher R. Cooper on 6/7/2022. (lccrc3) (Entered: 06/07/2022) |
| 06/15/2022 | 56 | Unopposed MOTION for Hearing by USA as to CHRISTOPHER ALBERTS. (Konig, Jordan) (Entered: 06/15/2022) |
| 06/21/2022 | | MINUTE ORDER: The Court grants the 56 Motion for Status Hearing as to CHRISTOPHER ALBERTS. The parties are hereby directed to appear for a status conference on Friday, June 24, 2022, at 11:00 AM by VTC before Judge Christopher R. Cooper. Video connection information will be provided separately. The 56 Motion for Status Hearing also references a forthcoming defense motion to continue to the trial date. Defendant shall file any such motion forthwith. So Ordered by Judge Christopher R. Cooper on 6/21/2022. (lccrc3) (Entered: 06/21/2022) |
| 06/23/2022 | 57 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to CHRISTOPHER ALBERTS (Regan, Brandon) (Entered: 06/23/2022) |
| 06/23/2022 | 58 | Unopposed MOTION to Continue *Trial*, Unopposed MOTION to Withdraw as Attorney by Kenneth W. Ferguson. by CHRISTOPHER ALBERTS. (Ferguson, Kenneth) (Entered: 06/23/2022) |
| 06/24/2022 | | Minute Entry for Video Status Conference held on 6/24/2022 before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS. The Court grants Defense motion 58 Motion to Continue Trial and Withdraw as Attorney. The Jury Trial scheduled for July 25, 2022 is hereby VACATED and Kenneth Ferguson is withdrawn from the case. Speedy Trial Excludable (XT) started 6/24/2022 until 8/11/2022, in the interest of justice. A further Status Conference is set for 8/11/2022 at 11:00 AM via Zoom before Judge Christopher R. Cooper for Defendant to seek replacement counsel. Bond Status of Defendant: Remains on PR bond/Appeared via |

| | | |
|---|---|---|
| | | video; Court Reporter: Lisa Moreira; Defense Attorneys: Kenneth Ferguson & Allen Orenberg; US Attorneys: Jordan Konig & Samuel Dalke. (smc) (Entered: 06/24/2022) |
| 06/27/2022 | | Terminated Deadlines and Hearings as to CHRISTOPHER ALBERTS (lsj) (Entered: 06/27/2022) |
| 08/05/2022 | 60 | MOTION to Withdraw as Attorney by Allen H. Orenberg. by CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Orenberg, Allen) (Entered: 08/05/2022) |
| 08/09/2022 | 61 | NOTICE OF ATTORNEY APPEARANCE: John M. Pierce appearing for CHRISTOPHER ALBERTS (Pierce, John) (Entered: 08/09/2022) |
| 08/11/2022 | | Minute Entry for video Status Conference held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 8/11/2022. Further Status Conference set for 8/15/2022 at 11:00 AM by VTC before Judge Christopher R. Cooper. The court finds it in interest of the justice to toll the speedy trial clock from 8/11/2022 through 8/18/2022.Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorney: Allen Howard Orenberg; US Attorneys: Jordan Andrew Konig and Samuel Dalke; Pretrial Officer: Christine Schuck. (lsj) (Entered: 08/11/2022) |
| 08/15/2022 | | Minute Entry for proceedings held before Judge Christopher R. Cooper: Video (VTC) Status Conference as to CHRISTOPHER ALBERTS held on 8/15/2022. Parties consent to proceed by video. The 60 Motion of Allen H. Orenberg to Withdraw as Defense Counsel was GRANTED. Defense Counsel (John M. Pierce) to file with the Court a list of his January 6th/Capitol cases, and which, if any, of those defendants are detained by 8/22/2022. Any Reply to the 40 Motion to Dismiss is due by 8/29/2022. Jury Selection/Trial is Reset for 2/6/2023 at 9:00 AM in Courtroom 27 (In Person) before Judge Christopher R. Cooper. A Trial Scheduling Order will be issued by the Court which will contain dates for motions, pretrial conference, etc. Another Video Status Conference is to be set in approximately 60 days. Parties should contact the Court's Deputy clerk to schedule this matter. The Court finds it in the interest of justice (start XT) to toll the speedy trial clock from 8/15/2022 until the date of the next status conference. Defendant's Conditions of release are modified as follows: The defendant is to notify the US Probation Office for the District of Maryland of any travel outside the State of Maryland. Bond Status of Defendant: Remains on Personal Recognizance Bond; Court Reporter: Lisa Moreira; Defense Attorneys: John M. Pierce and Allen H. Orenberg; US Attorneys: Jordan Andrew Konig and Samuel Dalke; Pretrial Officer: Christine Schuck, (jth) Modified on 8/15/2022 (lsj). (Entered: 08/15/2022) |
| 08/19/2022 | 63 | NOTICE *OF JANUARY 6 CASES REPRESENTED BY DEFENSE COUNSEL* by CHRISTOPHER ALBERTS re Order on Motion to Withdraw as Attorney,,,,,, Status Conference,,,,,, Speedy Trial – Excludable Start,,,,,, Set Deadlines/Hearings,,,,, (Pierce, John) (Entered: 08/19/2022) |
| 08/22/2022 | | MINUTE ORDER: The parties are hereby directed to appear for a status conference on October 27, 2022, at 11:00 AM, via Zoom, before Judge Christopher R. Cooper. Video connection information will be provided separately. Signed by Judge Christopher R. Cooper on 08/22/2022. (lccrc3) (Entered: 08/22/2022) |
| 08/23/2022 | | MINUTE ORDER: Defense counsel's 63 Notice does not indicate the presiding judge in each of the listed cases or the dates of any trials that have been scheduled, as |

| | | |
|---|---|---|
| | | requested by the Court at the August 11, 2022 status conference. Counsel is directed to supplement his notice with that information by August 24, 2022. SO ORDERED by Judge Christopher R. Cooper on 08/23/2022. (lccrc3) Modified on 8/23/2022 (lsj). (Entered: 08/23/2022) |
| 08/24/2022 | 64 | NOTICE *OF JANUARY 6 CASES REPRESENTED BY DEFENSE COUNSEL* by CHRISTOPHER ALBERTS re Order, (Pierce, John) (Entered: 08/24/2022) |
| 08/29/2022 | 65 | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re 40 MOTION to Dismiss Count *one, two, three, and four* (Pierce, John) (Entered: 08/29/2022) |
| 09/03/2022 | 66 | MOTION to Dismiss Case *VINDICTIVE AND SELECTIVE PROSECUTION* by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 09/03/2022) |
| 09/07/2022 | 67 | MOTION for Leave to File *Surreply to Defendant's Motion to Dismiss* by USA as to CHRISTOPHER ALBERTS. (Attachments: # 1 Surreply to Defendant's Motion to Dismiss)(Konig, Jordan) (Entered: 09/07/2022) |
| 09/08/2022 | | MINUTE ORDER granting the Government's 67 Motion for Leave to File Surreply. Signed by Judge Christopher R. Cooper on 09/08/2022. (lccrc3) (Entered: 09/08/2022) |
| 09/09/2022 | 68 | SURREPLY by USA as to CHRISTOPHER ALBERTS re 65 Reply to opposition to Motion *(Government's Surreply to Defendant's Motion to Dismiss)* (Konig, Jordan) Modified event title on 9/13/2022 (znmw). (Entered: 09/09/2022) |
| 09/15/2022 | 69 | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re 66 Motion to Dismiss Case (Konig, Jordan) (Entered: 09/15/2022) |
| 09/26/2022 | 70 | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re 66 MOTION to Dismiss Case *VINDICTIVE AND SELECTIVE PROSECUTION* (Pierce, John) (Entered: 09/26/2022) |
| 09/30/2022 | 71 | PRETRIAL ORDER as to CHRISTOPHER ALBERTS. See full Order for details. Signed by Judge Christopher R. Cooper on 09/30/2022. (lccrc3) (Entered: 09/30/2022) |
| 10/05/2022 | 72 | SUPPLEMENT by CHRISTOPHER ALBERTS re 66 Motion to Dismiss DEFENDANTS SUPPLEMENTAL MEMORANDUM PROVIDING FURTHER SUPPORT FOR DISMISSAL ON GROUNDS OF VINDICTIVE AND SELECTIVE PROSECUTION (Attachments: # 1 Supplement MOTION FOR DISCOVERY AND FOR AN EVIDENTIARY HEARING IN SUPPORT OF DEFENDANTS CLAIM OF SELECTIVE PROSECUTION AS IT RELATES TO COUNTS ONE, TWO AND FOUR OF THE SUPERSEDING INDICTMENT)(Pierce, John) Modified to add link on 10/5/2022 (zstd). (Entered: 10/05/2022) |
| 10/27/2022 | | Minute Entry for Video Status Conference held on 10/27/2022 before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS: Defendant arraigned on second superseding Indictment and waives formal reading of Indictment and enters a Plea of Not Guilty on Counts 1ss,2ss,3ss,4ss,5ss,6ss,7ss,8ss,9ss and 10ss. The Court finds it in the interest of justice to toll the speedy trial clock from 10/27/2021 through 1/31/2023. Bond Status of Defendant: Continued on Personal Recognizance Bond/Appeared by Video. US Attorney: Jordan Konig. Defense Attorney: John Pierce. Court Reporter: Lisa Moreira. (smc) (Entered: 10/27/2022) |

| 11/10/2022 | 74 | MOTION to Suppress *EVIDENCE* by CHRISTOPHER ALBERTS. (Attachments: # 1 grand jury transcript of Officer Haynes, # 2 Statement of Facts Statement of Facts)(Pierce, John) (Entered: 11/10/2022) |
|---|---|---|
| 11/23/2022 | 75 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to CHRISTOPHER ALBERTS (McWaters, Kyle) (Entered: 11/23/2022) |
| 11/23/2022 | 76 | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re 74 Motion to Suppress (Attachments: # 1 Exhibit A – Declaration of Public Emergency, # 2 Exhibit B – Civil Emergency Message, # 3 Exhibit C – Civil Emergency Tweet, # 4 Exhibit H – Declaration of Jacqueline Bryant)(Konig, Jordan) (Entered: 11/23/2022) |
| 11/23/2022 | 77 | MEMORANDUM OPINION AND ORDER denying in part 40 Defendant's Motion to Dismiss and denying 66 Defendant's Motion to Dismiss Case for Vindictive and Selective Prosecution as to CHRISTOPHER ALBERTS (1). The Court ORDERS supplemental briefing on count ten. The government shall file its brief addressing the non–exhaustive list of questions outlined in the Memorandum Opinion and Order by December 7, 2022 and defendant shall file an opposition by December 14, 2022. See full Memorandum Opinion and Order for details. Signed by Judge Christopher R. Cooper on 11/23/2022. (lccrc3) (Entered: 11/23/2022) |
| 11/29/2022 | 78 | MINUTE ORDER as to CHRISTOPHER ALBERTS. The Court will hold a hearing on Defendant's 74 Motion to Suppress Evidence at the outset of the January 31, 2023 pre–trial conference. The government shall present the testimony of Officer Haynes and/or any other law enforcement witnesses whose testimony is necessary to support the challenged search. Signed by Judge Christopher R. Cooper on 11/29/2022. (lccrc3) (Entered: 11/29/2022) |
| 12/02/2022 | 79 | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re 74 MOTION to Suppress *EVIDENCE* (Pierce, John) (Entered: 12/02/2022) |
| 12/05/2022 | 80 | Consent MOTION to Dismiss Count *10 Pursuant to Fed. R. Crim. P. 48* by USA as to CHRISTOPHER ALBERTS. (Attachments: # 1 Text of Proposed Order)(Konig, Jordan) (Entered: 12/05/2022) |
| 12/05/2022 | 81 | SUPPLEMENT by USA as to CHRISTOPHER ALBERTS re 77 Order on Motion to Dismiss Count(s),,, Order on Motion to Dismiss Case,,, Set/Reset Deadlines,, *(Supplemental Brief Regarding Count 10)* (Konig, Jordan) (Entered: 12/05/2022) |
| 12/13/2022 | | MINUTE ORDER granting 80 Defendants Consent Motion to Dismiss Count Ten of the 34 Second Superseding Indictment pursuant to Federal Rule of Criminal Procedure 48(a). Count 10 of the Second Superseding Indictment is hereby dismissed. SO ORDERED by Judge Christopher R. Cooper on 12/13/2022. (lsj) (Entered: 12/13/2022) |
| 12/20/2022 | 82 | EMERGENCY UNOPPOSED MOTION FOR TEMPORARY MODIFICATION OF PRETRIAL RELEASE CONDITIONS by CHRISTOPHER ALBERTS. (Pierce, John) Modified text on 12/21/2022 (zstd). (Entered: 12/20/2022) |
| 12/21/2022 | 83 | MOTION to Dismiss Count *OUNT 2 FOR FAILURE TO STATE A VICTIM* by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 12/21/2022) |
| 12/22/2022 | 84 | RESPONSE by USA as to CHRISTOPHER ALBERTS re 82 EMERGENCY UNOPPOSED MOTION FOR TEMPORARY MODIFICATION OF PRETRIAL RELEASE CONDITIONS (Konig, Jordan) Modified text on 12/22/2022 (zstd). (Entered: 12/22/2022) |

| 12/22/2022 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: The Court reserves judgment on Defendant's 82 Emergency Motion for Temporary Modification of Pretrial Release Conditions pending receipt of a further Notice indicating the general nature of the procedure that Defendant is scheduled to undergo, contact information for the relevant provider, and the location, date, and time of the procedure. SO ORDERED by Judge Christopher R. Cooper on 12/22/2022. (lccrc3) (Entered: 12/22/2022) |
|---|---|---|
| 12/22/2022 | 85 | MOTION in Limine *TO EXCLUDE ARGUMENTS, EVIDENCE, OR CLAIMS AT TRIAL THAT ARE PREJUDICIAL AND NOT PROBATIVE* by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 12/22/2022) |
| 12/22/2022 | 86 | MOTION to Change Venue by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 12/22/2022) |
| 12/23/2022 | 87 | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re 83 Motion to dismiss count(s) (Konig, Jordan) (Entered: 12/23/2022) |
| 12/27/2022 | 88 | DEFENDANTS EMERGENCY MOTION FOR TEMPORARY MODIFICATION OF PRETRIAL RELEASE CONDITIONS by CHRISTOPHER ALBERTS. (Pierce, John) Modified text on 12/28/2022 (zstd). (Entered: 12/27/2022) |
| 12/29/2022 | | MINUTE ORDER as to CHRISTOPHER ALBERTS (1): The Court hereby GRANTS the Defendant's 88 Motion to Temporarily Remove Defendant's GPS Monitoring Device. The Defendant should coordinate with the United States Probation Office to temporarily remove his GPS Monitoring Device on January 6, 2023 (or January 5 if necessary) prior to his scheduled MRI procedure. The GPS Monitoring Device shall be put back in place immediately following the procedure but by no later than 4:00 p.m. on January 7, 2023. All other conditions of release remain in effect. Signed by Judge Christopher R. Cooper on 12/29/2022. (lccrc3) (Entered: 12/29/2022) |
| 01/05/2023 | 89 | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re 85 Motion in Limine (Konig, Jordan) (Entered: 01/05/2023) |
| 01/05/2023 | 90 | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re 86 Motion to Change Venue (Konig, Jordan) (Entered: 01/05/2023) |
| 01/06/2023 | 91 | MOTION for Leave to Appear Pro Hac Vice Roger Roots Filing fee $ 100, receipt number ADCDC–9771766. Fee Status: Fee Paid. by CHRISTOPHER ALBERTS. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order)(Pierce, John) (Entered: 01/06/2023) |
| 01/06/2023 | | NOTICE OF ERROR as to CHRISTOPHER ALBERTS regarding 91 MOTION for Leave to Appear Pro Hac Vice Roger Roots Filing fee $ 100, receipt number ADCDC–9771766. Fee Status: Fee Paid. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCrR 44.1 (c)(2)). Please file certificate as an Errata Declaration must have an original, ink signature. Please refile using the event Declaration. (zstd) (Entered: 01/06/2023) |
| 01/12/2023 | 92 | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re 85 MOTION in Limine *TO EXCLUDE ARGUMENTS, EVIDENCE, OR CLAIMS AT TRIAL THAT ARE PREJUDICIAL AND NOT PROBATIVE* (Pierce, John) (Entered: 01/12/2023) |
| 01/12/2023 | 93 | |

| | | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re 86 MOTION to Change Venue (Pierce, John) (Entered: 01/12/2023) |
|---|---|---|
| 01/17/2023 | 94 | MOTION to Continue *Trial for two weeks* by CHRISTOPHER ALBERTS. (Attachments: # 1 Declaration Declaration of Roger Roots)(Pierce, John) (Entered: 01/17/2023) |
| 01/19/2023 | | MINUTE ORDER: The Court will reserve judgment on the Defendant's 94 Unopposed Motion for a Two–Week Continuance of Trial pending receipt of a joint notice, to be filed by January 23, 2023, indicating whether the parties could be available for trial starting Tuesday, April 11, 2023. If the parties are not available on that date, the Court will deny the motion and proceed with the scheduled trial beginning February 6, 2023. The Court finds that none of the reasons advanced in the Defendant's motion are grounds for a continuance. This case was charged over two years ago, one trial date has already been vacated at the defense's request, and the present date was set over six months ago. Lead defense counsel, who confirmed his availability for trial before the present date was set, has had more than ample time to prepare for trial. The involvement in a different case of a second defense attorney, who only recently attempted to appear in this case and who has not as yet met the requirements to appear pro hac vice, is not a ground for continuance. As counsel are no doubt aware, arranging for trial settings for the multitude of January 6th prosecutions pending in this district is no small task. Given competing trial dates and other previously scheduled commitments, the Court cannot accommodate a trial starting one or two weeks after the currently scheduled February 6th date as requested. The next available date is April 11, 2023 and, given how long the case has been pending, the Court declines to continue it any further.<br><br>The parties' status report shall also discuss the timing of the hearing on Defendant's suppression motion. The January 31, 2023 pretrial conference is scheduled to take place remotely, assuming Defendant's consent. The Court would ordinarily combine the suppression hearing with the pretrial conference. Any suppression hearing, however, would need to be in person. Accordingly, if the trial proceeds on February 6th, the parties shall indicate whether they would prefer to hold the pretrial conference in person, or indicate their availability for a suppression hearing between January 31, 2023 and February 3, 2023.<br><br>SO ORDERED by Judge Christopher R. Cooper on 1/19/2023. (lccrc1) (Entered: 01/19/2023) |
| 01/23/2023 | 95 | RESPONSE by USA as to CHRISTOPHER ALBERTS re 94 MOTION to Continue *Trial for two weeks* (Konig, Jordan) (Entered: 01/23/2023) |
| 01/23/2023 | 96 | Joint Status Report Regarding Parties' Availability for April 11 Trial Date by USA as to CHRISTOPHER ALBERTS re Order Set Deadlines (Konig, Jordan) Modified text on 1/23/2023 (zstd). (Entered: 01/23/2023) |
| 01/23/2023 | 97 | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re 94 MOTION to Continue *Trial for two weeks* (Pierce, John) (Entered: 01/23/2023) |
| 01/23/2023 | 98 | Proposed Voir Dire by USA as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 01/23/2023) |
| 01/23/2023 | 99 | JOINT STATEMENT OF CASE by USA as to CHRISTOPHER ALBERTS. (See docket entry 98 to view document.) (zstd) (Entered: 01/24/2023) |

| 01/25/2023 | | MINUTE ORDER granting 94 Motion to Continue Trial as to CHRISTOPHER ALBERTS (1). The Court hereby revises the pre–trial order as follows. The currently scheduled dates for the pre–trial conference and trial are vacated. The trial, beginning with jury selection, will now commence on April 11, 2023 at 9:00 AM. The Court will hold the pre–trial conference and a hearing on Defendant's motion to suppress on April 5, 2023, at 10:00 AM in Courtroom 27A. The Court finds it in the interest of justice, and hearing no objections, to toll the speedy trial clock from 01/31/23 through 04/05/2023. Signed by Judge Christopher R. Cooper on 01/25/2023. (lccrc3) (Entered: 01/25/2023) |
| 01/26/2023 | 100 | NOTICE *of Objections to Defense Exhibits pursuant to Final Pre Trial Order Dkt. No. 71* by USA as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 01/26/2023) |
| 01/30/2023 | 101 | WITNESS LIST by USA as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 01/30/2023) |
| 01/31/2023 | 102 | PROPOSED VERDICT FORM as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 01/31/2023) |
| 01/31/2023 | 103 | Proposed Jury Instructions by USA as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 01/31/2023) |
| 02/22/2023 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: At the request of Defendant's supervising probation officer, the Court hereby ORDERS that the probation office in the District of Maryland may remove, without further Order of the Court, the defendant's Location Monitoring (GPS) device temporarily for verified medical procedures as approved in advance by defendant's probation officer. Signed by Judge Christopher R. Cooper on 02/22/2023. (lccrc3) (Entered: 02/22/2023) |
| 03/01/2023 | 105 | MOTION for Leave to File *Motions in Limine* by USA as to CHRISTOPHER ALBERTS. (Konig, Jordan) (Entered: 03/01/2023) |
| 03/02/2023 | | MINUTE ORDER granting the 105 Government's Motion for Leave to File Motions in Limine as to CHRISTOPHER ALBERTS (1). The Government shall file any motions in limine by March 10, 2023. Defendant shall file any opposition to the Government's motions in limine by March 17, 2023. Signed by Judge Christopher R. Cooper on 03/02/2023. (lccrc3) (Entered: 03/02/2023) |
| 03/02/2023 | 106 | MOTION in Limine *to Preclude Certain Arguments and Evidence* by USA as to CHRISTOPHER ALBERTS. (Konig, Jordan) (Entered: 03/02/2023) |
| 03/14/2023 | 110 | NOTICE OF ATTORNEY APPEARANCE Shalin Nohria appearing for USA. (Nohria, Shalin) (Entered: 03/14/2023) |
| 03/20/2023 | 112 | Proposed Jury Instructions by USA as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 03/20/2023) |
| 03/22/2023 | | MINUTE ORDER striking 111 Defendant's Sealed Motion for Leave to File Document Under Seal (This document is SEALED and only available to authorized persons.) as to CHRISTOPHER ALBERTS (1). Upon consideration of Defendant's 91 Motion for Leave to Appear Pro Hac Vice as to attorney Roger Roots, the motion does not comply with Local Criminal Rule 44.1(c)(2). Defendant has not yet filed a Certificate of Good Standing that was issued within 30 days of the motion for leave to appear. (The certificate attached as an exhibit to 111 is dated November 15, 2022, more than 30 days before the 91 Motion for Leave to Appear Pro Hac Vice was filed |

| | | |
|---|---|---|
| | | on January 6, 2023.) Mr. Roots's declaration also omitted his telephone number. Defendant shall file an updated declaration and a compliant Certificate of Good Standing so that the Court can rule on the 91 Motion for Leave to Appear Pro Hac Vice. Defendant need not file a new motion for pro hac admission or resubmit the exhibits filed with Motion 111 . Signed by Judge Christopher R. Cooper on 03/22/2023. (lccrc3) (Entered: 03/22/2023) |
| 03/23/2023 | 113 | ENTERED IN ERROR..... MOTION for Leave to Appear Pro Hac Vice Roger Roots Filing fee $ 100, receipt number BDCDC−9947695. Fee Status: Fee Paid. by CHRISTOPHER ALBERTS. (Attachments: # 1 Certificate of Good Standing)(Pierce, John) Modified on 3/23/2023 (zstd). (Entered: 03/23/2023) |
| 03/23/2023 | | NOTICE OF ERROR as to CHRISTOPHER ALBERTS regarding 113 MOTION for Leave to Appear Pro Hac Vice Roger Roots Filing fee $ 100, receipt number BDCDC−9947695. Fee Status: Fee Paid. The following error(s) need correction: Declaration must have an original, ink signature. Please refile using the event Declaration and include court header/case caption/case number along with Certificate of Good Standing. (zstd) (Entered: 03/23/2023) |
| 03/29/2023 | 114 | DECLARATION *Roger Roots* by CHRISTOPHER ALBERTS (Attachments: # 1 Declaration Certificate of Good Standing)(Pierce, John) (Entered: 03/29/2023) |
| 03/29/2023 | 115 | WITNESS LIST by USA as to CHRISTOPHER ALBERTS (Nohria, Shalin) (Entered: 03/29/2023) |
| 03/31/2023 | | MINUTE ORDER granting 91 Motion for Leave to Appear Pro Hac Vice as to attorney Roger Roots. **Counsel sould register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** Click for instructions as to CHRISTOPHER ALBERTS (1). Signed by Judge Christopher R. Cooper on 03/31/2023. (lccrc3) (Entered: 03/31/2023) |
| 04/05/2023 | | Minute Entry for Motion Hearing/Pretrial Conference held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/5/2023. Oral arguments submitted on Defendant's Motion 74 to Suppress Evidence. Motion DENIED for reasons stated on the record. Jury Trial remains set for 4/11/2023 at 9:00 AM in Courtroom 27A before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorneys: John M. Pierce and Roger Roots; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria; Government Witness: Officer Dallan Haynes. (lsj) (Entered: 04/05/2023) |
| 04/05/2023 | 117 | GOVERNMENT'S APRIL 5, 2023 SUPPRESSION HEARING EXHIBIT LIST as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/05/2023) |
| 04/06/2023 | | MINUTE ORDER as to CHRISTOPHER ALBERTS (1): For the reasons stated on the record at the April 5, 2023 pre−trial conference, the Court denies Defendant's 83 Motion to Dismiss Count Two, Defendant's 74 Motion to Suppress, and Defendant's 86 Motion to Change Venue. The Court denies Defendant's 85 Motion in Limine, subject to the reservations stated on the record. The Court grants the Government's 54 Motion in Limine regarding the cross−examination of U.S. Secret Service witnesses and the Government's 109 sealed Motion in Limine. The Court reserves judgment on the Government's 106 Motion in Limine, but will expect the parties to adhere to the guidelines provided by the Court at the pre−trial conference. Signed by Judge Christopher R. Cooper on 04/06/2023. (lccrc3) (Entered: 04/06/2023) |
| 04/07/2023 | | |

|  |  | MINUTE ORDER granting <u>118</u> Sealed Motion for Leave to File Document Under Seal (This document is SEALED and only available to authorized persons.) as to CHRISTOPHER ALBERTS (1). Signed by Judge Christopher R. Cooper on 04/07/2023. (lccrc3) (Entered: 04/07/2023) |
|---|---|---|
| 04/07/2023 | <u>119</u> | NOTICE *OF DEFENSE EXPERT* by CHRISTOPHER ALBERTS (Attachments: # <u>1</u> Steven Hill CV)(Pierce, John) (Entered: 04/07/2023) |
| 04/08/2023 | <u>120</u> | NOTICE *OF EXPERT WITNESS DICK HELLER* by CHRISTOPHER ALBERTS (Pierce, John) (Entered: 04/08/2023) |
| 04/08/2023 | <u>121</u> | NOTICE *OF AFFIRMATIVE DEFENSES* by CHRISTOPHER ALBERTS (Pierce, John) (Entered: 04/08/2023) |
| 04/09/2023 | <u>122</u> | Proposed Jury Instructions by CHRISTOPHER ALBERTS (Pierce, John) (Entered: 04/09/2023) |
| 04/09/2023 | <u>123</u> | MOTION to Exclude *Expert Witnesses*, MOTION to Strike *Affirmative Defenses* by USA as to CHRISTOPHER ALBERTS. (Attachments: # <u>1</u> Exhibit A – Request for Reciprocal Discovery)(Konig, Jordan) (Entered: 04/09/2023) |
| 04/09/2023 | <u>124</u> | RESPONSE by CHRISTOPHER ALBERTS re <u>106</u> MOTION in Limine *to Preclude Certain Arguments and Evidence MEMORANDUM OF LAW IN SUPPORT OF CHRISTOPHER ALBERTS OPPOSITION TO THE GOVERNMENTS MOTION IN LIMINE* (Pierce, John) (Entered: 04/09/2023) |
| 04/11/2023 | <u>126</u> | RESPONSE by CHRISTOPHER ALBERTS re <u>123</u> MOTION to Exclude *Expert Witnesses* MOTION to Strike *Affirmative Defenses* (Pierce, John) (Entered: 04/11/2023) |
| 04/11/2023 |  | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/11/2023 as to Counts 1ss through 9ss. Jury Selection commenced and to continue on 4/12/2023 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Forthcoming Order. Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorneys: John M. Pierce and Roger Roots; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria. (lsj) (Entered: 04/11/2023) |
| 04/11/2023 | <u>127</u> | RESPONSE by USA as to CHRISTOPHER ALBERTS re <u>122</u> Proposed Jury Instructions (Konig, Jordan) (Entered: 04/11/2023) |
| 04/12/2023 |  | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations, all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Christopher R. Cooper on 4/12/2023. (lsj) (Entered: 04/12/2023) |
| 04/12/2023 |  | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/12/2023 as to Counts 1ss through 9ss. Jury selection resumed and concluded. Jury panel of twelve jurors and two alternates selected and sworn. Defendant's oral motion for mistrial is DENIED for reasons stated on the record. Jury Trial to continue on 4/13/2023 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporters: Lisa Moreira (AM) and Jeff Hook (PM); Defense Attorneys: John M. Pierce and Roger Roots; US Attorneys: Jordan Andrew Konig, Samuel Dalke; Government Witnesses: Officer Dallan Haynes and Captain Jessica Baboulis. (lsj) (Entered: 04/12/2023) |

| 04/12/2023 | | MINUTE ORDER as to CHRISTOPHER ALBERTS (1): The Government's 123 motion to exclude proposed defense expert witnesses Steven Hill and Dick Heller is hereby Granted for the reasons stated in open court on April 11. The government's 123 motion to strike the defendant's affirmative defenses is hereby Granted in part, also for the reasons stated at trial on April 11. The Court reserves judgment on whether the defense will be entitled to an instruction on a self–defense theory pending the presentation of evidence. Signed by Judge Christopher R. Cooper on 04/12/2023. (lccrc3) (Entered: 04/12/2023) |
| 04/12/2023 | 129 | NOTICE OF ATTORNEY APPEARANCE: Roger Roots appearing for CHRISTOPHER ALBERTS (Roots, Roger) (Entered: 04/12/2023) |
| 04/13/2023 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/13/2023 as to Counts 1ss through 9ss. Jury Trial resumed with same jury and alternates. Jury Trial to continue on 4/14/2023 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporters: Lisa Moreira (AM) and Jeff Hook (PM); Defense Attorneys: Roger Roots and John M. Pierce; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria; Government Witnesses: Captain Jessica Baboulis (resumed from 4/12/2023), Shauni Kerkhoff, Sargeant Adam DesCamp and Inspector Lanelle Hawa. (lsj) Modified on 4/14/2023 (lsj). (Entered: 04/13/2023) |
| 04/14/2023 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/14/2023 as to Counts 1ss through 9ss. Jury Trial resumed with same jury and alternates. Government rests case–in–chief. Defendant's oral motion for Rule 29 (Judgment of Acquittal) is RESERVED. Jury Trial to continue on 4/17/2023 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporters: Lisa Moreira (AM) and Jeff Hook (PM); Defense Attorneys: Roger Roots and John M. Pierce; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria; Government Witnesses: Officer Dallas Bennett, Sargeant Philip Robinson and Special Agent Christipher Streeter. (lsj) (Entered: 04/14/2023) |
| 04/17/2023 | 130 | Proposed Jury Instructions by CHRISTOPHER ALBERTS (Pierce, John) (Entered: 04/17/2023) |
| 04/17/2023 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/17/2023 as to Counts 1ss through 9ss. Jury Trial resumed with same jury and alternates. Defendant present case. Jury Trial to continue on 4/18/2023 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporters: Lisa Moreira (AM) and Jeff Hook (PM); Defense Attorneys: John M. Pierce and Roger Roots; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria. Defense Witnesses: Melissa Miller, Vanessa Torres and Christopher Alberts. (lsj) (Entered: 04/17/2023) |
| 04/17/2023 | 132 | APPLICATION for Access to Trial Exhibits by PRESS COALITION as to CHRISTOPHER ALBERTS. (zhsj) (Entered: 04/19/2023) |
| 04/18/2023 | 131 | Proposed Jury Instructions by CHRISTOPHER ALBERTS (Pierce, John) (Entered: 04/18/2023) |
| 04/18/2023 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/18/2023 as to Counts 1ss through 9ss. Jury trial |

| | | |
|---|---|---|
| | | resumed with same jury and alternates. Defense rests presentation of evidence and Government declines to present a rebuttal case. Jury charge instructions provided to jurors. Alternate jurors 1180 and 0402 released. Jury Trial to continue on 4/19/2023 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporters: Lisa Moreira (AM) and Jeff Hook (PM); Defense Attorneys: Roger Roots and John M. Pierce; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria; Defense Witness: David Somerall. (lsj) (Entered: 04/18/2023) |
| 04/19/2023 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper as to CHRISTOPHER ALBERTS on 4/19/2023 as to Counts 1ss through 9ss. Jury deliberations commenced and concluded with twelve jurors. Jury Verdict entered: Guilty on Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss and 9ss. Jury polled with unanimous verdict. Jury discharged without any further consideration in this case. Presentence investigation report ordered. Government's oral motion to strike the Defendant's conditions of pretrial release is DENIED, for reasons stated on the record. The Defendant shall continue to adhere to the conditions of pretrial release previously imposed. Sentencing Memorandum due by 7/12/2023. Sentencing set for 7/19/2023 at 10:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Bond Status of Defendant: remains on personal recognizance; Court Reporter: Lisa Moreira; Defense Attorneys: Roger Roots and John M. Pierce; US Attorneys: Jordan Andrew Konig, Samuel Dalke and Shalin Nohria. (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 133 | EXHIBIT LIST by USA as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 134 | EXHIBIT LIST by CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 135 | Jury Note #1 as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 136 | Court's Response to Jury Note 135 of April 19, 2023 at 2:22 P.M.. Signed by Judge Christopher R. Cooper on 4/19/2023. (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 137 | Jury Note #2 as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 138 | Jury Note #3 as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 139 | VERDICT FORM as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 140 | Court's Partial Response to Jury Note 137 of April 19, 2023 at 3:15 P.M. Signed by Judge Christopher R. Cooper on 4/19/2023. (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 141 | Court's Further Response to Jury Note 137 of April 19, 2023 at 3:15 P.M. Signed by Judge Christopher R. Cooper on 4/19/2023. (lsj) (Entered: 04/19/2023) |
| 04/19/2023 | 142 | **Signature Page of Foreperson** as to CHRISTOPHER ALBERTS on Jury Note #1. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 04/19/2023) |
| 04/19/2023 | 143 | **Signature Page of Foreperson** as to CHRISTOPHER ALBERTS on Jury Note #2. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 04/19/2023) |
| 04/19/2023 | 144 | **Signature Page of Foreperson** as to CHRISTOPHER ALBERTS on Jury Note #3. (Access to the PDF Document is restricted pursuant to the E–Government Act. |

| | | |
|---|---|---|
| | | Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 04/19/2023) |
| 04/19/2023 | 145 | **Signature Page of Foreperson** as to CHRISTOPHER ALBERTS on Jury Verdict. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zlsj) (Entered: 04/19/2023) |
| 04/19/2023 | 146 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS as to CHRISTOPHER ALBERTS (lsj) (Entered: 04/19/2023) |
| 04/21/2023 | 147 | Final Jury Instructions as to CHRISTOPHER ALBERTS. Signed by Judge Christopher R. Cooper on 4/18/2023. (lsj) (Entered: 04/21/2023) |
| 04/24/2023 | | MINUTE ORDER granting 132 Motion for Access to Trial Exhibits as to CHRISTOPHER ALBERTS (1). The Court hereby grants the Press Coalition's Application for Access to the Trial Exhibits. Consistent with Standing Order 21−28, In re: Media Access to Video Exhibits in Pretrial Capitol Cases, it is hereby ordered that the admitting party shall make available to the media a copy of any admitted exhibit that was published to the jury and not restricted by the Court for dissemination within a reasonable time. The government may make exhibits available using the drop box technical solution described in Standing Order 21−28. The government shall provide counsel for the Press Coalition with any necessary access credentials. It is further ordered that the members of the Press Coalition are authorized to record, copy, download, retransmit, and otherwise further publish the video exhibits. SO ORDERED by Judge Christopher R. Cooper on 04/24/2023. (lccrc3) (Entered: 04/24/2023) |
| 04/26/2023 | 148 | TRANSCRIPT OF JURY IMPANELMENT in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 11, 2023; Page Numbers: 1−265. Date of Issuance:April 26, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/27/2023. Release of Transcript Restriction set for 7/25/2023.(Moreira, Lisa) (Entered: 04/26/2023) |
| 04/26/2023 | 149 | TRANSCRIPT OF JURY TRIAL in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 12, 2023; Page Numbers: 1−84. Date of Issuance:April 26, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/27/2023. Release of Transcript Restriction set for 7/25/2023.(Moreira, Lisa) (Entered: 04/26/2023) |
| 05/03/2023 | 150 | MOTION FOR AN ADDITIONAL 14 DAYS TO FILE MOTIONS FOR RULE 29 MOTIONS FOR ACQUITTAL AND RULE 33 MOTIONS FOR NEW TRIAL by CHRISTOPHER ALBERTS. (Pierce, John) Modified text on 5/4/2023 (zstd). (Entered: 05/03/2023) |
| 05/05/2023 | | MINUTE ORDER as to CHRISTOPHER ALBERTS (1): The Court hereby grants 150 Defendant's Motion for Extension of Time. A Motion for a Judgment of Acquittal under Federal Rule of Criminal Procedure 29 and a Motion for a New Trial under Rule 33 shall be filed by May 18, 2023. Signed by Judge Christopher R. Cooper on 05/05/2023. (lccrc3) (Entered: 05/05/2023) |
| 05/17/2023 | 151 | TRANSCRIPT OF JURY TRIAL in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 12, 2023. Page Numbers: 85 − 222. Date of Issuance: May 17, 2023. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Hook, Jeff) (Entered: 05/17/2023) |
| 05/17/2023 | 152 | TRANSCRIPT OF JURY TRIAL − MORNING SESSION in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 13, 2023; Page Numbers: 223−373. Date of Issuance:May 17, 2023. Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Moreira, Lisa) (Entered: 05/17/2023) |
| 05/17/2023 | <u>153</u> | TRANSCRIPT OF JURY TRIAL in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 13, 2023. Page Numbers: 374 – 503. Date of Issuance: May 17, 2023. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Hook, Jeff) (Entered: 05/17/2023) |
| 05/17/2023 | <u>154</u> | TRANSCRIPT OF JURY TRIAL – MORNING SESSION in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 14, 2023; Page Numbers: 504–646. Date of Issuance:May 17, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court |

| | | |
|---|---|---|
| | | reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Moreira, Lisa) (Entered: 05/17/2023) |
| 05/17/2023 | 155 | TRANSCRIPT OF JURY TRIAL in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 14, 2023. Page Numbers: 647 – 727. Date of Issuance: May 17, 2023. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Hook, Jeff) (Entered: 05/17/2023) |
| 05/17/2023 | 156 | TRANSCRIPT OF JURY TRIAL − MORNING SESSION in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 17, 2023; Page Numbers: 728−885. Date of Issuance:May 17, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our |

| | | |
|---|---|---|
| | | website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Moreira, Lisa) (Entered: 05/17/2023) |
| 05/17/2023 | 157 | TRANSCRIPT OF JURY TRIAL in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 17, 2023. Page Numbers: 886 – 998. Date of Issuance: May 17, 2023. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Hook, Jeff) (Entered: 05/17/2023) |
| 05/17/2023 | 158 | TRANSCRIPT OF JURY TRIAL – MORNING SESSION in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 18, 2023; Page Numbers: 999–1139. Date of Issuance:May 17, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Moreira, Lisa) (Entered: 05/17/2023) |
| 05/17/2023 | 159 | TRANSCRIPT OF JURY TRIAL in case as to CHRISTOPHER ALBERTS before Judge Christopher R. Cooper held on April 18, 2023. Page Numbers: 1140 – 1246. |

| | | |
|---|---|---|
| | | Date of Issuance: May 17, 2023. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2023. Redacted Transcript Deadline set for 6/17/2023. Release of Transcript Restriction set for 8/15/2023.(Hook, Jeff) (Entered: 05/17/2023) |
| 05/18/2023 | <u>160</u> | MOTION pursuant to Rule 33 for new trial *and,* MOTION for Acquittal *under Rule 29 of the Fed R of Crim Procedure* by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 05/18/2023) |
| 06/06/2023 | | MINUTE ORDER as to CHRISTOPHER ALBERTS: The Court hereby directs the government to file any opposition to <u>160</u> Defendant's motion under Rules 29 and 33 by June 16, 2023. Signed by Judge Christopher R. Cooper on 06/06/2023. (lccrc3) (Entered: 06/06/2023) |
| 06/13/2023 | <u>161</u> | Memorandum in Opposition by USA as to CHRISTOPHER ALBERTS re <u>160</u> Motion pursuant to Rule 33 for new trial, Motion for Acquittal (Konig, Jordan) (Entered: 06/13/2023) |
| 06/16/2023 | <u>163</u> | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to CHRISTOPHER ALBERTS (Dalke, Samuel) (Entered: 06/16/2023) |
| 06/21/2023 | <u>164</u> | NOTICE *of Objections to PreSentence Report* by CHRISTOPHER ALBERTS (Roots, Roger) (Entered: 06/21/2023) |
| 07/10/2023 | <u>166</u> | MOTION to Continue *Sentencing Hearing and Memorandum Deadlines for Medical Appointment* by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 07/10/2023) |
| 07/11/2023 | <u>167</u> | REPLY TO OPPOSITION to Motion by CHRISTOPHER ALBERTS re <u>160</u> MOTION pursuant to Rule 33 for new trial *and* MOTION for Acquittal *under Rule 29 of the Fed R of Crim Procedure* (Roots, Roger) (Entered: 07/11/2023) |
| 07/11/2023 | | MINUTE ORDER as to CHRISTOPHER ALBERTS (1) denying <u>166</u> Defendant's Motion to Continue Sentencing. Defendant has not shown good cause to continue the July 19, 2023 sentencing hearing, which has been scheduled for nearly three months, based on a medical appointment concerning an unspecified condition two days after the scheduled hearing. Defendant's Motion to Continue is therefore DENIED. Sentencing will remain on July 19. Sentencing memoranda are still due July 12. SO ORDERED by Judge Christopher R. Cooper on 07/11/2023. (lccrc3) (Entered: 07/11/2023) |

| 07/12/2023 | 168 | SENTENCING MEMORANDUM by USA as to CHRISTOPHER ALBERTS (Nohria, Shalin) (Entered: 07/12/2023) |
|---|---|---|
| 07/12/2023 | 171 | SENTENCING MEMORANDUM by CHRISTOPHER ALBERTS (Pierce, John) (Entered: 07/12/2023) |
| 07/17/2023 | 173 | SUPPLEMENT by CHRISTOPHER ALBERTS re 171 Sentencing Memorandum (Pierce, John) Modified text and to add link on 7/18/2023 (zstd). (Entered: 07/17/2023) |
| 07/17/2023 | 175 | Renewed MOTION for Continuance by CHRISTOPHER ALBERTS. (See docket entry 173 to view document.) (zstd) (Entered: 07/18/2023) |
| 07/18/2023 | | MINUTE ORDER granting 174 Sealed Motion to File Medical Records Under Seal (This document is SEALED and only available to authorized persons.) as to CHRISTOPHER ALBERTS (1). Signed by Judge Christopher R. Cooper on 07/18/2023. (lccrc3) (Entered: 07/18/2023) |
| 07/18/2023 | | MINUTE ORDER denying 175 Defendant's Motion to Continue Sentencing as to CHRISTOPHER ALBERTS (1). Signed by Judge Christopher R. Cooper on 07/18/2023. (lccrc3) (Entered: 07/18/2023) |
| 07/18/2023 | 178 | OPINION AND ORDER as to CHRISTOPHER ALBERTS denying 160 Defendant's Motion for Acquittal and for a New Trial. See full Opinion and Order for details. Signed by Judge Christopher R. Cooper on 07/18/2023. (lccrc3) (Entered: 07/18/2023) |
| 07/19/2023 | | MINUTE ORDER granting 177 Government's Sealed Motion for Leave to File Document Under Seal (This document is SEALED and only available to authorized persons.) as to CHRISTOPHER ALBERTS (1). Signed by Judge Christopher R. Cooper on 07/19/2023. (lccrc3) (Entered: 07/19/2023) |
| 07/19/2023 | 179 | UNSEALED PURSUANT TO ORDER OF COURT ON 7/19/2023.....SEALED DOCUMENT (Victim Impact Statement) filed by USA as to CHRISTOPHER ALBERTS(This document is SEALED and only available to authorized persons.) (zstd) Modified on 7/19/2023 (lsj). (Entered: 07/19/2023) |
| 07/19/2023 | 180 | MOTION for Leave to Appear by Telephone *or videoconference technology for sentencing hearing* by CHRISTOPHER ALBERTS. (Pierce, John) (Entered: 07/19/2023) |
| 07/19/2023 | | Minute Entry for Sentencing held before Judge Christopher R. Cooper on 7/19/2023 as to CHRISTOPHER ALBERTS. Defendant's Motion 180 for Leave to Appear by Telephone or Videoconferencing Technology for Sentencing Hearing is DENIED as MOOT. It is the judgment of the court, that the Defendant is hereby committed to the custody of the Bureau of Prisons for a term of 84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss through 9ss. The Defendant is further sentenced to serve a concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss. In addition, the Defendant shall pay a $645 special assessment which consists of $100 on each of Counts 1ss through 4ss, 6ss and 9ss; $25 as to Count 5ss; and $10 as to Counts 7ss and 8ss and to pay a $2,000 restitution. It is further ORDERED that the Clerk of the Court shall unseal Victim Impact Statement 179 . Bond Status of Defendant: personal recognizance; |

|  |  | Court Reporter: Lisa Moreira; Defense Attorneys: Roger Roots and John M. Pierce; US Attorneys: Shalin Nohria and Jordan Andrew Konig; Probation Officer: Hana Field; Government Witness: Officer Stephen Sherman; Defense Witnesses: Georgina Miller, Christine Miller and Melissa Miller. (lsj) Modified on 7/20/2023 (lsj). Modified on 7/31/2023 (zlsj). (Entered: 07/19/2023) |
|---|---|---|
| 07/27/2023 | 181 | JUDGMENT as to CHRISTOPHER ALBERTS. Statement of Reasons Not Included. Signed by Judge Christopher R. Cooper on 7/27/2023. (zstd) (Main Document 181 replaced on 8/2/2023) (zstd). (Entered: 07/31/2023) |
| 07/27/2023 | 182 | STATEMENT OF REASONS as to CHRISTOPHER ALBERTS re 181 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Christopher R. Cooper on 7/27/2023. (zstd) (Entered: 07/31/2023) |
| 07/31/2023 |  | NOTICE OF ERROR as to CHRISTOPHER ALBERTS regarding 183 Notice of Appeal – Final Judgment. The following error(s) need correction: The Appeal needs to be signed and dated by the Appellant and Attorney for Appellant and filing fee of $505 needs to be paid. (zstd) (Entered: 08/01/2023) |
| 08/08/2023 | 184 | NOTICE OF APPEAL – Final Judgment by CHRISTOPHER ALBERTS Filing fee $ 505, receipt number ADCDC–10260395. Fee Status: Fee Paid. Parties have been notified. (Pierce, John) (Entered: 08/08/2023) |

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA )
)
vs. )            Criminal No. 1:21-CR-26(CRC)
)
CHRISTOPHER ALBERTS )

## NOTICE OF APPEAL

Name and address of appellant:

**CHRISTOPHER ALBERTS**
4706 Fawn Grove Rd
Pylesville, MD, 21132

Name and address of appellant's attorney:

John M. Pierce
JOHN PIERCE LAW
21550 Oxnard Street, 3rd Floor, PMB #172
Woodland Hills, CA 91367
213-400-0725
Email: jpierce@johnpiercelaw.com

Offense:   9 Counts: 18 USC 231(a),111(a) ; 1752(a)(1); 1752(a)(2); 1752(a)(4); 40 USC 5104....

Concise statement of judgment or order, giving date, and any sentence:

Conviction on April 19, 2023, from trial April 11 through 19, 2023  and sentencing on
July 19, 2023 (by Minute Order, no formal Judgment appearing on record); denial of
Rule 29 Motion

Name and institution where now confined, if not on bail:

I, the above named appellant, hereby appeal to the United States Court of Appeals for the
District of Columbia Circuit from the above-stated judgment.

Aug 6, 2023
_____          Christopher alberts (Aug 6, 2023 10:01 EDT)
DATE                                     APPELLANT
                                         John M. Pierce
                                         ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE        [ ]
CJA, NO FEE                 [ ]
PAID USDC FEE               [✓]
PAID USCA FEE               [✓]
Does counsel wish to appear on appeal?                    YES [ ]      NO [ ]
Has counsel ordered transcripts?                          YES [✓]      NO [ ]
Is this appeal pursuant to the 1984 Sentencing Reform Act? YES [ ]      NO [ ]

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| CHRISTOPHER ALBERTS | Case Number:  21-CR-26 (CRC) |
| | USM Number:  24681-509 |
| | John M. Pierce and Roger Roots |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1ss through 9ss of the Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 231(a)(3) | Civil Disorder | 1/6/2021 | 1ss |
| 18 USC § 111(a)(1) | Assaulting, Resisting, or Impeding Certain Officers | 1/6/2021 | 2ss |
| 18 USC §§ 1752(a)(1) | Entering and Remaining in a Restricted Building or Grounds | 1/6/2021 | 3ss |

The defendant is sentenced as provided in pages 2 through ____8____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/19/2023
Date of Imposition of Judgment

Signature of Judge

Honorable Christopher R. Cooper, U.S.D.C. Judge
Name and Title of Judge

7/27/23
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page   2   of   8

DEFENDANT:  CHRISTOPHER ALBERTS
CASE NUMBER:  21-CR-26 (CRC)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| and 1752(b)(1)(A) | with a Deadly or Dangerous Weapon or Firearm | | |
| 18 USC §§ 1752(a)(2) and 1752(b)(1)(A) | Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon or Firearm | 1/6/2021 | 4ss |
| 18 USC §§ 1752(a)(4) | Engaging in Physical Violence in a Restricted Building or Grounds | 1/6/2021 | 5ss |
| 40 USC § 5104(e)(1)(A)(i) | Unlawful Possession of a Firearm on Capitol Grounds or Buildings | 1/6/2021 | 6ss |
| 40 USC § 5104(e)(2)(D) | Disorderly Conduct in a Capitol Building | 1/6/2021 | 7ss |
| 40 USC § 5104(e)(2)(F) | Act of Physical Violence in the Capitol Grounds or Buildings | 1/6/2021 | 8ss |
| 22 DCC § 4504(a) | Carrying a Pistol Without a License [Outside Home or Business] | 1/6/2021 | 9ss |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:  CHRISTOPHER ALBERTS
CASE NUMBER:  21-CR-26 (CRC)

Judgment — Page <u>3</u> of <u>8</u>

## IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

84 months, which consists of concurrent terms of 84 months as to Counts 2ss, 3ss and 4ss; 60 months as to Counts 1ss and 6ss; 12 months as to Count 5ss; and 6 months as to Counts 7ss through 9ss.

☑ The court makes the following recommendations to the Bureau of Prisons:

    Placement at a facility as close to Maryland as possible, to be close to family.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

|  |  |  |  |
|---|---|---|---|
| Judgment—Page | 4 | of | 8 |

DEFENDANT:   CHRISTOPHER ALBERTS
CASE NUMBER:   21-CR-26 (CRC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

A concurrent 36 month (3 year) term of supervised release which consists of 36 months (3 years) as to Counts 1ss through 4ss, 6ss and 9ss; and 12 months as to Count 5ss.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you
            pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
            restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
            directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
            reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| Judgment—Page | 5 | of | 8 |

DEFENDANT: CHRISTOPHER ALBERTS
CASE NUMBER: 21-CR-26 (CRC)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3B — Supervised Release

DEFENDANT:  CHRISTOPHER ALBERTS
CASE NUMBER:  21-CR-26 (CRC)

Judgment—Page ___6___ of ___8___

## ADDITIONAL SUPERVISED RELEASE TERMS

You shall comply with the following special conditions:

1. Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

2. Financial Restrictions - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3. Substance Abuse Testing - You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

4. Mental Health Assessment - You must participate in a mental health assessment and based off of that assessment, the Probation Officer will determine whether a treatment condition should be recommended.

You are ordered to make restitution to the Architect of the Capitol in the amount of $2,000. Restitution payments shall be made to the Clerk of the Court for the United States District Court, District of Columbia.

Payment Schedule - Having assessed the defendant's ability to pay, payment of the restitution is due as follows:

-- Payment in equal monthly installments of $100 over the period of 20 months.

The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

As to Count Nine, the financial obligations are immediately payable to the District of Columbia Superior Court, Attn: Budget and Finance Office, 500 Indiana Avenue, NW, Suite 4002, Washington, DC 20001, for deposit into the Crime Victims Compensation Fund. 4 DCC § 516 (Victims of Violent Crime Compensation Emergency Amendment Act of 1996). Within 30 days of any change of address, you shall notify the Budget & Finance Office of DC Courts of the change until such time as the financial obligation is paid in full.

The Probation Office shall release the presentence investigation report to all appropriate agencies, which includes the United States Probation Office in the approved district of residence, in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

NOTICE OF APPEAL

You have the right to appeal your conviction(s) of guilt to the U.S. Court of Appeals for the D.C. Circuit.

Pursuant to 18 U.S.C. § 3742(a), you also have a statutory right to appeal your sentence to the D.C. Circuit under certain circumstances, including if you think the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines or is more severe than the maximum established in the guideline range. You may also appeal your sentence if you believe you received ineffective assistance of counsel at sentencing.

Pursuant to 28 U.S.C. § 2255, you also have the right to challenge the conviction entered or sentence imposed, to the extent permitted by that statute.

Any notice of appeal must be filed within fourteen days of the entry of judgment or within fourteen days of the filing of a notice of appeal by the government. If you are unable to afford the cost of an appeal, you may request permission from the Court to file an appeal without cost to you. On appeal, you may also apply for court-appointed counsel.

AO 245B (Rev. 09/19)  Case 1:21-cr-00026-CRC  Document 185  Filed 08/08/23  Page 44 of 60
Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: CHRISTOPHER ALBERTS
CASE NUMBER: 21-CR-26 (CRC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 645.00 | $ 2,000.00 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Restitution payments shall be made to the | | | |
| Clerk of the Court for the United States | | | |
| District Court, District of Columbia for | | | |
| disbursement to the following victim: | | | |
| | | | |
| Architect of the Capitol | | $2,000.00 | |
| Office of the Chief Financial Officer | | | |
| Ford House Office Building | | | |
| Room H22-205B | | | |
| Washington, DC 20515 | | | |
| | | | |
| TOTALS | $                0.00 | $            2,000.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑  the interest requirement is waived for the    ☐ fine  ☑ restitution.

  ☐  the interest requirement for the    ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Case 1:21-cr-00026-CRC   Document 185   Filed 08/08/23   Page 45 of 60
Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: CHRISTOPHER ALBERTS
CASE NUMBER: 21-CR-26 (CRC)

Judgment — Page __8__ of __8__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __2,645.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

     SEE PAGE 6 FOR PAYMENT DETAILS

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*     Total Amount     Joint and Several Amount     Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                    v.                              Case No. 21-cr-26 (CRC)

CHRISTOPHER ALBERTS,

                    Defendant.

## OPINION AND ORDER

Earlier this year, a jury convicted Defendant Christopher Alberts on nine counts related to his conduct at the U.S. Capitol on January 6, 2021.  Donning a gas mask and body armor and carrying two knives and a 9mm pistol, Mr. Alberts was one of the first rioters to overwhelm law enforcement officers on the stairway to the Upper West Terrace of the Capitol, leading to the initial breach of the building through the Senate Wing doors just after 2 pm.  Alberts moved for a judgment of acquittal at the close of the government's case.  He now renews that motion and requests a new trial as well.  Alberts lodges a medley of challenges to his convictions, several of which the Court has rebuffed previously.  Among other claims, Alberts disputes the sufficiency of the evidence supporting his convictions on four firearms charges, reiterates his pre-trial argument that the Second Amendment bars the gun charges, and contends the Court erroneously denied his request for jury instructions on the First Amendment and self-defense, and barred him from calling an expert witness on the use of force by law enforcement.  The Court rejects each of Alberts's challenges and sustains his convictions.

### I.    Background

Mr. Alberts spent over six hours on the grounds of the U.S. Capitol on January 6, 2021 before he was arrested around 7:20 p.m. in a Pennsylvania Avenue parking lot within the

building's restricted perimeter.  Trial Tr. at 114–17 (Apr. 12, 2023 p.m.).  During the arrest,

police seized a loaded 9mm pistol equipped with a twelve-round capacity magazine, as well as

an additional large-capacity magazine, from Alberts's person.  Id. at 115–16, 120.

      In November 2021, a grand jury issued a second superseding indictment charging Alberts

with ten counts.  Second Superseding Indictment, ECF No. 34.  The government later dismissed

one of the counts, for possession of a large-capacity magazine in violation of D.C. law.  Consent

Mot. Dismiss Count 10, ECF No. 80.  Alberts stood trial in April on the remaining counts:

- Count 1:  Civil disorder in violation of 18 U.S.C. § 231(a)(3).

- Count 2:  Assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1).

- Count 3:  Entering and remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 1752(a)(1), 1752(b)(1)(A).

- Count 4:  Disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 1752(a)(2), 1752(b)(1)(A).

- Count 5:  Engaging in physical violence in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4).

- Count 6:  Unlawful possession of a firearm on Capitol grounds or buildings in violation of 40 U.S.C. § 5104(e)(1)(A)(i).

- Count 7:  Disorderly conduct in a Capitol building or grounds in violation of 40 U.S.C. § 5104(e)(2)(D).

- Count 8:  Act of physical violence in the Capitol grounds or buildings in violation of 40 U.S.C. § 5104(e)(2)(F).

- Count 9:  Carrying a pistol without a license (outside the home or place of business) in violation of D.C. Code § 22-4504(a).

      At trial, the government introduced over one hundred exhibits.  This evidence included

body-worn camera footage of Alberts's arrest, still images and videos depicting his overall

movements around the Capitol grounds, and nearly a dozen physical items found in Mr.

Alberts's possession on January 6, including his pistol, two knives, an armored vest, and a gas mask.  The jury also heard from eight government witnesses, all members of law enforcement.  Former Washington, D.C. Metropolitan Police Department ("MPD") Officer Dallan Haynes testified to finding the pistol and ammunition upon Alberts's arrest, and members of the U.S. Capitol Police—former Officer Shauni Kerkhoff and Sergeant Adam DesCamp—recounted Mr. Alberts's confrontation with officers on the northwest stairwell of the Capitol, during which Alberts used a wooden construction pallet in an effort to breach a police line at the top of the stairs.

After the government's presentation of evidence, Alberts moved for a judgment of acquittal.  The Court reserved decision on the motion until after the jury verdict.  The defense then put on its case, introducing fifteen exhibits and calling four witnesses—two character witnesses, Alberts's girlfriend and another acquaintance; a summary witness, Jonathan David Sumrall, who was also on the Capitol grounds on January 6 and testified about his relevant observations; and the defendant himself.  The jury ultimately returned a verdict of guilty on all nine counts.  It also found that Alberts possessed a deadly or dangerous weapon or a firearm while on Capitol grounds, which enhanced the punishment Alberts faced on Counts 3 and 4.  See 18 U.S.C. § 1752(b)(1)(A).  Alberts subsequently filed this motion for acquittal and a new trial under Federal Rules of Criminal Procedure 29 and 33.  Def.'s Mot. Acquittal and New Trial ("Mot."), ECF No. 160.

## II.   Legal Standards

### A.   Rule 29 Motion for Acquittal

Under Federal Rule of Criminal Procedure 29(a), the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R.

Crim. Pro. 29(a).  Substantial deference is given to the verdict, and the Court must give "full play" to the jury's right to "determine credibility, weigh the evidence and draw justifiable inferences of fact."  United States v. Branham, 515 F.3d 1268, 1273 (D.C. Cir. 2008) (cleaned up).  The motion for acquittal must be denied, and the jury verdict accepted, where "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. (quoting United States v. Arrington, 309 F.3d 40, 48 (D.C. Cir. 2002)).  The "prosecution's evidence is to be viewed in the light most favorable to the government."  Id. (cleaned up).

   B.  Rule 33 Motion for a New Trial

   Meanwhile, under Federal Rule of Criminal Procedure 33(a), the Court may "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. Pro. 33(a).  Trial courts have "broad discretion" when ruling on a motion for a new trial.  United States v. Wheeler, 753 F.3d 200, 208 (D.C. Cir. 2014).  Rule 33 motions, however, are difficult to win.  The defendant must "overcome a strong presumption . . . in favor of upholding the jury verdict."  United States v. Rogers, 918 F.2d 207, 213 (D.C. Cir. 1990) (quotation omitted).  Only a "serious miscarriage of justice" warrants a new trial.  Wheeler, 753 F.3d at 208 (quoting Rogers, 918 F.2d at 213).

**III.  Analysis**

   Alberts lumps his arguments under both Rule 29 and Rule 33.  For the sake of clarity, the Court will distinguish the challenges alleging insufficiency of the evidence (Rule 29) from those alleging an injustice requiring a new trial (Rule 33).

A. <u>Sufficiency of the Evidence</u>

*1. Firearms charges*

Alberts first challenges the sufficiency of the evidence for his convictions on the firearms-related charges in Counts 3, 4, 6, and 9.  Mot. at 7–8.  He first claims that acquittal is required because, while he "wore a pistol and ammunition" on January 6, the Government did not present evidence that he either "misused, abused, or improperly displayed the firearm."  Id. at 8–9.  But none of the statutes of conviction require that Alberts use the gun in any way.  The firearm enhancement to Counts 3 and 4 applies when "the person, during and in relation to the offense, uses *or carries* a . . . firearm."  18 U.S.C. § 1752(b)(1)(A).  The statute underlying Count 6 makes it unlawful to "*carry* . . . or have readily accessible" a firearm on the Capitol grounds.  40 U.S.C. § 5104(e)(1)(A)(i).  And District of Columbia Code § 22-4504(a), under which Alberts was charged in Count 9, states that "[n]o person shall *carry* within the District of Columbia . . . a pistol, without a license issued pursuant to District of Columbia law."  Alberts concedes in his motion and readily admitted at trial that he knowingly carried an unlicensed gun throughout the day on January 6.  Trial Tr. at 916–20, 958, 962 (Apr. 17, 2023 p.m.); Trial Tr. at 559 (Apr. 14, 2023 a.m.).  No more was required to obtain convictions on the four firearms charges.

*2. Charges Based on Presence in Restricted and Capitol Grounds*

Next, Alberts objects to the sufficiency of the evidence as to his presence on Capitol or restricted grounds on January 6.[1]  Mot. at 10–11.  Three of Alberts's convictions—those under

---

[1]  Alberts also contends that the prosecution did not show that he was in a "sensitive place" where his gun possession could be limited.  Mot. at 11.  On a Rule 29 motion, only the sufficiency of the evidence regarding Alberts's location on restricted and Capitol grounds is properly considered.  As the Court discusses below, whether a location can be deemed a "sensitive place" for Second Amendment purposes is a question of law, and need not be proven

5

Counts 3, 4, and 5—prohibit specific conduct "in a restricted building or grounds."  See 18

U.S.C. §§ 1752(a)(1), 1752(a)(2), 1752(a)(4).  Meanwhile, Counts 6, 7, and 8 relate to actions on

or in Capitol grounds, as that term is defined by statute.  See 40 U.S.C. §§ 5104(e)(1)(A)(i);

5104(e)(2)(D); 5104(e)(2)(F).

      The crux of Alberts's challenge is that the prosecution "produced no evidence (other than

mere testimony of biased officers)" that the Pennsylvania Avenue parking area, where he was

arrested, "was posted as part of Capitol grounds."  Mot. at 10–11 (cleaned up).  Capitol grounds

are defined by law and the official map of the grounds was shown to the jury at trial.  Trial Tr. at

326–28 (Apr. 13, 2023 a.m.); see also Gov't Ex. 805.  U.S. Capitol Police Captain Jessica

Baboulis also testified that both the northwest steps and the Pennsylvania Avenue parking lot

where Alberts was arrested lie within the bounds of the Capitol grounds.  Trial Tr. at 185 (Apr.

12, 2023 p.m.).

      The government also proved Alberts's presence on restricted grounds, as relevant to

Counts 3, 4, and 5.  A "restricted buildings or grounds" is defined as any "posted, cordoned off,

or otherwise restricted area . . . of a building or grounds where the President or other person

protected by the Secret Service is or will be temporarily visiting."  18 U.S.C. § 1752(c)(1).  Trial

evidence showed Alberts within "the cordoned-off area" of the Upper West Terrace, mere steps

away from the Capitol Building, on a day when former Vice President Pence was temporarily

visiting.  See Opp'n Mot. Acquittal and New Trial ("Opp'n") at 10, ECF No. 161; Trial Tr. at

954–58 (Apr. 17, 2023 p.m.); Trial Tr. at 455–58 (Apr. 13, 2023 p.m.); Gov't Exs. 409–15.

---

at trial.  The Court thus limits its analysis here to the factual question of whether Alberts entered
restricted or Capitol grounds.

In the oral motion for judgment of acquittal at the close of the government's case, defense counsel argued that the government had failed to show that Alberts knew that he was not authorized to be on Capitol or restricted grounds. Trial Tr. at 688–90 (Apr. 14, 2023 p.m.). Counsel claimed that, at most, the government had "laid out some maps and some statutes and some public law type things" that may dictate "who has jurisdiction over mowing the grass" and "picking up the trash." Id. For a trespass-type criminal charge, counsel suggested, the government needed to meet a higher standard of showing unlawful entry. Id.

But the jury was presented with substantial evidence that Alberts knew the Capitol was not open to the general public on January 6. Captain Baboulis described the barriers that were in place along the perimeter of the Capitol complex ahead of the election certification, including "area closed" signage, the Olmsted wall, and layers of linked bike racks and snow fencing. Trial Tr. at 188–90 (Apr. 12, 2023 p.m.); Gov't Exs. 804, 806, 808, 809, 810. And Alberts himself testified to arriving on the northwest steps around 1:48 p.m. and climbing a bicycle rack that was leaning against the steps. Trial Tr. at 934 (Apr. 17, 2023 p.m.). He also testified to seeing officers, including some in riot gear, use pepper balls and other projectiles to disperse the crowd. Id. at 927–29, 932–33. Despite this commotion, Alberts ascended the steps, eventually reaching the law enforcement officers at the top. Id. at 936, 943–46. When asked by the prosecution if he was "welcomed" at the top of the steps landing, Alberts conceded that he "wasn't welcomed anywhere on the Capitol grounds obviously." Id. at 944. The jury also heard testimony from Officer Kerkhoff, who recounted that she and other officers at the top of the stairs were commanding the rioters to "get back, get down, stop" and were using riot control tools to counter the crowd. Trial Tr. at 392–93 (Apr. 13, 2023 p.m.). The officers' testimony and video footage from their vantage point, coupled with Alberts's own admission about not being welcomed on

7

the Capitol, easily supported the jury's conclusion that Alberts knew he was not authorized to be in the Capitol complex.

### 3. Sufficiency of the Evidence as to All Counts

While Alberts does not specifically challenge the remaining elements of his convictions, the court will nonetheless briefly address why the evidence supports all nine convictions in their entirety.

In addition to the two elements recited above—proof of firearm possession and of unlawful presence in Capitol and restricted grounds—Counts 4, 5, 7, and 8 also require proof beyond a reasonable doubt that Alberts (1) intentionally, willfully, and knowingly engaged in disorderly or disruptive conduct that would (and did) impede or disrupt the orderly conduct of Government business (i.e., Congress's certification of the 2020 Presidential election results) and of a session of Congress or either House of Congress; and (2) willfully and knowingly engaged in an act of physical violence against any person or property.

Dressed in body armor and carrying assorted military paraphernalia, Alberts donned his gas mask and joined dozens of other rioters at the northwest steps of the Capitol around 1:48 p.m.  Trial Tr. at 395, 401 (Apr. 13, 2023 p.m.); Trial Tr. at 932, 934, 949 (Apr. 17, 2023 p.m.). Aided by his protective gear and a wooden construction pallet, Alberts advanced up the steps and confronted officers on the landing area.  Trial Tr. at 410–12 (Apr. 13, 2023 p.m.).  The government proved at trial that, around 1:54 p.m., Alberts made physical contact with police officers while wielding the pallet.  Id. at 400–01, 408–12; Gov't Exs. 411–15.  Officer Kerkhoff testified to Alberts "grabbing [an] officer," pushing forward, and "clearly assaulting him."  Trial Tr. at 410–12 (Apr. 13, 2023 p.m.); Gov't Exs. 411–15.  Likening the scene to a "domestic war zone," Officer Kerkhoff recounted how rioters ultimately breached her line of officers.  Trial Tr.

at 414–15 (Apr. 13, 2023 p.m.).  Alberts was among the first rioters in this area to reach the

Upper West Terrace of the Capitol.  Trial Tr. at 600–01, 622–23 (Apr. 14, 2023 a.m.); Trial Tr.

at 428 (Apr. 13, 2023 p.m.).  Referencing video footage, Officer Bennett testified that while on

the terrace, Alberts exclaimed that it was "his duty to overthrow the government."  Trial Tr. at

520 (Apr. 14, 2023 a.m.).

As a result of the January 6 breach of the Capitol complex, and the accompanying riot,

members of Congress were evacuated, work taking place in the House and Senate chambers

ceased, and the election certification was delayed until late that night.  Trial Tr. at 251–54 (Apr.

13, 2023 a.m.).  Considering this evidence alongside the legal instructions given by the Court,

the jury reasonably found that Alberts engaged in disorderly or disruptive conduct that disrupted

Congress and government business, and that he engaged in physical violence, either against law

enforcement or against the Capitol complex as a whole, through his role in the riot.

Moving to Counts 1 and 2, the former requires showing that the defendant knowingly

interfered with law enforcement officers carrying out their official duties incident to a civil

disorder, where the disorder adversely affected commerce or the performance of a federally

protected function.  The latter, which makes it unlawful to forcibly, voluntarily, and intentionally

assault, resist, impede, or interfere with certain officers engaged in official duties, also requires

that the defendant have either made physical contact with the officer or acted with the intent to

commit another felony.  The trial evidence was more than sufficient to support both counts.

As noted, the prosecution presented ample evidence that Alberts "interfered" with and

"impeded" Capitol police officers on the northwest steps from protecting the Capitol grounds,

and Capitol employees, from the civil disorder taking place around them.  Contrary to Alberts's

assertion, conviction on Count 2 does not require evidence of assault.  "Resisting" or "impeding"

9

an officer is sufficient.  The evidence showed both that Alberts made physical contact with an officer, and that he interfered with an officer while committing another felony, which includes Counts 3 and 4.  Alberts, moreover, admitted to knowing that the individuals stationed at the steps were law enforcement officers.  Trial Tr. at 932–33 (Apr. 17, 2023 p.m.).

The government also proved the interstate commerce element of Count 1 with evidence showing the sales impact of the January 6 riot on Safeway grocery stores in the District.  Trial Tr. at 582–85 (Apr. 14, 2023 a.m.); Gov't Ex. 1003.  While Alberts challenged this evidence at trial, Trial Tr. at 687–88 (Apr. 14, 2023 p.m.), the jury could have reasonably found a negative effect on commerce based on the Safeway business records introduced by the government.  In any case, the jury could have alternatively found that the January 6 riot affected the performance of a federally protected function, such as the work of law enforcement that day.

  B. <u>Rule 33 Motion for a New Trial</u>

The Court turns next to Alberts's motion for a new trial.

*1. Second Amendment Challenge to Counts 3, 4, 6, and 9*

Alberts reiterates his argument, which was raised and rejected prior to trial, that under the Supreme Court's decision in <u>N.Y. State Rifle & Pistol Ass'n. v. Bruen</u>, 142 S. Ct. 2111 (2022), his possession of a loaded, unlicensed pistol on Capitol grounds was protected by the Second Amendment.  Mot. at 8.  He is again mistaken.  In fact, <u>Bruen</u> affirmed that laws limiting the carrying of guns in "sensitive places," including "legislative assemblies," are constitutionally permissible.  142 S. Ct. at 2133–34.  The two federal statutes banning gun possession on Capitol or restricted grounds—underlying Counts 3, 4, and 6—both implicate sensitive places.  <u>See</u> Mem. Op. & Order at 5–6, ECF No. 77 ("Surely restricted areas where the President or other Secret Service protectees are visiting, and areas of the Capitol within range of lawmakers,

10

qualify as 'sensitive places.'").  The Court is also bound by the D.C. Circuit's holding in United States v. Class, which rejected an as-applied Second Amendment challenge to one of the laws under which Alberts was convicted, 40 U.S.C. § 5104(e), which makes it unlawful to possess a firearm on Capitol grounds.  930 F.3d 460, 463 (D.C. Cir. 2019).

The D.C. law underlying Count 9 is constitutional, too.  As Justice Kavanaugh explained, Bruen left intact "shall issue" licensing regimes and did not "prohibit States from imposing licensing requirements for carrying a handgun for self-defense."  Mem. Op. & Order at 7 (citing Bruen, 142 S. Ct. at 2161 (Kavanaugh, J., concurring)).  Alberts thus has no right to carry an *unlicensed* pistol in the District, at least not currently.  Accordingly, none of the challenged gun statutes are unconstitutional as applied to Alberts's conduct.

### 2. Determination of "Sensitive Places"

Continuing the Bruen theme, Alberts next asserts that "whether the area where [he] possessed a gun was a 'sensitive place' where [he] could be constitutionally punished for possessing firearms" is a question for the jury.  Mot. at 11.  But Bruen explicitly referenced *courts*, not juries, as the proper arbiters of whether a regulation concerns a "sensitive place."  See 142 S. Ct. at 2133 ("*[C]ourts* can use analogies to those historical regulations of "sensitive places" to determine that modern regulations prohibiting the carry of firearms in new and analogous sensitive places are constitutionally permissible."  (emphasis added)).  And the D.C. Circuit's ruling in United States v. Class, which binds this Court, found that the Maryland Avenue parking lot on Capitol grounds, opposite the Pennsylvania Avenue lot, qualified as a "sensitive area."  930 F.3d 460, 463 (D.C. Cir. 2019).  Alberts therefore was not entitled to have the jury decide whether the U.S. Capitol is a "sensitive place" for Second Amendment purposes.

11

### 3. Request for a Jury Instruction on the First Amendment

Alberts next argues that the Court improperly denied his request for a jury instruction involving the First Amendment.  Mot. at 12.  He claims that because his conduct "plainly involved joining a massive political protest," the jury was entitled to assess the evidence at trial "under the light of the First Amendment."  Id.  Alberts proposed the following jury instruction at trial:  "You may not use the defendant's protected speech, petitioning, advocacy or expression as support for the government's allegations.  If you find that the defendant's conduct was First Amendment protected speech, expression, or advocacy, you must find the defendant not guilty."  Def.'s Proposed Jury Instructions at 1, ECF No. 130.

To be clear, Alberts was not charged with or convicted for exercising his right to protest in support of the former President.  Nor was he charged with or convicted for any other political advocacy at the Capitol.  Instead, the grand jury indicted him and the trial jury found him guilty because, among other acts, he carried a loaded pistol to the Capitol, rushed a line of law enforcement officers with a wooden pallet, and impeded law enforcement from quelling the riot.

The charges thus do not implicate the First Amendment.  See Mem. Op. & Order at 9–10.  Contrary to Alberts's suggestion, the First Amendment does not immunize physical violence and destructive acts, even if they stem from political demonstrations.  United States v. Gregg, 226 F.3d 253, 267–68 (3d Cir. 2000) ("Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message."); United States v. Bingert, No. 1:21-CR-91-RCL, 2022 WL 1659163, at *14 (D.D.C. May 25, 2022) ("Where demonstrations turn violent, they lose their protected quality as expression under the First Amendment." (cleaned up)).  Alberts was therefore not entitled to his requested jury instruction.

12

### 4. Jury Instruction on Self-Defense

At trial, Alberts urged the Court to instruct the jury on self-defense, arguing that he led rioters up the northwest stairs and confronted law enforcement with the construction pallet only to protect himself and others from what he believes was excessive force on the part of the Capitol Police.  See Trial Tr. at 1097 (Apr. 18, 2023 a.m.); Trial Tr. at 1194–97 (Apr. 18, 2023 p.m.).  The Court declined to give the requested instruction because the evidence did not support it.  Trial Tr. at 1088–89 (Apr. 18, 2023 a.m.).  Alberts now contends the Court's ruling was erroneous.

An individual is "not justified in using force for the purpose of resisting arrest or other performance of duty by a law enforcement officer within the scope of his official duties" unless he is using force to "resist excessive force" by an officer.  United States v. Drapeau, 644 F.3d 646, 653–54 (8th Cir. 2011).  Force is "excessive" if it "was unreasonable or unnecessary under the circumstances."  Id.  As the Court explained based on the evidence presented at trial, no reasonable juror could conclude that the use of "nonlethal pepper spray, tear gas, and plastic projectiles" to impede armed and violent rioters from breaching the Capitol and threatening the lives of lawmakers and their staffs was unreasonable.  Trial Tr. at 1089 (Apr. 18, 2023 a.m.).  Moreover, other than the superficial injuries Alberts testified to, there was no evidence of Alberts suffering or observing "any injuries resulting from [the] use of nonlethal force" when he mounted the northwest stairs.  Id. at 1089.  For that and other reasons explained at trial, Id. at 1088–89, Alberts was not entitled to a self-defense or defense-of-others jury instruction.

### 5. Expert Witness Steven Hill

Finally, Alberts claims that the Court erroneously excluded the testimony of Steven Hill, a purported expert in the fields of "use-of-force, demonstration crowd control, and police civil

liability." Mot. at 12; Notice Def. Expert at 1, ECF No. 119. As an initial matter, Alberts's

expert witness notice was woefully untimely. Trial Tr. at 257 (Apr. 11, 2023 a.m). Defendants

must disclose the use of expert witnesses "sufficiently before trial to provide a fair opportunity

for the government to meet the defendant's evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii). Alberts

submitted notice of his intent to use Mr. Hill's testimony just four days before trial, following the

pre-trial conference, and months after the prosecution's request for reciprocal discovery. Notice

Def. Expert (Apr. 7, 2023); Mot. Exclude Expert Witnesses, Ex. A, ECF No. 123-1.

Mr. Hill's exclusion as an expert witness was appropriate under Federal Rule of Evidence

403 in any case, as any probative value of his testimony would have been substantially

outweighed by the harm likely to result from admission. Alberts suggests that Hill would have

helped justify Alberts's "mild" use of force on January 6. Mot. at 12. Although Hill was not

present on January 6, Alberts claimed that Hill had watched footage of the events and was thus

qualified to shed light on the dynamics between protestors and law enforcement that day. Trial

Tr. at 977 (Apr. 17, 2023 p.m.); Trial Tr. at 1005–08 (Apr. 18, 2023 a.m.). But as the Court

noted at trial, Hill's testimony would have been needlessly cumulative—he would have rehashed

the events on the northwest steps, which the jury had repeatedly seen on video. Trial Tr. at 977

(Apr. 17, 2023 p.m.). Moreover, the relevant question for the jury was not "generally what

happened on January 6th" or "what other people did or experienced," but rather, "what Mr.

Alberts experienced." Trial Tr. at 1007–08 (Apr. 18, 2023 a.m.). And the Court gave the

defense "every opportunity" to "show the jury the full scene of what Mr. Alberts experienced

that day," id., including by permitting his summary witness, Mr. Sumrall, to describe relevant

events at the Capitol from his eyewitness perspective. Mr. Alberts also testified regarding his

own motivations. The jury was able to draw reasonable inferences concerning law

enforcement's response to the riot from the videos and witness testimony.  Moreover, Hill's testimony on use of force would have been largely irrelevant and confusing given that, as explained above, Alberts was not entitled to a jury instruction on self-defense.[2]

## IV.   Conclusion

For these reasons, it is hereby

**ORDERED** that [160] Defendant's Motion for Acquittal and for a New Trial is **DENIED**.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   July 18, 2023

---

[2] In addition to the arguments discussed, Alberts revives his pre-trial challenges to the legal sufficiency and timing of the second superseding indictment.  See Mot. Dismiss, ECF No. 65; Mot. Dismiss for Vindictive and Selective Prosecution ("Second Mot. Dismiss"), ECF No. 66. These challenges are untimely at this stage and lack merit in any event for the reasons the Court has previously explained.  See Mem. Op. & Order at 10–11, 14–15.  Alberts also asserts arguments based on double jeopardy and the rule of lenity.  Mot. at 12–15.  But these arguments reference a different defendant (Kelly Meggs) and charges and conduct not implicated in this case.  The Court assumes this section of Alberts's motion, which is not referenced in his reply brief, was erroneously cut and pasted from a pleading in Mr. Meggs's case, so will not address it here.